1   **Bailey Pinney PC**
    **Shelby L. Clark**, Cal. Bar No. 203606

2   Sclark@wagelawyer.com
    1498 SE Tech Center Place, Suite 290

3   Vancouver, Washington 98683
    Telephone: (800) 882-8351 Fax: (360) 567-3331

4
    **Bonnie Mac Farlane**, Cal. Bar No. 161526

5   BmacFarlane@wagelawyer.com
    720 Howe Avenue, Suite 113

6   Sacramento, CA 95825
    Telephone: (800) 230-5528

7   Fax: (800) 230-5866

8   Attorney for Plaintiff Art Navarro

9               **IN THE UNITED STATES DISTRICT COURT**

10          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11  **Art Navarro,** individually, and on behalf of      Case No. **07    2633**
    all others similarly situated,

12                                                        **PLAINTIFF'S COMPLAINT**
                    Plaintiff,                            **CLASS ACTION**
13
    v.                                                    1.  Failure to Provide Rest Periods;
14                                                        2.  Failure to Provide Meal Periods;
    **The Pep Boys Manny Moe & Jack of**                  3.  Failure to Timely Pay Wages (Late Pay);
15  **California,** a California Corporation, **The**      4.  Failure to Pay Wages;
    **Pep Boys - Manny, Moe & Jack,** a                   5.  Failure to Pay Minimum Wages;
16  Pennsylvania Corporation, and DOES 1-25               6.  Failure to Pay Minimum Wage (29 U.S.C.
    inclusive,                                                § 201 *et seq.*);
17                                                        7.  Failure to Pay Overtime Wages;
                    Defendants.                           8.  Failure to Pay Overtime Wage (29 U.S.C. §
18                                                            201 *et seq.*);
                                                          9.  Failure to Provide Accurate Itemized Wage
19                                                            Statements;
                                                          10. Failure to Pay Wages for "Split Shifts";
20                                                        11. Uniform Violations;
                                                          12. Conversion of Wages; and
21                                                        13. Unlawful Business Practices (Business and
                                                              Professions Code §17200 *et seq.*)
22
                                                          **DEMAND FOR JURY TRIAL**
23

24          Plaintiff Art Navarro (hereinafter, "Plaintiff"), individually and on behalf of others similarly

25  situated, brings this class action and collective action Complaint against Defendants, The Pep Boys

26  Manny Moe & Jack of California, and The Pep Boys – Manny, Moe & Jack, and alleges the

27  following upon information and belief, except as to those allegations concerning Plaintiff, which are

28  alleged upon personal knowledge:

1

## **PRELIMINARY STATEMENT**

2    1.    Plaintiff brings this action on behalf of current and former employees of Defendants to
3    recover wages, including minimum wage and overtime, statutory wages, punitive damages, and
4    liquidated damages, pursuant to California law for Defendants' failure to provide rest periods, failure
5    to provide meal periods, failure to pay for all hours worked, failure to pay overtime and/or
6    "premium" wages, and failure to timely pay wages at the termination of employment, and pursuant
7    to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Hereinafter, "FLSA") for Defendants'
8    failure to pay minimum wage and overtime/ "premium" wages.

9    2.    The Pep Boys Manny Moe & Jack of California is a wholly owned subsidiary of its
10   parent corporation: The Pep Boys – Manny, Moe & Jack (collectively, "Pep Boys"). The Pep Boys –
11   Manny, Moe & Jack is a Pennsylvania corporation with annual sales in excess of $2.2 billion.[1] Pep
12   Boys has 593 stores in 36 states and Puerto Rico. The stores feature an extensive assortment of
13   automotive parts, accessories, tires, and batteries as well as automotive repair and maintenance
14   services. Pep Boys operates 121 stores in California, with each store employing approximately 34
15   employees. Thus, Pep Boys has approximately 4,114 employees per year in California.

16   3.    Pep Boys is an employer whose employees engage in commerce and/or the production
17   of goods for commerce within the meaning of 29 U.S.C. § 203. Pep Boys is also an employer
18   pursuant to California law.

19   4.    Pep Boys requires its employees to work "off the clock," ("off the clock" is defined as
20   work that was unpaid but provided to Pep Boys by Plaintiff and others similarly situated) i.e., Pep
21   Boys requires its employees to begin working before clocking in for their scheduled shift and
22   continue working after clocking out, without compensation, in violation of California law and the
23   FLSA. Pep Boys does not pay wages, including minimum wage and overtime, as required by
24   California law and the FLSA. Pep Boys works its employees without providing the rest and meal
25   periods required by California law. Pep Boys does not provide accurate itemized wage statements as
26   required by California law. Pep Boys does not pay its employees wages when due under California

27

28    [1]http://www.pepboys.com/about/media/fact_sheet.html

1    law. Pep Boys does not pay its employees "split shift" wages as required by California law. Pep

2    Boys requires employees to purchase uniforms as a condition of their employment in violation of

3    California law. Pursuant to California's strong policy of assuring employees are paid <u>all</u> their wages,

4    are timely paid their wages, and are provided uninterrupted rest periods and meal periods, Plaintiff

5    seeks appropriate recoveries including costs of suit, attorneys' fees, interest, and other relief the court

6    deems necessary.

7    5.    Plaintiff worked for Pep Boys in Santa Ana, California from March 2005 to September

8    2006. Plaintiff initially held the position of Assistant Manager and was paid at an hourly rate. On

9    average, Plaintiff estimates that he was not paid for approximately 10 hours of work per week.

10    Eventually, he was promoted to the salaried position of Store Manager. Although Plaintiff was

11    classified as a salaried employee, 70% to 75% of his job tasks were non-managerial.

12    6.    Pep Boys classifies Store Managers as salaried employees exempt from overtime

13    wages, split shift wages, and rest and meal periods in violation of California law. Although, Store

14    Managers spend far more than 50% of their time engaged in non-exempt activities normally

15    performed by hourly employees, Pep Boys did not pay Plaintiff and others similarly situated wages

16    including minimum wages and overtime, did not pay "split shift" wages, nor provided accurate

17    itemized wage statements, nor did Pep Boys provide rest periods and meal periods in compliance

18    with California law and/or the FLSA.

19    **PARTIES**

20    7.    At all material times, Plaintiff and others similarly situated were current or former

21    employees of Pep Boys, and subject to California State wage and hour provisions as well as the

22    FLSA.

23    8.    At all material times alleged in this complaint, The Pep Boys Manny Moe & Jack of

24    California was doing and continues to do business in the State of California as "Pep Boys" and is a

25    California corporation. At all material times alleged in this complaint, The Pep Boys – Manny, Moe

26    & Jack was doing and continues to do business in California as "Pep Boys" and is a Pennsylvania

27    corporation.

28    ///

Class Action Complaint

1    9.    Plaintiff, at the time of filing this Complaint, is an individual who resides in the State

2    of California and who is a citizen of the State of California. Plaintiff's Consent to Become a Party

3    Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

4    10.    Plaintiff, at all times relevant herein, was a resident of Santa Fe Springs, California,

5    and was a citizen of the State of California at the time of his allegations against Pep Boys.

