1

**Bailey Pinney PC**
**Shelby L. Clark**, Cal. Bar No. 203606
Sclark@wagelawyer.com
1498 SE Tech Center Place, Suite 290
Vancouver, Washington 98683
Telephone: (800) 882-8351  Fax: (360) 567-3331

**Bonnie Mac Farlane**, Cal. Bar No. 161526
BmacFarlane@wagelawyer.com
720 Howe Avenue, Suite 113
Sacramento, CA  95825
Telephone:  (800) 230-5528
Fax:  (800) 230-5866

Attorney for Plaintiff Art Navarro

### IN THE UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Art Navarro,** individually, and on behalf of all others similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act of 2004,<br><br>          Plaintiff,<br><br>v.<br><br>**The Pep Boys Manny Moe & Jack of California,** a California Corporation, **The Pep Boys - Manny, Moe & Jack,** a Pennsylvania Corporation,  and DOES 1-25 inclusive,<br><br>          Defendants. | Case No. c 07-2633 EMC<br><br>**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR:**<br><br>1.  Failure to Provide Rest Periods;<br>2.  Failure to Provide Meal Periods;<br>3.  Failure to Timely Pay Wages (Late Pay);<br>4.  Failure to Pay Wages;<br>5.  Failure to Pay Minimum Wages;<br>6.  Failure to Pay Minimum Wage (29 U.S.C. § 201 *et seq.*);<br>7.  Failure to Pay Overtime Wages;<br>8.  Failure to Pay Overtime Wage (29 U.S.C. § 201 *et seq.*);<br>9.  Failure to Provide Accurate Itemized Wage Statements;<br>10. Failure to Pay Wages for "Split Shifts";<br>11. Uniform Violations;<br>12. Conversion of Wages; and<br>13. Unlawful Business Practices (Business and Professions Code §17200 *et seq.*)<br><br>[Pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, and the laws of the State of California including the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698, *et seq.*]<br><br>**CLASS ACTION**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Art Navarro (hereinafter, "Plaintiff"), individually and on behalf of others similarly

situated, brings this class action and collective action Complaint against Defendants, The Pep Boys Manny Moe & Jack of California, and The Pep Boys – Manny, Moe & Jack (hereinafter, "Pep Boys"), and alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action on behalf of current and former employees of Pep Boys to recover wages, including minimum wage and overtime, statutory wages, punitive damages, liquidated damages, and civil penalties, pursuant to California law for Defendants' failure to provide rest periods, failure to provide meal periods, failure to pay for all hours worked, failure to pay overtime and/or "premium" wages, failure to pay "split shift" wages and/or hours, failure to provide uniforms, and failure to timely pay wages at the termination of employment, and pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter, "FLSA") for Defendants' failure to pay minimum wage and overtime/ "premium" wages. Attached as Exhibit "A" is a copy of the letter mailed by the California Labor & Workforce Development Agency giving Plaintiff the right to pursue remedies pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 *et seq.*

2.    The Pep Boys Manny Moe & Jack of California is a wholly owned subsidiary of its parent corporation: The Pep Boys – Manny, Moe & Jack (collectively, "Pep Boys"). The Pep Boys – Manny, Moe & Jack is a Pennsylvania corporation with annual sales in excess of $2.2 billion.[1] Pep Boys has 593 stores in 36 states and Puerto Rico. The stores feature an extensive assortment of automotive parts, accessories, tires, and batteries as well as automotive repair and maintenance services. Pep Boys operates 121 stores in California, with each store employing approximately 34 employees. Thus, Pep Boys has approximately 4,114 employees per year in California.

3.    Pep Boys is an employer whose employees engage in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 203. Pep Boys is also an employer pursuant to California law.

4.    Pep Boys requires its employees to work "off the clock," ("off the clock" is defined as

---

[1]http://www.pepboys.com/about/media/fact_sheet.html

1  work that was unpaid but provided to Pep Boys by Plaintiff and others similarly situated)  i.e., Pep

2  Boys requires its employees to begin working before clocking in for their scheduled shift and

3  continue working after clocking out, without compensation, in violation of California law and the

4  FLSA.  Pep Boys does not pay wages, including minimum wage and overtime, as required by

5  California law and the FLSA.  Pep Boys works its employees without providing the rest and meal

6  periods required by California law.  Pep Boys does not provide accurate itemized wage statements as

7  required by California law.  Pep Boys does not pay its employees wages when due under California

8  law.  Pep Boys does not pay its employees "split shift" wages as required by California law.  Pep

9  Boys requires employees to purchase uniforms as a condition of their employment in violation of

10  California law.  Pursuant to California's strong policy of assuring employees are paid all their wages,

11  are timely paid their wages, and are provided uninterrupted rest periods and meal periods, Plaintiff

12  seeks appropriate recoveries including costs of suit, attorneys' fees, interest, and other relief the court

13  deems necessary.

14      5.    Plaintiff worked for Pep Boys in Santa Ana, California from March, 2005 to

15  September, 2006. Plaintiff initially held the position of Assistant Manager and was paid at an hourly

16  rate.  On average, Plaintiff estimates that he was not paid for approximately 10 hours of work per

17  week.  Eventually, he was promoted to the salaried position of Store Manager. Although Plaintiff

18  was classified as a salaried employee, 70% to 75% of his job tasks were non-managerial.

19      6.    Pep Boys classifies Store Managers as salaried employees exempt from overtime

20  wages, split shift wages, and rest and meal periods in violation of California law.  Although, Store

21  Managers spend far more than 50% of their time engaged in non-exempt activities normally

22  performed by hourly employees,  Pep Boys did not pay Plaintiff and others similarly situated wages

23  including minimum wages and overtime, did not pay "split shift" wages, nor provided accurate

24  itemized wage statements,  nor did Pep Boys provide rest periods and meal periods in compliance

25  with California law and/or the FLSA.

26                                    **PARTIES**

27      7.    At all material times, Plaintiff and others similarly situated were current or former

28  employees of Pep Boys, and subject to California State wage and hour provisions as well as the

1  FLSA.

2      8.    At all material times alleged in this complaint, The Pep Boys Manny Moe & Jack of

3  California was doing and continues to do business in the State of California as "Pep Boys" and is a

4  California corporation.  At all material times alleged in this complaint, The Pep Boys – Manny, Moe

5  & Jack was doing and continues to do business in California as "Pep Boys" and is a Pennsylvania

6  corporation.

7      9.    Plaintiff, at the time of filing this Complaint, is an individual who resides in the State

8  of California and who is a citizen of the State of California.

9      10.    Plaintiff, at all times relevant herein, was a resident of Santa Fe Springs, California,

10  and was a citizen of the State of California at the time of his allegations against Pep Boys.

