MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY, State Bar No. 168181
M. MICHAEL COLE, State Bar No. 235538
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail:  emeckley@morganlewis.com
         mcole@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD, State Bar No. 119513
DONNA MO, State Bar No. 240621
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
E-mail:  jbattenfeld@morganlewis.com
         dmo@morganlewis.com

Attorneys for Defendants
The Pep Boys Manny Moe & Jack of California; and
The Pep Boys – Manny, Moe & Jack

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Art Navarro, individually, and on behalf of all others similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act of 2004,<br><br>Plaintiff,<br><br>vs.<br><br>The Pep Boys Manny Moe & Jack of California, a California Corporation, The Pep Boys - Manny, Moe & Jack, a Pennsylvania Corporation, and DOES 1-25 inclusive,,<br><br>Defendants. | Case No. C 07-2633 SI<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE**<br><br>[Fed. R. Civ. Proc. 12(f)]<br><br>Judge:  Hon. Susan Illston<br>Date:   September 21, 2007<br>Time:  9:00 a.m.<br>Room:  10 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7571950.1

MOTION TO STRIKE—MEMO OF POINTS
AND AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     PRELIMINARY STATEMENT.**

In this putative wage and hour class action, Plaintiff Art Navarro ("Plaintiff") alleges that he was employed as an Assistant Manager and Store Manager for Defendants The Pep Boys Manny Moe & Jack of California and The Pep Boys – Manny, Moe & Jack ("Defendants") from March 2005 to September 2006. (First Amended Complaint ("Complaint"), ¶ 5.) Defendants seek to strike Plaintiff's request for injunctive relief because, as a former employee, Plaintiff lacks standing to request such a remedy.

Defendants also request that the references to Plaintiff's conversion claim in his preliminary allegations, in his jurisdictional allegations, in his class allegations, and in his prayer for relief, be stricken. In their concurrently filed motion to dismiss, Defendants seek to dismiss Plaintiff's Twelfth Claim for conversion. If this Court grants Defendants' motion to dismiss, all references to the conversion claim should also be stricken from Plaintiff's Complaint.

**II.     THE STANDARD FOR GRANTING A MOTION TO STRIKE.**

Under Rule 12(f) of the Federal Rules of Civil Procedure, a defendant may move to strike language asking for relief that is not recoverable as a matter of law. *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974). The grounds for a motion to strike must appear on the face of the complaint or from matters the court may judicially notice. *Dah Chong Hong, Ltd. v. Silk Greenhouse Flowers, Inc.*, 719 F.Supp. 1072, 1073 (M.D. Fla. 1989).

**III.     PLAINTIFF'S ALLEGATIONS REGARDING INJUNCTIVE RELIEF SHOULD BE STRICKEN, BECAUSE HE HAS NO STANDING TO SEEK SUCH RELIEF.**

In his Complaint, Plaintiff seeks injunctive relief to enjoin Defendants from continuing certain alleged pay practices that he contends are improper. For example, in his prayer for relief, Plaintiff requests, "[p]ursuant to Cal. Bus. and Prof. Code § 17203, that Pep Boys be preliminarily and permanently enjoined from: a) failing to pay wages for all hours worked; b) failing to provide Plaintiff mandatory rest periods and meal periods; and c) failing to pay statutory wages for failing to provide mandatory rest and meal periods." (Complaint, Prayer for Relief, ¶ 5.)

To have standing to bring a claim, Article III of the United States Constitution requires that a plaintiff satisfy three elements: (1) he must have suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Additionally, in seeking an injunction, the plaintiff must show a likelihood of substantial and immediate irreparable injury and the inadequacy of remedies at law. *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974).

In *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004), the plaintiff sued her insurance company for terminating her disability benefits. *Id.* at 1004-5. The plaintiff alleged a violation of California Business and Professions Code section 17200 and a breach of contract, among other things. *Id.* at 1005. The district court granted the plaintiff a permanent injunction under section 17200. *Id.* The Ninth Circuit reversed, holding:

> The district court erred in concluding that Hangarter had Article III standing to pursue injunctive relief under [Section 17200]. "Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical. In the context of injunctive relief, the plaintiff must demonstrate a *real or immediate threat* of an irreparable injury." ... ***Hangarter currently has no contractual relationship with Defendants and therefore is not personally threatened by their conduct.***

*Id.* at 1021-22 (emphasis added).

In *City of L.A. v. Lyons,* 461 U.S. 95 (1983), the plaintiff sued the City of Los Angeles for excessive force and police brutality for use of a chokehold. *Id.* at 97-98. The plaintiff also sought injunctive relief against the use of chokeholds. *Id.* at 98. The district court denied the claim for injunctive relief, and the Court of Appeals reversed, finding that there was a sufficient likelihood that the plaintiff would be stopped again and subject to a chokehold. *Id.* at 99. The U.S. Supreme Court disagreed:

> [The plaintiff] fares no better if it be assumed that his pending damages suit affords him Article III standing to seek an injunction as a remedy for the claim arising out of the October 1976 events. The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged

again—a "likelihood of substantial and immediate irreparable injury." *O'Shea v. Littleton*, 414 U.S., at 502, 94 S.Ct., at 679. The speculative nature of [the plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled.