6    11.    The Pep Boys Manny Moe & Jack of California, is a company organized and existing

7    under the laws of California. The Pep Boys – Manny, Moe & Jack, is a company organized and

8    existing under the laws of Pennsylvania. Both Defendants have their principal place of business in

9    Pennsylvania.

10    12.    Plaintiff alleges that Defendants, DOES One through Twenty-five, acted together in

11    committing violations of the California Labor Code, Industrial Welfare Commission ("IWC") wage

12    orders, the FLSA. and all other applicable laws and/or regulations for the claims alleged herein .

13    13.    The true names and capacities of Defendants, DOES One through Twenty-five,

14    inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious

15    names. Plaintiff will seek leave of court to amend this Complaint to insert the true names and

16    capacities of said fictitiously named Defendant when the same have been ascertained.

17    14.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein

18    mentioned, each Defendant was the agent, representative, principal, servant, employee, partner, alter

19    ego, joint venture, successor-in-interest, assistant, and/or consultant of each and every remaining

20    Defendant, and as such, was at all times acting within the course, scope, purpose and authority of said

21    agency, partnership and/or employment, and with the express or implied knowledge, permission,

22    authority, approval, ratification and consent of the remaining Defendants and each Defendant was

23    responsible for the acts alleged herein and was an "employer" as set forth by California law and the

24    FLSA, and all Defendants herein were also negligent and reckless in the selection, hiring, and

25    supervision of each and every other Defendant as an agent, representative, principal, servant,

26    employee, partner, alter ego, joint venture, successor-in-interest, assistant, and/or consultant.

27    ///

28    ///

Class Action Complaint

1

**JURISDICTION**

2      15.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §
3    1331 and 29 U.S.C. § 216(b).

4      16.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) to recover wages,
5    statutory damages, liquidated damages, and exemplary damages for current and former employees of
6    Pep Boys. Pep Boys owes unpaid wages, including minimum wages and overtime. Pep Boys also
7    made late payments of final wages, nor paid "split shift" wages, nor provided uninterrupted rest and
8    meal breaks in violation of California wage and hour laws, including the California Labor Code, IWC
9    Wage Orders, and all other applicable California laws. The amount in controversy exceeds
10   $5,000,000.00 exclusive of interest and costs. The class will exceed 100 members as Pep Boys
11   currently employs approximately 4,114 workers in California. Further, Plaintiff is diverse from Pep
12   Boys.

13     17.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to
14   28 U.S.C. § 1367.

15

**VENUE AND INTRADISTRICT JURISDICTION**

16     18.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)  because this court has
17   personal jurisdiction over Pep Boys, which: (1) conducts business in the State of California,
18   including Alameda County, (2) hires and maintains employees in the State of California, including
19   Alameda County,  and (3) avails itself of the protection of the laws of the State of California.
20   Further, pursuant to Cal. Bus. and Prof. Code § 17203, Defendant may be enjoined in any court of
21   competent jurisdiction.

22     19.    Pursuant to Civil L.R. 3-2, assignment to the Oakland Division of the U.S. District
23   Court for the Northern District of California is appropriate because Pep Boys maintains stores in
24   Alameda County as well as elsewhere in the State of California. Plaintiff respectfully requests
25   assignment to the Oakland Division.

26

**CLASS ACTION ALLEGATIONS**

27     20.    Plaintiff brings this action as a class action to recover statutory damages and monies
28   due and owing for all current and former employees of Pep Boys, for its failure to pay wages,

Class Action Complaint

5

1   including minimum wages and overtime, failure to provide rest periods, failure to provide meal

2   periods, failure to timely pay wages at the termination of employment, failure to provide accurate

3   itemized wage statements, failure to pay for "split shifts" wages, Pep Boys' requirement that

4   employees purchase uniforms as a condition of employment in violation of California law and/or the

5   FLSA.

6       21.    Plaintiff prosecutes this Complaint pursuant to Rule 23(a), (b)(1), and (b)(3) of the

7   Federal Rules of Civil Procedure and pursuant to 29 U.S.C. § 216(b) on behalf of current and former

8   employees. Common questions of fact and law exist as to all class members and predominate over

9   any questions that affect only individual class members. The conduct at issue in this case affected

10  Plaintiff and all purported class members. Pep Boys employs approximately 4,114 employees in

11  California, therefore, based on information and belief, the members of the class exceeds 100 persons,

12  and that number will increase depending upon employee turnover.

13      22.    Pep Boys failed to make immediate payment of all wages due and owing to Plaintiff

14  and others similarly situated when their jobs were terminated, as required by California law.

15      23.    Pep Boys suffered, permitted, and allowed Plaintiff and others similarly situated to

16  perform work for the benefit of Pep Boys while "off the clock" and without compensation in

17  violation of California law and the FLSA.

18      24.    Pep Boys is required to provide uninterrupted rest periods to Plaintiff and others

19  similarly situated. Pursuant to California law, Pep Boys is required to provide an uninterrupted duty-

20  free 10 minute rest period for every four hours worked or major fraction thereof.

21      25.    Pep Boys failed to provide uninterrupted rest periods to Plaintiff and others similarly

22  situated in compliance with California law.

23      26.    Pep Boys is required to provide uninterrupted meal periods to Plaintiff and others

24  similarly situated. Pursuant to California law, Pep Boys is required to provide an uninterrupted duty-

25  free 30 minute meal period after 5 hours of work per day, and Pep Boys is required to provide a

26  second uninterrupted duty-free 30 minute meal period after 10 hours of work per day.

27      27.    Pep Boys failed to provide uninterrupted meal periods to Plaintiff and others similarly

28  situated in compliance with California law.

1        28.    Because Pep Boys required Plaintiff and others similarly situated to work instead of

2  providing uninterrupted rest periods and meal periods, Plaintiff and others similarly situated are

3  owed wages and statutory wages pursuant to California law.

4        29.    Pep Boys is required to provide accurate itemized wage statements for each pay period

5  to Plaintiff and others similarly situated pursuant to California law. Pep Boys failed to provide

6  accurate itemized wage statements to Plaintiff and others similarly situated. Because Pep Boys failed

7  to provide accurate itemized statements of wages, Pep Boys owes actual damages to Plaintiff and

8  others similarly situated.

9        30.    Pep Boys is required to pay for "split shifts" worked by Plaintiff and others similarly

10  situated, pursuant to California law. Pep Boys failed to pay Plaintiff and others similarly situated for

11  "split shifts" worked. Because Pep Boys failed to pay "split shift" premiums, Pep Boys owes wages

12  to Plaintiff and others similarly situated.

13       31.    Pep Boys required Plaintiff and others similarly situated to purchase uniforms as a

14  condition of their employment. In so doing, Pep Boys violated the requirements of California law

15  and owes Plaintiff and others similarly situated actual damages.

16       32.    Pursuant to California law, Pep Boys is required to properly classify its employees as

17  hourly employees entitled to wages, including minimum wage, overtime and "split shift" wages, as

18  well as required to provide rest and meal periods, and provide accurate itemized wage statements.

19  Pep Boys failed to properly classify Plaintiff and others similarly situated as non-exempt hourly

20  employees, instead Pep Boys wrongly classified Plaintiff and all others similarly situated as exempt.