11      11.    The Pep Boys Manny Moe & Jack of California, is a company organized and existing

12  under the laws of California.  The Pep Boys – Manny, Moe & Jack, is a company organized and

13  existing under the laws of Pennsylvania.  Both Defendants have their principal place of business in

14  Pennsylvania.

15      12.    Plaintiff alleges that Defendants, DOES One through Twenty-five, acted together in

16  committing violations of the California Labor Code, Industrial Welfare Commission ("IWC") wage

17  orders, the FLSA. and all other applicable laws and/or regulations for the claims alleged herein .

18      13.    The true names and capacities of Defendants, DOES One through Twenty-five,

19  inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious

20  names.  Plaintiff will seek leave of court to amend this Complaint to insert the true names and

21  capacities of said fictitiously named Defendant when the same have been ascertained.

22      14.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times herein

23  mentioned, each Defendant was the agent, representative, principal, servant, employee, partner, alter

24  ego, joint venture, successor-in-interest, assistant, and/or consultant of each and every remaining

25  Defendant, and as such, was at all times acting within the course, scope, purpose and authority of said

26  agency, partnership and/or employment, and with the express or implied knowledge, permission,

27  authority, approval, ratification and consent of the remaining Defendants and each Defendant was

28  responsible for the acts alleged herein and was an "employer" as set forth by California law and the

1  FLSA, and all Defendants herein were also negligent and reckless in the selection, hiring, and

2  supervision of each and every other Defendant as an agent, representative, principal, servant,

3  employee, partner, alter ego, joint venture, successor-in-interest, assistant, and/or consultant.

4  **JURISDICTION**

5  15.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §

6  1331 and 29 U.S.C. § 216(b).

7  16.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) to recover wages,

8  statutory damages, liquidated damages, punitive damages, and civil penalties for current and former

9  employees of Pep Boys.  Pep Boys owes unpaid wages, including minimum wages and overtime.

10  Pep Boys also made late payments of final wages, nor paid "split shift" wages, nor provided

11  uninterrupted rest and meal breaks in violation of California wage and hour laws, including the

12  California Labor Code, IWC Wage Orders, and all other applicable California laws.  The amount in

13  controversy exceeds $5,000,000.00 exclusive of interest and costs.  The class will exceed 100

14  members as Pep Boys currently employs approximately 4,114 workers in California.  Further,

15  Plaintiff is diverse from Pep Boys.

16  17.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to

17  28 U.S.C. § 1367.

18  **VENUE AND INTRADISTRICT JURISDICTION**

19  18.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(a)  because this Court has

20  personal jurisdiction over Pep Boys, which: (1) conducts business in the State of California,

21  including Alameda County,  (2) hires and maintains employees in the State of California, including

22  Alameda County, and (3) avails itself of the protection of the laws of the State of California.  Further,

23  pursuant to Cal. Bus. and Prof. Code § 17203, Defendant may be enjoined in any court of competent

24  jurisdiction.

25  19.    Pursuant to Civil L.R. 3-2, assignment to the Oakland Division of the U.S. District

26  Court for the Northern District of California is appropriate because Pep Boys maintains stores in

27  Alameda County as well as elsewhere in the State of California.  Plaintiff respectfully requests

28  assignment to the Oakland Division.

# CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action to recover statutory damages and monies due and owing for all current and former employees of Pep Boys, for its failure to pay wages, including minimum wages and overtime, failure to provide rest periods, failure to provide meal periods, failure to timely pay wages at the termination of employment, failure to provide accurate itemized wage statements, failure to pay for "split shifts" wages, Pep Boys' requirement that employees purchase uniforms as a condition of employment in violation of California law and/or the FLSA.

21.     Plaintiff prosecutes this Complaint pursuant to Rule 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure and the FLSA, on behalf of current and former employees. Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members.  The conduct at issue in this case affected Plaintiff and all purported class members.  Pep Boys employs approximately 4,114 employees in California, therefore, based on information and belief, the members of the class exceeds 100 persons, and that number will increase depending upon employee turnover.

22.     Pep Boys failed to make immediate payment of all wages due and owing to Plaintiff and others similarly situated when their jobs were terminated, as required by California law.

23.     Pep Boys suffered, permitted, and allowed Plaintiff and others similarly situated to perform work for the benefit of Pep Boys while "off the clock" and without compensation in violation of California law and the FLSA.

24.     Pep Boys is required to provide uninterrupted duty-free rest periods to Plaintiff and others similarly situated.  Pursuant to California law, Pep Boys is required to provide an uninterrupted duty-free 10 minute rest period for every four hours worked or major fraction thereof.

25.     Pep Boys failed to provide uninterrupted duty-free rest periods to Plaintiff and others similarly situated in compliance with California law.

26.     Pep Boys is required to provide uninterrupted duty-free meal periods to Plaintiff and others similarly situated.  Pursuant to California law, Pep Boys is required to provide an uninterrupted duty-free 30 minute meal period after 5 hours of work per day, and Pep Boys is

1   required to provide a second uninterrupted duty-free 30 minute meal period after 10 hours of work

2   per day.

3       27.    Pep Boys failed to provide uninterrupted duty-free meal periods to Plaintiff and others

4   similarly situated in compliance with California law.

5       28.    Because Pep Boys required Plaintiff and others similarly situated to work instead of

6   providing uninterrupted duty-free rest periods and meal periods, Plaintiff and others similarly

7   situated are owed wages and statutory wages pursuant to California law.

8       29.    Pep Boys is required to provide accurate itemized wage statements for each pay period

9   to Plaintiff and others similarly situated pursuant to California law.  Pep Boys failed to provide

10  accurate itemized wage statements to Plaintiff and others similarly situated.  Because Pep Boys failed

11  to provide accurate itemized statements of wages, Pep Boys owes actual damages to Plaintiff and

12  others similarly situated.

13      30.    Pep Boys is required to pay for "split shifts" worked by Plaintiff and others similarly

14  situated, pursuant to California law.  Pep Boys failed to pay Plaintiff and others similarly situated for

15  "split shifts" worked.  Because Pep Boys failed to pay "split shift" premiums, Pep Boys owes wages

16  to Plaintiff and others similarly situated.

17      31.    Pep Boys required Plaintiff and others similarly situated to purchase uniforms as a

18  condition of their employment.  In so doing, Pep Boys violated the requirements of California law

19  and owes Plaintiff and others similarly situated actual damages.

20      32.    Pursuant to California law, Pep Boys is required to properly classify its employees as

21  hourly employees entitled to wages, including minimum wage, overtime  and "split shift" wages, as

22  well as required to provide rest and meal periods, and provide accurate itemized wage statements.

23  Pep Boys failed to properly classify Plaintiff and others similarly situated as non-exempt hourly

24  employees, instead Pep Boys wrongly classified Plaintiff and all others similarly situated as exempt.