*Id.* at 111. *See also Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999) (holding that the plaintiffs did not have standing to seek an injunction against racial profiling at the Mexican-American border, because they were not sufficiently likely to be pulled over again by the Border Patrol).

Here, like the plaintiff in *Hangarter*, Plaintiff has no standing to seek injunctive relief, because he no longer has an employment relationship with Defendants and is therefore not personally impacted by Defendants' alleged conduct. (Complaint, ¶ 5.) Plaintiff also has no basis to show irreparable harm, when all his alleged claims can be redressed by monetary recovery. Thus, Plaintiff's allegations regarding injunctive relief should be stricken from the Complaint.

### IV. IF PLAINTIFF'S TWELFTH CLAIM IS DISMISSED, THEN ALL REFERENCES TO THE ALLEGED CONVERSION OF WAGES SHOULD BE STRICKEN FROM THE COMPLAINT.

In his Twelfth Claim, Plaintiff attempts to state a claim for the common law tort of conversion based upon his allegations that Defendants failed to pay him wages for overtime and meal and rest breaks. Plaintiff includes references to his conversion claim in his preliminary allegations, in his jurisdictional allegations, in his class allegations, and in his prayer for relief. (Complaint, ¶¶ 34, 36(J), 39(M), 142, Prayer for Relief, ¶¶ 3, 4.) If Defendants' concurrently filed motion to dismiss the Twelfth Claim is granted, these references to Defendants' alleged conversion of wages should also be stricken from the Complaint.

### V. IF PLAINTIFF'S TWELFTH CLAIM IS DISMISSED, THEN ANY REFERENCE TO OR PRAYER FOR PUNITIVE DAMAGES SHOULD BE STRICKEN FROM THE COMPLAINT.

In addition, in his prayer for relief, Plaintiff seeks the recovery of punitive damages. (Complaint, ¶¶ 1, 16, Prayer for Relief, ¶ 10.) The only claim in Plaintiff's Complaint for which punitive damages are recoverable is the common law conversion claim. As set forth in Defendants' motion to dismiss, Plaintiff cannot state a claim for conversion. Punitive damages

are not an available remedy for claims brought under the Labor Code. *See De Anza Santa Cruz Mobile Estates Homeowners Ass'n v. De Anza Santa Cruz Mobile Estates*, 94 Cal.App.4th 890, 911-12 (2001) ("Where a statute creates new rights and obligations not previously existing in the common law, the express statutory remedy is deemed to be the exclusive remedy available for statutory violations.") *Czechowski v. Tandy Corp.*, 731 F.Supp. 406, 410 (N.D. Cal. 1990) ("[t]he Legislature's provision of such statutory penalties preclude[d] an award of punitive damages."); *Green v. Party City Corporation*, 2002 U.S. Dist. LEXIS 7750, *13-14 (C.D. Cal. Apr. 9, 2002) ("the duty to pay overtime is a duty created by statute rather than one that existed at common law" and "the Labor Code provides a detailed remedial scheme for violation of its provisions[;]" as such, the "plaintiff [could] not advance a claim for punitive damages.") In addition, punitive damages are not available under the UCL. *Southwest Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.Supp. 805 (N.D. Cal. 1990) (no punitive damages available under the UCL). Nor are punitive damages available under the FLSA. *E.E.O.C. v. Local 350, Plumbers and Pipefitters*, 842 F.Supp. 417, 422 (D. Nev. 1994) ("The remedies specified in the FLSA[,] 'unpaid minimum wages and paid overtime compensation[,]' only compensate the plaintiff for economic losses. The FLSA does not allow other compensator damages such as relief for pain and suffering or punitive damages."); *King v. J.C. Penney Co. Inc*, 58 F.R.D. 649, 650 (granting summary judgment with respect to claim for punitive damages because they are unavailable under the FLSA); *Petras v. Johnson*, 1993 WL 228014, at *3 (S.D. N.Y. Jun. 22, 1993) (dismissing plaintiff's fraud claims as attempts to circumvent the FLSA and recover punitive damages, which are not recoverable under the FLSA). Therefore, if Defendants' motion to dismiss the Twelfth Claim for conversion is granted, Plaintiff's request for punitive damages should also be stricken from the Complaint.

## VI. CONCLUSION

For all the foregoing reasons, this Court should strike all references to injunctive relief from the Complaint; all references to conversion in the Complaint; and all references to punitive damages in the Complaint; and order all further relief in favor of Defendants that the Court finds appropriate.

| | |
|---|---|
| Dated: July 13, 2007 | MORGAN, LEWIS & BOCKIUS LLP<br><br>By _____<br>Eric Meckley<br>Attorneys for Defendants<br>The Pep Boys Manny Moe & Jack of California; and The Pep Boys – Manny, Moe & Jack |