21  In so doing, Pep Boys violated California law and the FLSA, and owes wages including minimum

22  wage, overtime wage, "split shift" wages, statutory wages and statutory damages to Plaintiff and

23  others similarly situated for the miss-classification as exempt employees.

24       33.    Pep Boys' applicable actions alleged herein was willful.

25       34.    Pep Boys failed to pay wages, including minimum wage and overtime, failed to

26  provide rest periods, failed to provide meal periods, required employees to work "off the clock," and

27  failed to timely pay wages at termination. Pep Boys converted the property (unpaid wages and

28  statutory damages) of Plaintiff and others similarly situated. In refusing to pay wages to Plaintiff, as

1    alleged herein, Pep Boys unlawfully and intentionally took and converted the property of the Plaintiff

2    to its own use. At the time the conversion took place, Plaintiff was entitled to immediate possession

3    of the wages and statutory damages. Pep Boys' conversion was oppressive, malicious, and

4    fraudulent. For so doing, Pep Boys owes Plaintiff and others similarly situated the value of the

5    property (unpaid wages) at the time of the conversion, interest from that time, and fair compensation

6    for the time and money properly expended in pursuit of the property pursuant to California law,

7    including but not limited to Cal. Civ. Code §§ 3336 and 3337. Plaintiff seeks all wages, interest, and

8    related sums wrongfully converted by Pep Boys, and Plaintiff seeks exemplary damages pursuant to

9    California law, including but not limited to Cal. Civ. Code § 3294.

10        35.    Pep Boys' actions, detailed herein, were part of a corporate plan, practice, course of

11    conduct, and scheme, which affected all employees who worked for Pep Boys. As a direct and

12    proximate result of Pep Boys' unlawful companywide plan, practice, course of conduct, and scheme,

13    Plaintiff and others similarly situated (1) were deprived of rest periods required by California law,

14    (2) were not compensated for the unprovided rest periods,  (3) were deprived of meal periods

15    required by California law, (4) were not compensated for the unprovided meal periods, (5) were not

16    compensated for the time they worked "off the clock," (6) were not paid their wages on time, (7)

17    were not provided accurate itemized wage statements, (8) were not paid for "split shifts" worked, (9)

18    were required to purchase uniforms as a condition of employment, and (10) were victimized by Pep

19    Boys' policies and practices set forth herein. Plaintiff and other similarly situated employees are

20    entitled to recover monies for the unprovided rest periods and meal periods, including but not limited

21    to wages, statutory wages, minimum wages, and "overtime" and/or "premium" wages pursuant to the

22    FLSA and/or California law. Plaintiff and others similarly situated are entitled to request injunctive

23    relief. Also, Plaintiff and other similarly situated employees are entitled to recover appropriate

24    reasonable attorneys' fees, costs, and interest.

25        36.    **DEFINITION OF SUB-CLASSES** - Plaintiff seeks class certification to include, but

26    not limited to, the following potential subclasses, pursuant to Rule 23(a), (b)(1), and (b)(3) of the

27    Federal Rules of Civil Procedure.

28    ///

Class Action Complaint

1        A.     **UNPAID REST PERIOD CLASS** - Within the applicable time period prior

2            to the filing of this action up through and including the present date through

3            adjudication, a class consists of Plaintiff and others similarly situated, who

4            worked for Pep Boys, and who did not receive rest periods as required by

5            California law, and were not paid wages pursuant to Cal. Lab. Code § 226.7.

6        B.     **UNPAID MEAL PERIOD CLASS** – Within the applicable time period prior

7            to the filing of this action up through and including the present date through

8            adjudication, a class consists of Plaintiff and others similarly situated, who

9            worked for Pep Boys, and who did not receive required meal periods as

10           required by California law, and were not paid wages pursuant to Cal. Lab.

11           Code § 226.7.

12        C.     **UNPAID WAGES CLASS** – Within the applicable time period prior to the

13           filing of the of this action up through and including the present date through

14           adjudication a class consists of the Plaintiff and others similarly situated

15           whose employment with Pep Boys ended, who did not receive all wages when

16           due as required by California law.

17        D.     **LATE PAYMENT CLASS** - Within the applicable time period prior to the

18           filing of this action up through and including the present date through

19           adjudication, a class consists of Plaintiff and others similarly situated, whose

20           employment with Pep Boys ended, who did not receive all wages when due as

21           required by California law.

22        E.     **MINIMUM WAGE CLASS** - Within the applicable time period prior to the

23           filing of this action up through and including the present date through

24           adjudication, a class consists of Plaintiff and others similarly situated, who

25           worked for Pep Boys, who did not receive rest periods and meal periods, and

26           were not paid wages at the minimum wage for all hours worked when they

27           were "off the clock," and during the rest periods and meal periods that should

28           have been provided.

1    F.    **OVERTIME CLASS** - Within the applicable time period prior to the filing of

2          this action up through and including the present date through adjudication, a

3          class consists of Plaintiff and others similarly situated, who worked for Pep

4          Boys, and who were not paid at the applicable premium rate for all hours

5          worked in excess of the statutory maximum hours per day, and in excess of the

6          statutory maximum hours per week.

7    G.    **ITEMIZED WAGE STATEMENT CLASS** – Within the applicable time

8          period prior to the filing of this action up through and including the present

9          date through adjudication, a class consists of Plaintiff and others similarly

10         situated, who worked for Pep Boys, and whose wage statements provided by

11         Pep Boys were inaccurate.

12   H.    **SPLIT SHIFT CLASS** – Within the applicable time period prior to the filing

13         of this action up through and including the present date through adjudication,

14         a class consists of Plaintiff and others similarly situated, who were required to

15         work Pep Boys established schedules that were interupted by non-paid non-

16         working periods other than bona fide rest or meal periods.

17   I.    **UNIFORMS CLASS** – Within the applicable time period prior to the filing

18         of this action up through and including the present date through adjudication,

19         a class consists of Plaintiff and others similarly situated, who were required to

20         purchase uniforms as a condition of their employment at any time.

21   J.    **CONVERSION CLASS** – Within the applicable time period prior to the

22         filing of this action up through and including the present date through

23         adjudication, a class consists of Plaintiff and others similarly situated, who

24         worked for Pep Boys, and whose wages were converted by Pep Boys' actions

25         in failing to pay wages, including minimum wage and overtime, and in failing

26         to timely pay wages and in failing to provide rest periods and meal periods as

27         required by contract and by California law.

28   ///

K.  **BUSINESS AND PROFESSIONS CLASS** – Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, a class consists of Plaintiff, and others similarly situated, who were not paid wages, including minimum wage and overtime, who were paid late wages, who were required to work through mandatory rest periods and meal periods, and who are owed monies for not receiving wages, for receiving late wages, and for working through mandatory rest periods and meal periods.

37.  **DEFINITION OF COLLECTIVE ACTION CLASSES** - Plaintiff seeks class certification to include, but not limited to, the following potential classes, pursuant to 29 U.S.C. § 216(b).

A.  **FAIR LABOR STANDARDS ACT MINIMUM WAGE CLASS** -Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, a class consists of Plaintiff and others similarly situated who worked for Pep Boys, and who were not paid wages at the minimum wage for each hour worked.