25  In so doing, Pep Boys violated California law and the FLSA, and owes wages including minimum

26  wage, overtime wage, "split shift" wages, statutory wages and statutory damages to Plaintiff and

27  others similarly situated for the miss-classification as exempt employees.

28  ///

33.    Pep Boys' applicable actions alleged herein were willful, malicious, fraudulent, and oppressive.

34.    Because Pep Boys failed to pay wages, Pep Boys committed the act of conversion over the property (unpaid wages) of Plaintiff and others similarly situated.  In refusing to pay wages to Plaintiff, as alleged herein, Pep Boys unlawfully and intentionally took and converted the property of Plaintiff to its own use.  At the time the conversion took place, Plaintiff was entitled to immediate possession of the amounts of wages payable.  Pep Boys' conversion was oppressive, malicious, and fraudulent.  Pep Boys owes Plaintiff and others similarly situated the value of the property at the time of the conversion, interest from that time, and fair compensation for the time and money properly expended in pursuit of the property pursuant to California law, including but not limited to Cal. Civ. Code §§ 3336 and 3337.  Plaintiff seeks all wages, interest, and related sums wrongfully converted by Pep Boys.  Plaintiff seeks exemplary damages pursuant to California law, including but not limited to Cal. Civ. Code § 3294.

35.    Pep Boys' actions, detailed herein, were part of a corporate plan, practice, course of conduct, and scheme, which affected all employees who worked for Pep Boys.  As a direct and proximate result of Pep Boys' unlawful companywide plan, practice, course of conduct, and scheme, Plaintiff and others similarly situated (1) were required to work through mandatory rest and meal periods required by California law,  (2) were not compensated for the unprovided rest and meal periods, (3) were not paid their wages on time, and (4) were victimized by Pep Boys' policies and practices set forth herein.  Plaintiff and others similarly situated are entitled to recover monies for the unprovided rest periods and meal periods, including but not limited to statutory wages and penalty wages.  Plaintiff and others similarly situated are entitled to request injunctive relief.  Also, Plaintiff and others similarly situated are entitled to recover appropriate reasonable attorneys' fees, costs, and interest.

36.    **DEFINITION OF SUB-CLASSES** - Plaintiff seeks class certification to include, but not limited to, the following potential subclasses, pursuant to Rule 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure.

///

A.  **UNPAID REST PERIOD CLASS** - Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, a class consists of Plaintiff and others similarly situated, who worked for Pep Boys, and who did not receive duty-free rest periods as required by California law.

B.  **UNPAID MEAL PERIOD CLASS** – Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, a class consists of Plaintiff and others similarly situated, who worked for Pep Boys, and who did not receive required meal periods as required by California law.

C.  **UNPAID WAGES CLASS** – Within the applicable time period prior to the filing of the of this action up through and including the present date through adjudication a class consists of the Plaintiff and others similarly situated whose employment with Pep Boys ended, who did not receive all wages when due as required by California law.

D.  **LATE PAYMENT CLASS** - Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, a class consists of Plaintiff and others similarly situated, whose employment with Pep Boys ended, who did not receive all wages when due as required by California law.

E.  **MINIMUM WAGE CLASS** - Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, a class consists of Plaintiff and others similarly situated, who worked for Pep Boys and who were not paid wages at the minimum wage for all hours worked.

F.  **OVERTIME CLASS** - Within the applicable time period prior to the filing of this action up through and including the present date through adjudication, a class consists of Plaintiff and others similarly situated, who worked for Pep

1  Boys, and who were not paid at the applicable premium rate for all hours

2  worked in excess of the statutory maximum hours per day, and/or in excess of

3  the statutory maximum hours per week.

4  G.  **ITEMIZED WAGE STATEMENT CLASS** – Within the applicable time

5  period prior to the filing of this action up through and including the present

6  date through adjudication, a class consists of Plaintiff and others similarly

7  situated, who worked for Pep Boys, and whose wage statements provided by

8  Pep Boys were inaccurate.

9  H.  **SPLIT SHIFT CLASS** – Within the applicable time period prior to the filing

10  of this action up through and including the present date through adjudication,

11  a class consists of Plaintiff and others similarly situated, who were required to

12  work Pep Boys established schedules that were interrupted by non-paid, non-

13  working periods other than bona fide rest or meal periods.

14  I.  **UNIFORMS CLASS** – Within the applicable time period prior to the filing

15  of this action up through and including the present date through adjudication,

16  a class consists of Plaintiff and others similarly situated, who were required to

17  purchase uniforms as a condition of their employment at any time.

18  J.  **CONVERSION CLASS** – Within three years prior to the filing of this action

19  up through and including the present date through adjudication, a class

20  consists of Plaintiff and others similarly situated, who worked for Pep Boys,

21  and whose wages were converted by Pep Boys.

22  K.  **BUSINESS AND PROFESSIONS CLASS** – Within four years prior to the

23  filing of this action up through and including the present date through

24  adjudication, a class consists of Plaintiff, and others similarly situated, who

25  were not paid wages by Pep Boys, including minimum wage and overtime,

26  who were not provided duty-free mandatory rest and meal periods and who are

27  owed statutory wages.

28  ///

1    37.    **DEFINITION OF COLLECTIVE ACTION CLASSES** - Plaintiff seeks class

2  certification to include, but not limited to, the following potential classes, pursuant to 29 U.S.C. §

3  216(b).

4        A.    **FAIR LABOR STANDARDS ACT MINIMUM WAGE CLASS** -Within

5            the applicable time period prior to the filing of this action up through and

6            including the present date through adjudication, a class consists of Plaintiff

7            and others similarly situated who worked for Pep Boys, and who were not paid

8            wages at the minimum wage for each hour worked.

9        B.    **FAIR LABOR STANDARDS ACT OVERTIME CLASS** - Within the

10           applicable time period prior to the filing of this action up through and

11           including the present date through adjudication, a class consists of Plaintiff

12           and others similarly situated who worked for Pep Boys, and who were not paid

13           at the applicable premium rate for each hour worked in excess of the statutory

14           maximum hours per day, and in excess of the statutory maximum hours per

15           week.

16    38.    **NUMEROSITY** - Based on information and belief, the members of the State wage

17  and hour class exceeds 100 persons.  Plaintiff estimates that Pep Boys employs approximately 4,114

18  employees per year in the State of California.  This number may increase, depending upon the

19  turnover rate for employees over the applicable statutory period prior to the commencement of this

20  action.

21    39.    **QUESTIONS OF LAW AND FACT** - Common questions of law and fact exist as to

22  all class and subclass members, and predominate over any questions that affect only individual class

23  members.  The conduct at issue in this case affected all former Pep Boys employees.  Common

24  questions include:

25        A.    Whether Plaintiff and class members are subject to California State wage and

26            hour laws.