B.  **FAIR LABOR STANDARDS ACT OVERTIME CLASS** - Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, a class consists of Plaintiff and others similarly situated who worked for Pep Boys, and who were not paid at the applicable premium rate for each hour worked in excess of the statutory maximum hours per day, and in excess of the statutory maximum hours per week.

38.  **NUMEROSITY** - Based on information and belief, the members of the State wage and hour class exceeds 100 persons. Plaintiff estimates that Pep Boys employs approximately 4,114 employees per year in the State of California. This number may increase, depending upon the turnover rate for employees over the applicable statutory period prior to the commencement of this action.

39.     **QUESTIONS OF LAW AND FACT** - Common questions of fact and law exist as to all class and subclass members, and predominate over any questions that affect only individual class members. The conduct at issue in this case affected all former Pep Boys employees. Common questions include:

A.      Whether Plaintiff and class members are subject to California State wage and hour statutes.

B.      Whether Plaintiff and class members are subject to the FLSA.

C.      Whether Pep Boys failed to provide Plaintiff and class members with rest periods as required by California law.

D.      Whether Pep Boys failed to provide Plaintiff and class members with meal periods as required by California law.

E.      Whether Plaintiff and class members worked hours and were not paid minimum wages for those hours.

F.      Whether Plaintiff and class members worked more than eight hours per day and/or more than 40 hours per week, entitling Plaintiff and class members to overtime pay.

G.      Whether Plaintiff and class members worked more than twelve hours per day, entitling Plaintiff and class members to "premium" pay.

H.      Whether Plaintiff and class members performed work for Pep Boys while "off the clock" and without compensation.

I.      Whether Plaintiff and others similarly situated were required to work "split shifts" for Pep Boys without compensation.

J.      Whether Plaintiff and others similarly situated were required to purchase uniforms as a condition of their employment with Pep Boys.

K.      Whether Pep Boys failed to pay Plaintiff and class members all wages due after termination of their employment when those wages were due.

///

///

1     L.     Whether Pep Boys failed to properly classify Plaintiff and similarly situated

2           class members as non-exempt hourly employees entitled to overtime wages,

3           rest periods, and meal periods.

4     M.     Whether Pep Boys failed to provide Plaintiff and class members with accurate

5           itemized wage statements.

6     N.     Whether Pep Boys converted property (unpaid wages) by failing to pay wages,

7           including minimum wage and overtime, failing to timely pay wages, and by

8           failing to compensate Plaintiff and class members for unprovided rest periods

9           and meal periods.

10     O.     Which remedies are available for the claims alleged in the complaint.

11     P.     What is the statute of limitations for each claim for relief.

12     34.     **TYPICALITY** - The claims of the named Plaintiff are typical of the claims of the

13 members of the wage and hour class in that:

14     A.     Plaintiff is a member of the class.

15     B.     Plaintiff's claims stem from the same practice or course of conduct that forms

16           the basis of the class.

17     C.     Plaintiff's claims are based upon the same legal and remedial theories as those

18           of the class and involve similar factual circumstances.

19     D.     There is no antagonism between the interests of the named Plaintiff and absent

20           class members.

21     E.     The injuries which Plaintiff suffered are similar to the injuries which class

22           members have suffered.

23     35.     **REPRESENTATION BY PLAINTIFF** - The named Plaintiff will fairly and

24 adequately represent the class in that:

25     A.     There is no conflict between Plaintiff's claims and those of other class and

26           subclass members.

27 ///

28 ///

1      B.    Plaintiff has retained counsel who are skilled and experienced in wage and

2            hour cases and in class actions and who will vigorously prosecute this

3            litigation.

4      C.    Plaintiff's claims are typical of the claims of class members.

5    36.    **CERTIFICATION** - of Plaintiff's claims is appropriate because:

6      A.    Common questions of law or fact predominate over questions affecting only

7            individual members.

8      B.    The forum is convenient to the parties, class members, and potential

9            witnesses; the class is specifically identifiable to facilitate provision of

10           adequate notice; and there will be no significant problems managing this case

11           as a class action.

12     C.    A class action is superior to other available methods for the fair and efficient

13           adjudication of this controversy because individual class members have

14           minimal interest in controlling the prosecution of separate actions.

15                                            **FACTS**

16   37.    Plaintiff, Art Navarro, was a full-time employee of Pep Boys in Santa Ana, California

17   from March 2005 to September 2006.

18   38.    For approximately the first four months of his employment with Pep Boys, Mr.

19   Navarro worked as an assistant manager and was paid on an hourly basis.

20   39.    In his position as assistant manager, Mr. Navarro estimates that he was forced to

21   work five to ten hours per week "off the clock." Pep Boys failed to pay Mr. Navarro for this time

22   worked "off the clock."

23   40.    While he was working as an assistant manager, Pep Boys failed to provide Mr.

24   Navarro with rest periods and meal periods or the rest and meal periods were interrupted where he

25   was required to work. Mr. Navarro did not receive rest breaks and he received rest breaks that were

26   interrupted at least nine to ten times per week. Further, Mr. Navarro did not receive meal breaks and

27   received interrupted meal breaks approximately four to five times per week.

28   ///

Class Action Complaint

14

1    41.   After approximately four months of employment with Pep Boys, Mr. Navarro was

2    promoted to store manager and was paid on a salaried basis. He continued in this position until he

3    left Pep Boys in September 2006.

4    42.   Although classified as a salaried managerial employee, 70% to 75% of the tasks Mr.

5    Navarro performed for Pep Boys were non-managerial in nature.

6    43.   In his position as store manager, Mr. Navarro was forced to work 55 to 60 hours a

7    week. Pep Boys only paid Mr. Navarro for the equivalent of 40 hours per week.

8    44.   While he was working as store manager, Pep Boys failed to provide Mr. Navarro with

9    rest periods and meal periods. Mr. Navarro did not receive rest and meal breaks and received

10   interrupted rest and meal breaks .

11   45.   During his employment with Pep Boys, Mr. Navarro would often have to travel to

12   another store after clocking out for the day, to attend store meetings. This occurred approximately

13   once a week.

14   46.   Mr. Navarro was required to purchase uniforms while employed with Pep Boys.

15   47.   Mr. Navarro provided Pep Boys with 72 hours' notice of his intention to terminate his

16   employment with Pep Boys. His last day of work was September 28, 2006. Mr. Navarro did not

17   receive his final paycheck until six days later, on October 3, 2006.

18                              **CLAIMS FOR RELIEF**

19                              **FIRST CLAIM FOR RELIEF**

20         **(Failure to Provide Rest Periods: Cal. Lab. Code §§ 226.7 and 516)**

21   48.   Plaintiff incorporates the allegations contained in paragraphs 1- 47 as though fully set

22   forth herein.

23   49.   At all times material herein, Plaintiff and others similarly situated were employed by

24   Pep Boys.

25   50.   The California Labor Code and the IWC wage orders  provide for minimum

26   employment conditions to be followed by all employers within the State of California. California

27   law, including but not limited to Cal. Lab. Code §§ 226.7, 516, and IWC wage orders, including but

28   not limited to IWC wage order 7-2001, require that employees receive a paid, duty-free rest period of

1  not less than ten (10) minutes for each period of four (4) hours worked or major portion thereof.