27        B.    Whether Plaintiff and class members are subject to the FLSA.

28        C.    Whether Pep Boys failed to provide Plaintiff and class members with rest

1    periods as required by California law.

2    D.    Whether Pep Boys failed to provide Plaintiff and class members with meal

3    periods as required by California law.

4    E.    Whether Plaintiff and class members worked hours and were not paid

5    minimum wages for those hours.

6    F.    Whether Plaintiff and class members worked over 8 and/or 12 hours per day

7    and/or worked over 40 hours per week, entitling Plaintiff and class members

8    to overtime.

9    G.    Whether Plaintiff and class members performed work for Pep Boys while "off

10    the clock" and without compensation.

11    H.    Whether Plaintiff and others similarly situated were required to work "split

12    shifts" for Pep Boys without compensation.

13    I.    Whether Plaintiff and others similarly situated were required to purchase

14    uniforms as a condition of their employment with Pep Boys.

15    J.    Whether Pep Boys failed to pay Plaintiff and class members all wages due

16    after termination of their employment when those wages were due.

17    K.    Whether Pep Boys failed to properly classify Plaintiff and similarly situated

18    class members as non-exempt hourly employees entitled to overtime wages,

19    rest periods, and meal periods.

20    L.    Whether Pep Boys failed to provide Plaintiff and class members with accurate

21    itemized wage statements.

22    M.    Whether Pep Boys converted property by failing to pay wages.

23    N.    Which remedies are available for violations of California State wage and hour

24    laws.

25    O.    Which statute of limitations is appropriate for each claim for relief.

26    40.    **TYPICALITY** - The claims of the named Plaintiff are typical of the claims of the

27    members of the wage and hour class in that:

28    ///

A.    Plaintiff is a member of the class.

B.    Plaintiff's claims stem from the same practices or courses of conduct that form the basis of the class.

C.    Plaintiff's claims are based upon the same legal and remedial theories as those of the class and involve similar factual circumstances.

D.    There is no antagonism between the interests of the named Plaintiff and absent class members.

E.    The injuries which Plaintiff suffered are similar to the injuries which class members have suffered.

41.    **REPRESENTATION BY PLAINTIFF** -  The named Plaintiff will fairly and adequately represent the class in that:

A.    There is no conflict between Plaintiff's claims and those of other class and subclass members.

B.    Plaintiff has retained counsel who are skilled and experienced in wage and hour cases and in class actions and who will vigorously prosecute this litigation.

C.    Plaintiff's claims are typical of the claims of class members.

42.    **CERTIFICATION -** of Plaintiff's claims is appropriate because:

A.    Common questions of law or fact predominate over questions affecting only individual members.

B.    The forum is convenient to the parties, class members, and potential witnesses; the class is specifically identifiable to facilitate provision of adequate notice; and there will be no significant problems managing this case as a class action.

C.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual class members have minimal interest in controlling the prosecution of separate actions.

///

1

**FACTS**

2    43.    Plaintiff, Art Navarro, was a full-time employee of Pep Boys in Santa Ana, California

3    from March 2005 to September 2006.

4    44.    For approximately the first four months of his employment with Pep Boys, Mr.

5    Navarro worked as an assistant manager and was paid on an hourly basis.

6    45.    In his position as assistant manager, Mr. Navarro estimates that he was forced to work

7    five to ten hours per week "off the clock."  Pep Boys failed to pay Mr. Navarro for this time worked

8    "off the clock."

9    46.    While he was working as an assistant manager, Pep Boys failed to provide Mr.

10    Navarro with rest periods and meal periods or the rest and meal periods were interrupted where he

11    was required to work.  Mr. Navarro did not receive rest breaks and he received rest breaks that were

12    interrupted at least nine to ten times per week.  Further, Mr. Navarro did not receive meal breaks and

13    received interrupted meal breaks approximately four to five times per week.

14    47.    After approximately four months of employment with Pep Boys, Mr. Navarro was

15    promoted to store manager and was paid on a salaried basis.  He continued in this position until he

16    left Pep Boys in September 2006.

17    48.    Although classified as a salaried managerial employee, 70% to 75% of the tasks Mr.

18    Navarro performed for Pep Boys were non-managerial in nature.

19    49.    In his position as store manager, Mr. Navarro was forced to work 55 to 60 hours a

20    week.  Pep Boys only paid Mr. Navarro for the equivalent of 40 hours per week.

21    50.    While he was working as store manager, Pep Boys failed to provide Mr. Navarro with

22    rest periods and meal periods.  Mr. Navarro did not receive rest and meal breaks and received

23    interrupted rest and meal breaks .

24    51.    During his employment with Pep Boys, Mr. Navarro would often have to travel to

25    another store after clocking out for the day, to attend store meetings.  This occurred approximately

26    once a week.

27    52.    Mr. Navarro was required to purchase uniforms while employed with Pep Boys.

28    ///

53.     Mr. Navarro provided Pep Boys with 72 hours' notice of his intention to terminate his employment with Pep Boys.  His last day of work was September 28, 2006.  Mr. Navarro did not receive his final paycheck until six days later, on October 3, 2006.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(Failure to Provide Rest Periods)**

54.     Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

55.     At all times material herein, Plaintiff and others similarly situated were employed by Pep Boys.

56.     The California Labor Code and the IWC wage orders  provide for minimum employment conditions to be followed by all employers within the State of California.  California law, including, but not limited to, Cal. Lab. Code §§ 226.7, 516, and IWC wage orders, including but not limited to IWC wage order 7-2001, require that employees receive a paid, duty-free rest period of not less than ten (10) minutes for each period of four (4) hours worked.

57.     Within the applicable time period prior to the filing of this Complaint up through and including the present date through adjudication, Pep Boys failed to provide Plaintiff and others similarly situated with duty-free rest periods of not less than ten minutes, as required by law, and failed to pay Plaintiff and others similarly situated for those rest periods not provided or interrupted, including statutory wages and penalty wages pursuant to Cal. Lab. Code §§ 203 and 226.7.  Pep Boys' failure to provide uninterrupted duty-free rest periods was willful, malicious, fraudulent, and oppressive.

58.     Plaintiff and others similarly situated seek statutory wages and penalty wages for the three years prior to the filing of this Complaint, plus costs, interest, disbursements, and attorneys' fees pursuant to California law, including but not limited to Cal. Lab. Code §§ 203, 204, 218.5, 218.6, and 226.7.  Plaintiff has given notice to Pep Boys and to the California Labor and Workforce Development Agency (LWDA) of Pep Boy's violations of California law including, but not limited to, Cal. Lab. Code §§  203, 204, and 226.7.  Plaintiff has received permission from the LWDA to

1    pursue civil penalties, therefore, Plaintiff is entitled to receive civil penalties and attorney's fees

2    pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 et *seq.* including, but

3    not limited to, Cal. Lab. Code §§ 210 and 2699.