2      51.    Within the applicable time period prior to the filing of this Complaint up through and

3  including the present date through adjudication, Pep Boys failed to provide Plaintiff and others

4  similarly situated with duty-free rest periods of not less than ten (10) minutes, as required by law,

5  and failed to pay Plaintiff and others similarly situated for those rest periods not provided or

6  interrupted, including civil statutory wages pursuant to California Labor Code §§ 203 and 226.7.

7      52.    Plaintiff and others similarly situated seek unpaid wages and statutory wages for the

8  time period allowed by law, plus costs, interest, disbursements, and attorneys' fees pursuant to

9  California law, including but not limited to Cal. Lab. Code §§ 203, 218.5, 218.6, and 226.7.

10              **SECOND CLAIM FOR RELIEF**

11      **(Failure to Provide Meal Periods: Cal. Lab. Code §§ 226.7, 512, and 516)**

12      53.    Plaintiff incorporates the allegations contained in paragraphs 1- 52 as though fully set

13  forth herein.

14      54.    At all times material herein, Plaintiff and others similarly situated were employed by

15  Pep Boys.

16      55.    The California Labor Code and the IWC provide for minimum employment

17  conditions to be followed by all employers within the State of California. California law, including

18  but not limited to, Cal. Lab. Code §§ 226, 512, 516, and IWC wage orders require, in part, that

19  employees receive an uninterrupted meal period of not less than thirty (30) minutes for each shift

20  over five hours.

21      56.    Within the applicable time period prior to the filing of this Complaint up through and

22  including the present date through adjudication, Pep Boys failed to provide Plaintiff and others

23  similarly situated with uninterrupted meal periods of not less than thirty (30) minutes as required,

24  and in violation of California law, including but not limited to, Cal. Lab. Code §§ 226.7, 512,  516,

25  and IWC wage orders. Pep Boys failed to pay Plaintiff and others similarly situated for those meal

26  periods not provided or interrupted.

27      57.    As a result of Pep Boys' failure to provide meal periods as required, Plaintiff and

28  others similarly situated are entitled to recover wages for those meal periods that were not provided,

1    as required by California law, including but not limited to Cal. Lab. Code §§ 203 and 226.7.

2    58.    Plaintiff and others similarly situated seek unpaid wages and statutory wages for the

3    three years prior to filing of this Complaint, plus costs, interest, disbursements, and attorneys' fees

4    pursuant to California law, including but not limited to Cal. Lab. Code §§ 203, 218.5, 218.6, and

5    226.7.

6                                    **THIRD CLAIM FOR RELIEF**

7                    **(Late Payment of Wages:  Cal. Lab. Code §§ 201, 202, and 203)**

8    59.    Plaintiff incorporates the allegations contained in paragraphs 1- 58 as though fully set

9    forth herein.

10    60.    At all times material herein, Plaintiff and others similarly situated were employed by

11    Pep Boys.

12    61.    Within the applicable time period prior to the filing of this Complaint up through and

13    including the present date through adjudication, Pep Boys willfully failed to pay all wages to

14    Plaintiff and others similarly situated upon termination of their employment, when those wages were

15    due, which entitles Plaintiff and others similarly situated to up to 30 days of statutory wages for each

16    pay period when wages were not paid as required by California law, including but not limited to Cal.

17    Lab. Code §§ 201, 202, and 203.

18    62.    Plaintiff and others similarly situated seek statutory wages for the applicable time

19    period prior to filing of this Complaint, plus costs, interest, disbursements, and attorneys' fees

20    pursuant to California law, including but not limited to Cal. Lab. Code §§ 201, 202, 203, 218.5,

21    218.6, and 226.7.

22                                    **FOURTH CLAIM FOR RELIEF**

23                    **(Failure to Pay Wages:  Cal. Lab. Code §§ 201, 202, and 218)**

24    63.    Plaintiff incorporates the allegations contained in paragraphs 1-62 as though fully set

25    forth herein.

26    64.    At all times material herein, Plaintiff and others similarly situated were employed by

27    Pep Boys.

28    ///

Class Action Complaint

17

1    65.    Within the applicable time period prior to filing of this Complaint up through and

2 including the present date through adjudication, Pep Boys failed to pay wages as required by

3 California law.

4    66.    During the course of Plaintiff's employment, Pep Boys allowed, suffered and

5 permitted, Plaintiff and others similarly situated to perform work for the benefit of Pep Boys instead

6 of paying wages.

7    67.    As a result, Plaintiff and other similarly situated, are entitled to wages pursuant to

8 California law, including, but not limited to Cal. Lab. Code §§ 201, 202, and 218.

9    68.    Pep Boys behavior in failing to pay Plaintiff and others similarly situated for each

10 hour worked was willful, and there remain due and unpaid wages in amounts to be determined.

11    69.    Plaintiff, on his behalf, and on behalf of others similarly situated, seeks as damages in

12 an amount to be determined, fees and costs pursuant to California law, including but not limited to

13 Cal. Lab. Code §§ 201, 202, 203, and 218, plus costs, interest, disbursements and attorneys' fees

14 pursuant to California law, including but not limited to Cal. Lab. Code §§ 218.5 and 218.6.

15                              **FIFTH CLAIM FOR RELIEF**

16    **(Failure to Pay Minimum Wage: Cal. Lab. Code §§ 201, 202, 512, 1194, 1194.2, and 1197)**

17    70.    Plaintiff incorporates the allegations contained in paragraphs 1- 69 as though fully set

18 forth herein.

19    71.    At all times material herein, Plaintiff and others similarly situated were employed by

20 Pep Boys.

21    72.    Within the applicable time period prior to filing of this Complaint up through and

22 including the present date through adjudication, Pep Boys failed to pay minimum wages to Plaintiff

23 and others similarly situated, as required by California law.

24    73.    During the course of Plaintiff's employment, Pep Boys allowed, suffered, and

25 permitted Plaintiff and others similarly situated, to perform work for the benefit of Pep Boys without

26 paying minimum wages to Plaintiff.

27    74.    Pep Boys failed to compensate Plaintiff and others similarly situated for the hours of

28 work provided by Plaintiff and others similarly situated.

1    75.    As a result, Plaintiff and others similarly situated are entitled to minimum wages

2    pursuant to California law, including but not limited to Cal. Lab. Code §§ 500, 510 and 1194.

3    76.    Pep Boys' behavior in failing to pay Plaintiff and others similarly situated for each

4    hour worked was willful, and there remain due and unpaid minimum wages in amounts to be

5    determined.

6    77.    Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages

7    minimum wages in an amount to be determined, liquidated damages, fees, and statutory wages

8    pursuant to California law, including but not limited to Cal. Lab. Code §§ 201, 202, and 203, plus

9    costs, interest, disbursements, and attorneys' fees pursuant to California law, including but not

10   limited to Cal. Lab. Code §§ 1194, 1194.2, and 1197.