### SECOND CLAIM FOR RELIEF

**(Failure to Provide Meal Periods)**

6    59.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though

7    fully set forth herein.

8    60.    At all times material herein, Plaintiff and others similarly situated were employed by

9    Pep Boys.

10    61.    The California Labor Code and the IWC provide for minimum employment

11    conditions to be followed by all employers within the State of California.  California law, including

12    but not limited to, Cal. Lab. Code §§ 226, 512, 516, and IWC wage orders require, in part, that

13    employees receive an uninterrupted duty-free meal period of not less than thirty (30) minutes for

14    each shift over five hours.

15    62.    Within the applicable time period prior to the filing of this Complaint up through and

16    including the present date through adjudication, Pep Boys failed to provide Plaintiff and others

17    similarly situated with uninterrupted meal periods of not less than thirty (30) minutes in violation of

18    California law, including but not limited to, Cal. Lab. Code §§ 226.7, 512, 516, and IWC wage

19    orders.  Pep Boys failed to pay Plaintiff and others similarly situated for those meal periods not

20    provided or interrupted.  Pep Boys' failure to provide uninterrupted duty-free meal periods was

21    willful, malicious, fraudulent, and oppressive.

22    63.    As a result of Pep Boys' failure to provide duty-free meal periods as required,

23    Plaintiff and others similarly situated are entitled to recover statutory wages for those meal periods

24    that were not provided plus penalty wages, as required by California law, including but not limited to

25    Cal. Lab. Code §§ 203 and 226.7.

26    64.    Plaintiff and others similarly situated seek statutory wages and penalty wages for the

27    three years prior to filing of this Complaint, plus costs, interest, disbursements, and attorneys' fees

28    pursuant to California law, including but not limited to Cal. Lab. Code §§ 203, 204, 218.5, 218.6,

1    and 226.7.  Plaintiff has given notice to Pep Boys and to the California Labor and Workforce

2    Development Agency (LWDA) of Pep Boy's violations of California law including, but not limited

3    to, Cal. Lab. Code §§ 203, 204, 226.7, and 512.  Plaintiff has received permission from the LWDA

4    to pursue civil penalties, therefore, Plaintiff is entitled to receive civil penalties and attorney's fees

5    pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 et *seq*. including, but

6    not limited to, Cal. Lab. Code §§ 210, 558 and 2699.

7                                    **THIRD CLAIM FOR RELIEF**

8                                      **(Late Payment of Wages)**

9            65.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though

10    fully set forth herein.

11           66.    At all times material herein, Plaintiff and others similarly situated were employed by

12    Pep Boys.

13           67.    Within the applicable time period prior to the filing of this Complaint up through and

14    including the present date through adjudication, Pep Boys willfully failed to pay all wages to

15    Plaintiff and others similarly situated upon termination of their employment, when those wages were

16    due.  Pep Boys' failure to timely pay wages was willful, malicious, fraudulent, and oppressive.  This

17    willful failure entitles Plaintiff and others similarly situated to 30 days of penalty wages for each pay

18    period when wages were not paid as required by California law, including, but not limited to, Cal.

19    Lab. Code §§ 201, 202, and 203.

20           68.    Plaintiff and others similarly situated seek penalty wages for the applicable time

21    period prior to filing of this Complaint, plus costs, interest, disbursements, and attorneys' fees

22    pursuant to California law, including, but not limited to, Cal. Lab. Code §§ 201, 202, 203, 204,

23    218.5, and 218.6.  Plaintiff has given notice to Pep Boys and to the California Labor and Workforce

24    Development Agency (LWDA) of Pep Boy's violations of California law including, but not limited

25    to, Cal. Lab. Code §§ 201, 202, 203 and 204.  Plaintiff has received permission from the LWDA to

26    pursue civil penalties, therefore, Plaintiff is entitled to receive civil penalties and attorney's fees

27    pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 et *seq*. including, but

28    not limited to, Cal. Lab. Code §§ 210 and 2699.

# FOURTH CLAIM FOR RELIEF

## (Failure to Pay Wages)

69.     Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

70.     At all times material herein, Plaintiff and others similarly situated were employed by Pep Boys.

71.     Within three years prior to filing of this Complaint up through and including the present date through adjudication, Pep Boys failed to pay wages as required by California law.

72.     During the course of Plaintiff's employment, Pep Boys allowed, suffered and permitted, Plaintiff and others similarly situated to perform work for the benefit of Pep Boys instead of paying wages.

73.     As a result, Plaintiff and other similarly situated, are entitled to wages pursuant to California law, including, but not limited to Cal. Lab. Code §§ 203 and 218.

74.     Pep Boys behavior in failing to pay Plaintiff and others similarly situated for each hour worked was willful, malicious, fraudulent, and oppressive and there remain due and unpaid wages in amounts to be determined.

75.     Plaintiff, on his behalf, and on behalf of others similarly situated, seeks wages and penalty wages in an amount to be determined, pursuant to California law, including, but not limited to, Cal. Lab. Code §§ 203, 204, and 218, plus costs, interest, disbursements and attorneys' fees pursuant to California law, including, but not limited to, Cal. Lab. Code §§ 218.5 and 218.6. Plaintiff has given notice to Pep Boys and to the California Labor and Workforce Development Agency (LWDA) of Pep Boy's violations of California law including, but not limited to, Cal. Lab. Code §§ 203 and 204.  Plaintiff has received permission from the LWDA to pursue civil penalties, therefore, Plaintiff is entitled to receive civil penalties and attorney's fees pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 et *seq*. including, but not limited to, Cal. Lab. Code §§ 210 and 2699.

///

///

**FIFTH CLAIM FOR RELIEF**

**(Failure to Pay Minimum Wage)**

76.     Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

77.     At all times material herein, Plaintiff and others similarly situated were employed by Pep Boys.

78.     Within the applicable time period prior to filing of this Complaint up through and including the present date through adjudication, Pep Boys failed to pay minimum wages to Plaintiff and others similarly situated, as required by California law.

79.     During the course of Plaintiff's employment, Pep Boys allowed, suffered, and permitted Plaintiff and others similarly situated, to perform work for the benefit of Pep Boys without paying minimum wages to Plaintiff and others similarly situated.

80.     Pep Boys failed to compensate Plaintiff and others similarly situated for the hours of work provided by Plaintiff and others similarly situated.

81.     As a result, Plaintiff and others similarly situated are entitled to minimum wages pursuant to California law, including but not limited to Cal. Lab. Code §§ 203, 204, 1194, 1194.2 and 1197.