11   ## SIXTH CLAIM FOR RELIEF

12   **(FLSA Violations–Failure to Pay Minimum Wage: 29 U.S.C. §§ 206 and 215 (a))**

13   78.    Plaintiff incorporates the allegations contained in paragraphs 1- 77 as though fully set

14   forth herein.

15   79.    At all times material herein, Plaintiff and others similarly situated were employed by

16   Pep Boys.

17   80.    Within the applicable time period prior to the filing of this Complaint up through and

18   including the present date through adjudication, Pep Boys failed to pay minimum wages to Plaintiff

19   and others similarly situated as required by the FLSA.

20   81.    During the course of Plaintiff's employment, Pep Boys allowed, suffered, and

21   permitted Plaintiff and others similarly situated to perform work for the benefit of Pep Boys.

22   82.    Pep Boys failed to pay minimum wages to Plaintiff and others similarly situated for the

23   hours of work provided by Plaintiff and others similarly situated pursuant to the FLSA, including but

24   not limited to 29 U.S.C. §§ 206 and 215(a).

25   83.    Pep Boys' behavior in failing to pay Plaintiff and others similarly situated for each

26   hour worked was willful, and there remain due and unpaid minimum wages in amounts to be

27   determined.

28   ///

Class Action Complaint

19

1      84.    Pep Boys failed to make, keep, and preserve records of Plaintiff and others similarly

2   situated pursuant to the FLSA, including but not limited to 29 U.S.C. §§ 211(c) and 215(a). As a

3   result of Pep Boys' failure to make, keep, and preserve records of Plaintiff and others similarly

4   situated, such records either do not exist or are insufficient to determine wages, hours, and other

5   conditions of employment.

6      85.    Pep Boys' failure to make, keep, and preserve records of Plaintiff and others similarly

7   situated was willful.

8      86.    Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages

9   minimum wages in an amount to be determined, liquidated damages, and costs, interest,

10   disbursements, and attorneys' fees, pursuant to the FLSA, including but not limited to 29 U.S.C. §

11   216(b).

12                         **SEVENTH CLAIM FOR RELIEF**

13        **(Failure To Pay Overtime: Cal. Lab. Code §§ 201, 202, 203, 500, 510, 512, and 1194)**

14      87.    Plaintiff incorporates the allegations contained in paragraphs 1- 86 as though fully set

15   forth herein.

16      88.    At all times material herein, Plaintiff and others similarly situated were employed by

17   Pep Boys.

18      89.    Within the applicable time period prior to the filing of this Complaint up through and

19   including the present date through adjudication, Pep Boys failed to pay overtime wages to Plaintiff

20   and others similarly situated, as required by California law.

21      90.    During the course of Plaintiff's employment, Pep Boys allowed, suffered, and

22   permitted Plaintiff and others similarly situated to perform work for the benefit of Pep Boys.

23      91.    Pep Boys failed to compensate Plaintiff and others similarly situated for the hours of

24   work provided by Plaintiff and others similarly situated.

25      92.    In requiring Plaintiff and others similarly situated to work for the benefit of Pep Boys,

26   Pep Boys allowed, suffered, and permitted Plaintiff and others similarly situated to work hours in

27   excess of the statutory maximums of 8 hours per day and 12 hours per day and/or 40 hours per week.

28   As a result, Plaintiff and others similarly situated are entitled to unpaid overtime wages pursuant to

1  California law, including but not limited to Cal. Lab. Code §§ 500, 510, and 1194.

2      93.    Pep Boys' behavior in failing to pay Plaintiff and others similarly situated for each hour

3  worked in excess of the statutory maximums of 8 hours per day and 12 hours per day, and/or 40 hours

4  per week, was willful, and there remain due and unpaid overtime wages in amounts to be determined.

5      94.    Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages

6  overtime wages in an amount to be determined, fees, and statutory wages pursuant to California law,

7  including but not limited to Cal. Lab. Code §§ 201, 202, 203, 500, 510, and 512, plus costs, interest

8  disbursements, and attorneys' fees pursuant to California law, including but not limited to Cal. Lab.

9  Code § 1194.

10                          **EIGHTH CLAIM FOR RELIEF**

11           **(FLSA Violations–Failure to Pay Overtime Wage: 29 U.S.C. §§ 206 and 215(a))**

12     95.  Plaintiff incorporates the allegations contained in paragraphs 1-94 as though fully set

13  forth herein.

14     96.  At all material times herein, Plaintiff and others similarly situated were employed by Pep

15  Boys.

16     97.  Within the applicable time period prior to the filing of this Complaint up through and

17  including the present date through adjudication, Pep Boys failed to pay overtime wages to Plaintiff and

18  others similarly situated as required by the FLSA.

19     98.  During the course of Plaintiff's employment, Pep Boys allowed, suffered, and permitted

20  Plaintiff and others similarly situated to perform work for the benefit of Pep Boys.

21     99.   Pep Boys failed to pay overtime wages to Plaintiff and others similarly situated for the

22  hours of work provided by Plaintiff and others similarly situated in excess of 40 hours per week

23  pursuant to the FLSA, including but not limited to 29 U.S.C. §§ 207 and 215(a).

24     100.  Pep Boys' behavior in failing to pay Plaintiff and others similarly situated overtime

25  wages for each hour worked in excess of 40 hours per week was willful, and there remain due and

26  unpaid overtime wages in amounts to be determined.

27     101.  Pep Boys failed to make, keep, and preserve records of Plaintiff and others similarly

28  situated pursuant to the FLSA, including but not limited to 29 U.S.C. §§ 211(c) and 215(a).  As a

1    result of Pep Boys' failure to make, keep, and preserve records of Plaintiff and others similarly

2    situated, such records either do not exist or are insufficient to determine wages, hours, and other

3    conditions of employment.

4        102.  Pep Boys' failure to make, keep, and preserve records of Plaintiff and others similarly

5    situated was willful.

6        103.  Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages

7    overtime wages in an amount to be determined, liquidated damages, and costs, interest, disbursements,

8    and attorneys' fees pursuant to the FLSA, including but not limited to 29 U.S.C. § 216(b).

9                        **NINTH CLAIM FOR RELIEF**

10                **(Failure to Provide Itemized Wage Statements: Cal. Lab. Code § 226)**

11        104.    Plaintiff incorporates the allegations contained in paragraphs 1- 103 as though fully set

12    forth herein.

13        105.    At all times material herein, Plaintiff and others similarly situated were employed by

14    Pep Boys.

15        106.    Pep Boys is required to comply with California wage and hour law.  Pep Boys is

16    required to provide accurate itemized wage statements for each pay period to Plaintiff and others

17    similarly situated pursuant to California law, including but not limited to Cal. Lab. Code § 226.

18        107.    Within the applicable time period prior to the filing of this Complaint up through and

19    including the present date through adjudication, Pep Boys failed to provide accurate itemized wage

20    statements to Plaintiff and others similarly situated, whereby Plaintiff and others similarly situated

21    were harmed.

22        108.    Plaintiff seeks payment of actual damages pursuant to Cal. Lab. Code § 226(e) for each

23    employee who did not receive accurate itemized wage statements during his or her employment with

24    Pep Boys.  Plaintiff also seeks the payment of costs, interest, and attorneys' fees pursuant to Cal. Lab.

25    Code §§ 218.5 and 218.6.

26                        **TENTH CLAIM FOR RELIEF**

27                    **(Failure to Pay for Split Shifts: IWC Order 7-2001)**

28        109.  Plaintiff incorporates the allegations contained in paragraphs 1 - 108 as though fully set

1  forth herein.