82.     Pep Boys' behavior in failing to pay Plaintiff and others similarly situated for each hour worked was willful, malicious, fraudulent, and oppressive and there remain due and unpaid minimum wages in amounts to be determined.

83.     Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages minimum wages in an amount to be determined, liquidated damages, fees, and penalty wages pursuant to California law, including but not limited to Cal. Lab. Code §§ 203, 204, 1194, 1194.2 and 1197, plus costs, interest, disbursements, and attorneys' fees pursuant to California law, including, but not limited to, Cal. Lab. Code §§ 1194.  Plaintiff has given notice to Pep Boys and to the California Labor and Workforce Development Agency (LWDA) of Pep Boy's violations of California law including, but not limited to, Cal. Lab. Code §§ 203, 204, 1194, and 1197.  Plaintiff has received permission from the LWDA to pursue civil penalties, therefore, Plaintiff is entitled to

1   receive civil penalties and attorney's fees pursuant to the Private Attorney General Act of 2004, Cal.

2   Lab. Code § 2698 et *seq*. including, but not limited to, Cal. Lab. Code §§ 210,1197.1, and 2699.

3   ### SIXTH CLAIM FOR RELIEF

4   **(FLSA Violations–Failure to Pay Minimum Wage)**

5   84.   Plaintiff incorporates the allegations contained in all preceding paragraphs as though

6   fully set forth herein.

7   85.   At all times material herein, Plaintiff and others similarly situated were employed by

8   Pep Boys.

9   86.   Within the applicable time period prior to the filing of this Complaint up through and

10   including the present date through adjudication, Pep Boys failed to pay minimum wages to Plaintiff

11   and others similarly situated as required by the FLSA.

12   87.   During the course of Plaintiff's employment, Pep Boys allowed, suffered, and

13   permitted Plaintiff and others similarly situated to perform work for the benefit of Pep Boys.

14   88.   Pep Boys failed to pay minimum wages to Plaintiff and others similarly situated for the

15   hours of work provided by Plaintiff and others similarly situated pursuant to the FLSA, including but

16   not limited to 29 U.S.C. §§ 206 and 215(a).

17   89.   Pep Boys' behavior in failing to pay Plaintiff and others similarly situated for each

18   hour worked was willful, and there remain due and unpaid minimum wages in amounts to be

19   determined.

20   90.   Pep Boys failed to make, keep, and preserve records of Plaintiff and others similarly

21   situated pursuant to the FLSA, including but not limited to 29 U.S.C. §§ 211(c) and 215(a).  As a

22   result of Pep Boys' failure to make, keep, and preserve records of Plaintiff and others similarly

23   situated, such records either do not exist or are insufficient to determine wages, hours, and other

24   conditions of employment.

25   91.   Pep Boys' failure to make, keep, and preserve records of Plaintiff and others similarly

26   situated was willful.

27   ///

28   ///

92.    Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages minimum wages in an amount to be determined, liquidated damages, and costs, interest, disbursements, and attorneys' fees, pursuant to the FLSA, including but not limited to 29 U.S.C. § 216(b).

### SEVENTH CLAIM FOR RELIEF

**(Failure To Pay Overtime)**

93.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though fully set forth herein.

94.    At all times material herein, Plaintiff and others similarly situated were employed by Pep Boys.

95.    Within the applicable time period prior to the filing of this Complaint up through and including the present date through adjudication, Pep Boys failed to pay overtime wages to Plaintiff and others similarly situated, as required by California law.

96.    During the course of Plaintiff's employment, Pep Boys allowed, suffered, and permitted Plaintiff and others similarly situated to perform work for the benefit of Pep Boys.

97.    Pep Boys failed to compensate Plaintiff and others similarly situated for the hours of work provided by Plaintiff and others similarly situated.

98.    In requiring Plaintiff and others similarly situated to work for the benefit of  Pep Boys, Pep Boys allowed, suffered, and permitted Plaintiff and others similarly situated to work hours in excess of the statutory maximums of 8 and/or 12 hours per day and/or 40 hours per week.  As a result, Plaintiff and others similarly situated are entitled to unpaid overtime wages pursuant to California law, including but not limited to Cal. Lab. Code §§ 500, 510, and 1194.

99.    Pep Boys' behavior in failing to pay Plaintiff and others similarly situated for each hour worked in excess of the statutory maximums hours per day and in excess of 40 hours per week was willful, malicious, fraudulent, and oppressive and there remain due and unpaid overtime wages in amounts to be determined.

100.    Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages overtime wages in an amount to be determined, fees, and penalty wages pursuant to California law,

1    including but not limited to Cal. Lab. Code §§ 203, 204, 500, 510, 1194, and 1198 plus costs, interest

2    disbursements, and attorneys' fees pursuant to California law, including but not limited to Cal. Lab.

3    Code § 1194.  Plaintiff has given notice to Pep Boys and to the California Labor and Workforce

4    Development Agency (LWDA) of Pep Boy's violations of California law including, but not limited to,

5    Cal. Lab. Code §§ 203, 204, 510, 1194, and 1198.  Plaintiff has received permission from the LWDA

6    to pursue civil penalties, therefore, Plaintiff is entitled to receive civil penalties and attorney's fees

7    pursuant to the Private Attorney General Act of 2004, Cal. Lab. Code § 2698 et *seq*. including, but not

8    limited to, Cal. Lab. Code §§ 210, 558, and 2699.

9    **<u>EIGHTH CLAIM FOR RELIEF</u>**

10   **(FLSA Violations–Failure to Pay Overtime Wage)**

11        101.   Plaintiff incorporates the allegations contained in all preceding paragraphs as though

12   fully set forth herein.

13        102.   At all material times herein, Plaintiff and others similarly situated were employed by Pep

14   Boys.

15        103.   Within the applicable time period prior to the filing of this Complaint up through and

16   including the present date through adjudication, Pep Boys failed to pay overtime wages to Plaintiff and

17   others similarly situated as required by the FLSA.

18        104.   During the course of Plaintiff's employment, Pep Boys allowed, suffered, and permitted

19   Plaintiff and others similarly situated to perform work for the benefit of Pep Boys.

20        105.    Pep Boys failed to pay overtime wages to Plaintiff and others similarly situated for the

21   hours of work provided by Plaintiff and others similarly situated in excess of 40 hours per week

22   pursuant to the FLSA, including but not limited to 29 U.S.C. §§ 207 and 215(a).

23        106.   Pep Boys' behavior in failing to pay Plaintiff and others similarly situated overtime

24   wages for each hour worked in excess of 40 hours per week was willful, and there remain due and

25   unpaid overtime wages in amounts to be determined.