2      110.    At all times material herein, Plaintiff and others similarly situated were employed by
3  Pep Boys.

4      111.    Section 4 of IWC Order 7-2001 provides in relevant part: "(C) When an employee
5  works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum
6  wage for that workday, except when the employee resides at the place of employment."

7      112.    Section 2(M) of IWC Order 7-2001 defines "split shift" as "a work schedule, which is
8  interrupted by non-paid non-working periods established by the employer, other than bona fide rest or
9  meal periods."

10     113.    Upon information and belief, at all times relevant hereto, neither Plaintiff nor others
11  similarly situated resided at their place of employment.

12     114.    At all times relevant hereto, Pep Boys failed to comply with Section 4 of IWC Order 7-
13  2001, by requiring their employees to work split shifts without paying the required compensation for
14  the split shift in the amount of one hour at the minimum wage for each day that the employee was
15  required to work a split shift and/ or failed to pay the minimum hours of pay.  This compensation, in a
16  sum to be proven at trial, is owed and unpaid.

17     115.  Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages
18  wages in an amount to be determined, liquidated damages, and costs, interest, disbursements, and
19  attorneys' fees..

20                          **ELEVENTH CLAIM FOR RELIEF**

21  **(Uniforms Violation: Cal. Lab. Code §§ 450 and 2802; Cal. Code Regs., tit. 8, § 11070 (9)(A))**

22     116.    Plaintiff incorporates the allegations contained in paragraphs 1 - 115 as though fully set
23  forth herein.

24     117.    At all times material herein, Plaintiff and others similarly situated were employed by
25  Pep Boys.

26     118.    Pep Boys' practice of requiring Plaintiff and others similarly situated to purchase and
27  wear uniforms as a condition of employment constitutes a *per se* violation of Cal. Lab. Code § 2802
28  and Cal. Code of Regs., tit. 8, § 11070 (9)(A).

Class Action Complaint

1        119.   Pep Boys practice of requiring Plaintiff and others similarly situated to purchase and

2    wear uniforms as a condition of employment constitutes a *per se* violation of Cal. Lab. Code § 450 in

3    that Pep Boys has compelled and coerced its employees to patronize Pep Boys, by requiring the

4    mandatory purchase of uniforms.

5        120.   Plaintiff and others similarly situated have sustained damages as a direct and proximate

6    consequence of Pe Boy's illegal conduct, to wit, they have been forced to purchase uniforms.

7        121.   Plaintiff and others similarly situated are entitled under Cal. Code of Regs., tit. 8, §

8    11070(9)(A) to recover from Pep Boys any and all sums expended on uniforms as a condition of their

9    employment, and to any and all civil penalties provided by law.

10    **TWELFTH CLAIM FOR RELIEF**

11    **(Conversion of Wages)**

12        122.   Plaintiff incorporates the allegations contained in paragraphs 1- 121 as though fully set

13    forth herein.

14        123.   At all times material herein, Plaintiff and others similarly situated were employed by

15    Pep Boys.

16        124.   Within three years prior to the filing of this Complaint up through and including the

17    present date through adjudication, Pep Boys failed to pay wages, including minimum wage and

18    overtime, and failed to provide Plaintiff and others similarly situated with rest periods and meal

19    periods as required by California law.  Pep Boys owes Plaintiff and others similarly situated wages,

20    including minimum wages and overtime wages, for the unprovided rest periods and meal periods.

21    Because Pep Boys failed to compensate Plaintiff and others similarly situated for work they performed

22    while "off the clock," Pep Boys owes Plaintiff and others similarly situated wages for the unpaid hours

23    worked.  Pep Boys also failed to pay wages at the termination of employment to Plaintiff and others

24    similarly situated within the time periods required by California law, and Pep Boys owes monies of a

25    known or easily calculated amount to Plaintiff and others similarly situated for failing to pay wages

26    within the time periods required by California law.

27        125.   Plaintiff and others similarly situated provided labor to Pep Boys, and wages became

28    due and payable to Plaintiff and others similarly situated for that labor. At the termination of the

1   employment of Plaintiff and others similarly situated, wages were due and owing and were to be paid
2   within the time allowed by Cal. Lab. Code §§ 201, 202, 203, and 226.7. The unpaid wages and
3   statutory wages became the property of Plaintiff and others similarly situated, and Plaintiff and others
4   similarly situated had a right to possess their property. By failing to pay earned wages and statutory
5   wages when due, Pep Boys intentionally and wrongfully obtained and held the wages earned by
6   Plaintiffs and others similarly situated.

7       126.    Plaintiff and others similarly situated did not consent to Pep Boys' conversion of their
8   monies and Plaintiff and others similarly situated were harmed by Pep Boys' conversion of their
9   monies. Pep Boys' conversion of their monies was a substantial factor in causing harm to Plaintiff and
10  others similarly situated.

11      127.    As a result, those wages remain due and unpaid, and Plaintiff and others similarly
12  situated seek the value of the property (unpaid wages and statutory wages) at the time of the
13  conversion, interest from that time, and fair compensation for the time and money properly expended
14  in pursuit of the property pursuant to Cal. Civ. Code §§ 3336 and 3337, and Plaintiff and others
15  similarly situated seek punitive damages pursuant to Cal. Civ. Code § 3294, as well as statutory wages
16  pursuant to Cal. Lab. Code § 203.

17                                  **THIRTEENTH CLAIM FOR RELIEF**

18                  **(Unfair Competition: Cal. Bus. & Prof. Code § 17200 *et seq.*)**

19      128.    Plaintiff incorporates the allegations contained in paragraphs 1- 127 as though fully set
20  forth herein.

21      129.    At all times material herein, Plaintiff and others similarly situated were employed by
22  Pep Boys.

23      130.    Within four years prior to the filing of this Complaint up through and including the
24  present date through adjudication, Pep Boys failed to comply with the wage and hour provisions of the
25  State of California, as set forth herein.

26      131.    Plaintiff, individually and on behalf of the general public, alleges that at all relevant
27  times Pep Boys' actions, including but not limited to its violations of California law and of the
28  California Labor Code, as set forth above, constitute a continuing and ongoing unfair and unlawful

Class Action Complaint

1   activity prohibited by Cal. Bus. and Prof. Code § 17200 *et seq.*, and justify restitution and/or injunctive

2   relief. The unlawful business practices of Pep Boys are likely to continue. These practices mislead the

3   public (that employees are being timely paid wages and are being provided rest periods and meal

4   periods in accordance to the California Labor Code), and present a continuing threat to the public. Pep

5   Boys' actions of avoiding the obligations and expense of compliance with conditions of labor and

6   wage are an unfair business practice. These violations constitute a threat and an unfair business policy.