26        107.   Pep Boys failed to make, keep, and preserve records of Plaintiff and others similarly

27   situated pursuant to the FLSA, including but not limited to 29 U.S.C. §§ 211(c) and 215(a).  As a

28   result of Pep Boys' failure to make, keep, and preserve records of Plaintiff and others similarly

1   situated, such records either do not exist or are insufficient to determine wages, hours, and other

2   conditions of employment.

3       108.   Pep Boys' failure to make, keep, and preserve records of Plaintiff and others similarly

4   situated was willful.

5       109.   Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages

6   overtime wages in an amount to be determined, liquidated damages, and costs, interest, disbursements,

7   and attorneys' fees pursuant to the FLSA, including but not limited to 29 U.S.C. § 216(b).

8       **NINTH CLAIM FOR RELIEF**

9       **(Failure to Provide Itemized Wage Statements)**

10       110.   Plaintiff incorporates the allegations contained in all preceding paragraphs as though

11   fully set forth herein.

12       111.   At all times material herein, Plaintiff and others similarly situated were employed by

13   Pep Boys.

14       112.   Pep Boys is required to comply with California wage and hour law.  Pep Boys is

15   required to provide accurate itemized wage statements for each pay period to Plaintiff and others

16   similarly situated pursuant to California law, including but not limited to Cal. Lab. Code § 226(a).

17       113.   Within the applicable time period prior to the filing of this Complaint up through and

18   including the present date through adjudication, Pep Boys failed to provide accurate itemized wage

19   statements to Plaintiff and others similarly situated, whereby Plaintiff and others similarly situated

20   were harmed.  Pep Boys' failure to provide accurate itemized wage statements was willful, malicious,

21   fraudulent, and oppressive.

22       114.   Plaintiff seeks payment of actual damages pursuant to Cal. Lab. Code § 226(e) for each

23   employee who did not receive accurate itemized wage statements during their employments with Pep

24   Boys.  Plaintiff also seeks the payment of costs, interest, and attorneys' fees pursuant to Cal. Lab. Code

25   §§ 218.5 and 218.6.  Plaintiff has given notice to Pep Boys and to the California Labor and Workforce

26   Development Agency (LWDA) of Pep Boy's violations of California law including, but not limited to,

27   Cal. Lab. Code § 226(a).  Plaintiff has received permission from the LWDA to pursue civil penalties,

28   therefore, Plaintiff is entitled to receive civil penalties and attorney's fees pursuant to the Private

1  Attorney General Act of 2004, Cal. Lab. Code § 2698 et *seq*. including, but not limited to, Cal. Lab.

2  Code §§ 226.3 and 2699.

3  ### **TENTH CLAIM FOR RELIEF**

4  **(Failure to Pay for Split Shifts)**

5  115.  Plaintiff incorporates the allegations contained in all preceding paragraphs as though

6  fully set forth herein.

7  116.  At all times material herein, Plaintiff and others similarly situated were employed by Pep

8  Boys.

9  117.  Section 4 of IWC Order 7-2001 provides in relevant part: "(C) When an employee

10  works a split shift, one (1) hour's pay at the minimum wage shall be paid in addition to the minimum

11  wage for that workday, except when the employee resides at the place of employment."

12  118.  Section 2(M) of IWC Order 7-2001 defines "split shift" as "a work schedule, which is

13  interrupted by non-paid non-working periods established by the employer, other than bona fide rest or

14  meal periods."

15  119.  Upon information and belief, at all times relevant hereto, neither Plaintiff nor others

16  similarly situated resided at their place of employment.

17  120.  At all times relevant hereto, Pep Boys failed to comply with Section 4 of IWC Order 7-

18  2001, by requiring its employees to work split shifts without paying the required compensation for the

19  split shift in the amount of one hour at the minimum wage for each day that the employee was required

20  to work a split shift and/ or failed to pay the minimum hours of pay.  This compensation, in a sum to

21  be proven at trial, is owed and unpaid.  Pep Boys' failure to pay split shift wages was willful,

22  malicious, fraudulent, and oppressive.

23  121.  Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages

24  wages in an amount to be determined, liquidated damages, and costs, interest, disbursements, and

25  attorneys' fees.  Plaintiff has given notice to Pep Boys and to the California Labor and Workforce

26  Development Agency (LWDA) of Pep Boy's violations of California law including, but not limited to,

27  Cal. Lab. Code § 204.  Plaintiff has received permission from the LWDA to pursue civil penalties,

28  therefore, Plaintiff is entitled to receive civil penalties and attorney's fees pursuant to the Private

1   Attorney General Act of 2004, Cal. Lab. Code § 2698 et *seq*. including, but not limited to, Cal. Lab.

2   Code §§ 210 and 2699.

3           **ELEVENTH CLAIM FOR RELIEF**

4             **(Uniforms Violation)**

5      122.   Plaintiff incorporates the allegations contained in all preceding paragraphs as though

6   fully set forth herein.

7      123.   At all times material herein, Plaintiff and others similarly situated were employed by

8   Pep Boys.

9      124.   Pep Boys' practice of requiring Plaintiff and others similarly situated to purchase and

10   wear uniforms as a condition of employment constitutes a *per se* violation of Cal. Lab. Code § 2802

11   and Cal. Code of Regs., tit. 8, § 11070 (9)(A).

12      125.  Pep Boys practice of requiring Plaintiff and others similarly situated to purchase and

13   wear uniforms as a condition of employment constitutes a *per se* violation of Cal. Lab. Code § 450 in

14   that Pep Boys has compelled and coerced its employees to patronize Pep Boys, by requiring the

15   mandatory purchase of uniforms.  Pep Boys' actions of requiring the mandatory purchase of uniforms

16   was willful, malicious, fraudulent, and oppressive.

17      126.   Plaintiff and others similarly situated have sustained damages as a direct and proximate

18   consequence of Pe Boy's illegal conduct, to wit, they have been forced to purchase uniforms.

19      127.   Plaintiff and others similarly situated are entitled under Cal. Code of Regs., tit. 8, §

20   11070(9)(A) to recover from Pep Boys any and all sums expended on uniforms as a condition of their

21   employment, and to any and all civil penalties provided by law.

22      128.   Plaintiff, on his behalf and on behalf of others similarly situated, seeks as damages

23   wages in an amount to be determined, liquidated damages, and costs, interest, disbursements, and

24   attorneys' fees.  Plaintiff has given notice to Pep Boys and to the California Labor and Workforce

25   Development Agency (LWDA) of Pep Boy's violations of California law including, but not limited to,

26   Cal. Lab. Code §§ 450 and 2802.  Plaintiff has received permission from the LWDA to pursue civil

27   penalties, therefore, Plaintiff is entitled to receive civil penalties and attorney's fees pursuant to the

28   Private Attorney General Act of 2004, Cal. Lab. Code § 2698 et *seq*. including, but not limited to, Cal.

1  Lab. Code § 2699.

2  **TWELFTH CLAIM FOR RELIEF**

3  **(Conversion of Wages)**

4      129.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though

5  fully set forth herein.