7   Plaintiff has suffered injury in fact and has lost money or property as a result of such unfair

8   competition. The Court is authorized to order restitution and/or an injunction as a remedy for any

9   violations of Cal. Bus. & Prof. Code § 17200 *et seq.* Plaintiff alleges that Pep Boys violated California

10  Labor Code statutes.

11          132.    Pep Boys has engaged in unfair business practices in California through the illegal

12  employment practices outlined above, including but not limited to failing to pay wages, including

13  minimum wage and overtime, failing to provide rest periods and meal periods, and failing to

14  compensate for sums due for labor, fees, and statutory wages according to California law. Pep Boys'

15  use of such practices constitutes an unfair business practice, unfair competition, and provides an unfair

16  advantage over Pep Boys' competitors. Plaintiff seeks full restitution of said monies from Pep Boys,

17  as necessary and according to proof, to restore any and all monies withheld, acquired, or converted by

18  Pep Boys by means of the unfair practices complained of herein.

19          133.    Plaintiff alleges that, at all relevant times, Pep Boys has engaged in unlawful,

20  deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200 *et seq.*,

21  including those set forth in the paragraphs above, thereby depriving Plaintiff and the public of the

22  minimum working conditions and standards due to them under the California Labor Laws and IWC

23  Wage Orders.

24          134.    Private Attorneys General Act of 2004:          Pursuant to the Private Attorneys General

25  Act of 2004, Cal. Lab. Code § 2698 *et seq.*, Plaintiff has given notice to Pep Boys and to the California

26  Labor and Workforce Development Agency of Pep Boys' violations of the California Labor Code and

27  California Wage Orders including but not limited to Cal. Lab. Code §§ 201, 202, 203, 226, 226.7, 510,

28  512, 516, 1194, and California Wage Order 7-2001. After the notice period provided in Cal. Lab.

Class Action Complaint

26

1  Code § 2699.3, Plaintiff intends to amend his Complaint to include civil penalties provided for by

2  California law, including but not limited to Cal. Lab. Code §§ 226.3, 558, 1197.1, 1199, and 2699.

3                                    **PRAYER FOR RELIEF**

4         **WHEREFORE**, Plaintiff demand judgment against Pep Boys as follows:

5      1.    For all unpaid wages, "overtime" and/or "premium pay" wages, and minimum wages in

6            an amount to be determined at the time of trial;

7      2.    For all wages and other related sums converted by Pep Boys;

8      3.    For any and all profits, whether direct or indirect, Pep Boys acquired by reason of its

9            conversion, and for all remedies provided in Cal. Civ. Code §§3336 and 3337.

10     4.    Pursuant to Cal. Bus. and Prof. Code § 17203, that Pep Boys be preliminarily and

11           permanently enjoined from:  a) failing to provide employees mandatory rest periods and

12           meal periods;  b) permitting and unlawfully allowing employees to work hours instead

13           of providing rest periods and meal periods without paying them statutory wages;  c)

14           permitting and unlawfully allowing employees to work hours for the benefit of Pep

15           Boys while "off the clock" and without compensating employees; d) failing to provide

16           employees with accurate itemized wage statements; e) failing to pay employees all

17           wages due upon termination of employment within the time proscribed by law; f)

18           failing to properly classify salaried employees as non-exempt hourly employees; g)

19           permitting and unlawfully allowing employees to work "split shifts" without paying

20           them "split shift" premiums; and h) requiring employees to purchase uniforms as a

21           condition of employment.

22     6.    Pursuant to Cal. Bus. and Prof. Code §17203 and the equitable powers of this Court,

23           that Pep Boys be ordered to restore to Plaintiff and those similarly situated, all funds

24           acquired by means of any act or practice declared by this Court to be unlawful or

25           fraudulent or to constitute unfair competition under Cal. Bus. and Prof. Code § 17200 *et*

26           *seq.*;

27  ///

28  ///

7.    For restitutionary disgorgement of wages and related sums, statutory wages, attorneys'
      fees, and all other remedies available pursuant to Cal. Bus. & Prof. Code § 17200 *et
      seq.*;

8.    For wages and statutory damages pursuant to the California Labor Code, including but
      not limited to sections 203, 226, 226.7, and 510;

9.    For liquidated damages pursuant to the FLSA and pursuant to California law;

10.   For punitive and exemplary damages;

11.   For costs and disbursements, prejudgment and post-judgment interest in the amount of
      10% per annum, liquidated damages, and attorneys' fees pursuant to Cal. Lab. Code §§
      218.5, 218.6, 1194, and 1194.2;

12.   For a finding that Pep Boys violated the various provisions of the FLSA and of
      California's wage and hour laws set forth above;

13.   For a finding that Pep Boys acted willfully in each of the violations of the FLSA and of
      California's wage and hour laws;

14.   An injunction prohibiting Pep Boys from further violations of the FLSA and of
      California's wage and hour laws; and

15.   For such further or alternative relief in favor of Plaintiff and all others similarly situated
      as the Court deems appropriate.

Dated: May 16, 2007                              Bailey Pinney PC

                                          By    Bonnie Mac Farlane
                                                Attorney for Plaintiff Art Navarro

///

///

///

///

///

///

///

1

## JURY TRIAL DEMAND

2       Pursuant to Federal Rule of Civil Procedure 38(b) and Civil L. R. 3-6(a), Plaintiff demands a

3 jury trial for all issues so triable.

4    Dated: May 16, 2007                 Bailey Pinney PC

5

6

7                        By _____
                              Bonnie Mac Farlane
                              Attorney for Plaintiff Art Navarro

8

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

9       Pursuant to Civil L. R. 3-16, the undersigned certifies that as of this date, other than the named

10 parties, there is no such interest to report.

11    Dated: May 16, 2007                 Bailey Pinney PC

12

13

14                       By _____
                             Bonnie Mac Farlane

15                               Attorney for Plaintiff Art Navarro

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

1   **Bailey Pinney PC**
    **Shelby L. Clark**, Cal. Bar No. 203606
2   1498 SE Tech Center Place, Suite 290
    Vancouver, Washington 98683
3   Sclark@wagelawyer.com
    Telephone: (800) 882-8351  Fax: (360) 567-3331
4
    **Bonnie Mac Farlane**, Cal. Bar No. 161526
5   720 Howe Avenue, Suite 113
    Sacramento, CA 95825
6   Telephone: (800) 230-5528
    Fax: (800) 230-5866
7   BmacFarlane@wagelawyer.com
    Attorney for Plaintiff Art Navarro
8

9                **IN THE UNITED STATES DISTRICT COURT**

10               **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12  Art Navarro, individually and on behalf of        Case No.
    all others similarly situated
13                                                     **CONSENT TO BECOME A PARTY**
                    Plaintiff,                         **PLAINTIFF**
14
    vs.                                                Fair Labor Standards Act of 1938, 29
15                                                     U.S.C. § 216(b) (FLSA)
    The Pep Boys Manny Moe & Jack of
16  California, The Pep Boys -- Manny, Moe &
    Jack,
17
                    Defendants.
18

19

20      I, ART NAVARRO, hereby give my consent to be a party Plaintiff in this case pursuant to the

21  Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b).

22

23  Dated: 3-14-07                          By
                                                        Art Navarro
24

25

26

27

28

                        Consent to Become A Party Plaintiff - Case No.
                                            1