6      130.    At all times material herein, Plaintiff and others similarly situated were employed by

7  Pep Boys.

8      131.    Within three years prior to the filing of this Complaint up through and including the

9  present date through adjudication, Pep Boys failed to pay wages to Plaintiff and others similarly

10  situated and owes monies to Plaintiff and others similarly situated for failing to pay wages.

11      132.    At the time Plaintiff and others similarly situated provided labor to Pep Boys, wages

12  became due and payable to Plaintiff and others similarly situated for that labor. The unpaid wages

13  became the property of Plaintiff and others similarly situated, and Plaintiff and others similarly situated

14  had a right to possess their property.  By failing to pay earned wages, Pep Boys intentionally and

15  wrongfully obtained and held the wages earned by Plaintiffs and others similarly situated.

16      133.    Plaintiff did not consent to Pep Boys' conversion of his monies and Plaintiff was

17  harmed by Pep Boys' conversion of his monies.  Pep Boys' conversion of his monies was a substantial

18  factor in causing Plaintiff harm.

19      134.    As a result, those wages remain due and unpaid, and Plaintiff and others similarly

20  situated seek the value of the property at the time of the conversion, interest from that time, and fair

21  compensation for the time and money properly expended in pursuit of the property pursuant to Cal.

22  Civ. Code §§ 3336 and 3337.  Plaintiff and others similarly situated seek punitive damages pursuant to

23  Cal. Civ. Code § 3294.

24  **THIRTEENTH CLAIM FOR RELIEF**

25  **(Unfair Competition)**

26      135.    Plaintiff incorporates the allegations contained in all preceding paragraphs as though

27  fully set forth herein.

28      136.    At all times material herein, Plaintiff and others similarly situated were employed by

1    Pep Boys.

2        137.    Within four years prior to the filing of this Complaint up through and including the

3    present date through adjudication, Pep Boys failed to comply with the wage and hour provisions of the

4    State of California and the FLSA, as set forth herein.

5        138.    Plaintiff, individually and on behalf of the general public, alleges that at all relevant

6    times Pep Boys' actions, including but not limited to Pep Boys' violations of California law, the

7    California Labor Code, and the FLSA as set forth herein, constitute a continuing and ongoing unfair

8    and unlawful activity prohibited by Cal. Bus. and Prof. Code § 17200 *et seq.*, and justify restitution

9    and/or injunctive relief.

10        139.    Pep Boys' failure to comply with California State wage and hour law is likely to

11   continue.  These unlawful business practices mislead the public and present a continuing threat to the

12   public.  Plaintiff has suffered injury in fact and has lost money or property as a result of such unfair

13   competition.

14        140.    Pep Boys has engaged in unfair business practices in California through the illegal

15   employment practices outlined herein, including, but not limited to, failing to pay wages, including

16   minimum wage and overtime, failing to provide rest periods and meal periods, and failing to

17   compensate for sums due for labor, fees, and penalties according to California law and the FLSA.  Pep

18   Boys' use of such practices constitutes an unfair business practice, unfair competition, and provides an

19   unfair advantage over Pep Boys' competitors.

20        141.    Plaintiff alleges that, at all relevant times, Pep Boys has engaged in unlawful,

21   deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200 *et seq.*,

22   including those set forth in the paragraphs herein, thereby depriving Plaintiff and the public of the

23   minimum working conditions and standards due to them under the California labor laws, IWC Wage

24   Orders, and the FLSA.

25        142.    The Court is authorized to order restitution and/or an injunction as a remedy for any

26   violations of Cal. Bus. & Prof. Code § 17200 *et seq.*  Plaintiff seeks full restitution of said monies

27   from Pep Boys, as necessary and according to proof, to restore any and all monies withheld, acquired,

28   or converted by Pep Boys by means of the unfair business practices complained of herein.  Plaintiff, on

his behalf, and on behalf of others similarly situated seeks restitution in an amount to be determined, injunctive relief, costs, interest, and attorneys' fees pursuant to California law including, but not limited to, Cal. Bus. and Prof. Code § 17200 *et seq*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against Pep Boys as follows:

1. A determination that this action may be maintained as a "class action" pursuant to Fed. R. Civ. P. 23, and a determination that this action may be maintained as a "collective action" pursuant to the FLSA;

2. For all unpaid wages, "overtime" and/or "premium pay" wages, and minimum wages in an amount to be determined at the time of trial;

3. For all wages and other related sums converted by Pep Boys;

4. For any and all profits, whether direct or indirect, Pep Boys acquired by reason of its conversion, and for all remedies provided in Cal. Civ. Code §§ 3336 and 3337.

5. Pursuant to Cal. Bus. and Prof. Code § 17203, that Pep Boys be preliminarily and permanently enjoined from:  a) failing to pay wages for all hours worked; b) failing to provide Plaintiff mandatory rest periods and meal periods; and c) failing to pay statutory wages for failing to provide mandatory rest and meal periods.

6. Pursuant to Cal. Bus. and Prof. Code § 17203 and the equitable powers of this Court, that Pep Boys be ordered to restore to Plaintiff all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under Cal. Bus. and Prof. Code § 17200 *et seq*.

7. For restitutionary disgorgement of wages and related sums, wages, attorneys' fees, and all other remedies available pursuant to Cal. Bus. & Prof. Code § 17200 *et seq*.;

8. For statutory and penalty wages pursuant to the California Labor Code, including but not limited to sections 203, 226, 226.7, and 510;

9. For liquidated damages;

10. For punitive and exemplary damages;

///

11.      For costs and disbursements, pre-judgment and post-judgment interest in the amount of 10% per annum, liquidated damages, and attorneys' fees pursuant to Cal. Lab. Code §§ 218.5, 218.6, 1194, and 1194.2, and pursuant to the FLSA;

12.      An award for all "civil penalties" under the Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 *et seq*.; and

13.      For such further or alternative relief in favor of Plaintiff and all others similarly situated as the Court deems appropriate.

Dated: June 26, 2007           Bailey Pinney PC

By   /s/  _____
       Bonnie Mac Farlane
       Attorney for Plaintiff Art Navarro

## **JURY TRIAL DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil L. R. 3-6(a), Plaintiff demands a jury trial for all issues so triable.

Dated: June 26, 2007           Bailey Pinney PC

By   /s/  _____
       Bonnie Mac Farlane
       Attorney for Plaintiff Art Navarro

## **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L. R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: June 26, 2007           Bailey Pinney PC

By   /S/  _____
       Bonnie Mac Farlane
       Attorney for Plaintiff Art Navarro