MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY, State Bar No. 168181
M. MICHAEL COLE, State Bar No. 235538
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail:   emeckley@morganlewis.com
          mcole@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD, State Bar No. 119513
DONNA MO, State Bar No. 240621
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
E-mail:   jbattenfeld@morganlewis.com
          dmo@morganlewis.com

Attorneys for Defendants
The Pep Boys Manny Moe & Jack of California; and
The Pep Boys – Manny, Moe & Jack

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Art Navarro, individually, and on behalf of all others similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act of 2004,<br><br>Plaintiff,<br><br>vs.<br><br>The Pep Boys Manny Moe & Jack of California, a California Corporation, The Pep Boys - Manny, Moe & Jack, a Pennsylvania Corporation, and DOES 1-25 inclusive,,<br><br>Defendants. | Case No. C 07-2633 SI<br><br>**APPENDIX OF WESTLAW/LEXIS REPORTED CASE AUTHORITIES IN SUPPORT OF DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STRIKE**<br><br>[Fed. R. Civ. Proc. 12(f)]<br><br>Judge:   Hon. Susan Illston<br>Date:    September 21, 2007<br>Time:    9:00 a.m.<br>Room:    10 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7574607.1

APPENDIX OF WESTLAW/LEXIS
AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

| CASE | EXHIBIT NO. |
|---|---|
| *Green v. Party City Corporation* 2002 U.S. Dist. LEXIS 7750 (C.D. Cal. Apr. 9, 2002) | 1 |
| *Petras v. Johnson* 1993 WL 228014 (S.D. N.Y. Jun. 22, 1993) | 2 |

Dated: July 13, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____
Eric Meckley
Attorneys for Defendants
The Pep Boys Manny Moe & Jack of California; and The Pep Boys – Manny, Moe & Jack

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7574607.1

1

APPENDIX OF WESTLAW/LEXIS
AUTHORITIES IN SUPPORT OF MOTION
TO STRIKE

# EXHIBIT 1

LEXSEE 2002 US DIST LEXIS 7750


Positive
As of: Jul 12, 2007

**MARCUS GREEN, individually and on behalf of other members of the general public similarly situated v. PARTY CITY CORPORATION and Does 1-50**

CV-01-09681 CAS (Ex)

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

*2002 U.S. Dist. LEXIS 7750*

April 9, 2002, Decided
April 12, 2002, Entered

**DISPOSITION:** [*1] Plaintiff's motion to remand DENIED. Plaintiff's request for sanctions DENIED. Defendant's motion for judgment on the pleadings GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Putative class action plaintiff employee sued defendant employer in state court, alleging that the employer's failure to pay overtime violated state statutes and constituted conversion. The employer removed the action to federal court on the basis of diversity jurisdiction and moved for judgment on the pleadings with regard to the conversion claim. The employee moved to remand based on the amount in controversy.

**OVERVIEW:** The employee's complaint claimed no specific damages and the employee contended that the amount he could potentially recover in the action did not meet the jurisdictional minimum for diversity jurisdiction. The employer asserted that the potential for punitive damages satisfied the jurisdictional amount in controversy, and that the conversion claim was not actionable since the employee was limited to statutory remedies. The court first held that the minimum amount in controversy was met since, in view of the employee's claim for punitive damages for conversion, a jury could reasonably be expected to return a verdict in excess of the jurisdictional amount. However, since the employee asserted statutory rights to overtime pay, under state law the employee was limited to the remedies provided by statute and could not assert a claim for conversion for the same alleged wrong.

**OUTCOME:** The employee's motion to remand was denied, the employer's motion for judgment on the pleadings was granted, and the court ordered the employer to show cause why the action should not be remanded.

**COUNSEL:** For MARCUS GREEN, plaintiff: John Glugoski, Matthew Righetti, Edward J Wynne, Righetti & Wynne, San Francisco, CA.

For PARTY CITY CORPORATION, defendant: Douglas A Wickham, Martha J Keon, Littler Mendelson, Los Angeles, CA.

**JUDGES:** PRESIDING: HONORABLE CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE.

**OPINION BY:** CHRISTINA A. SNYDER

**OPINION**

**MINUTE ORDER**

PROCEEDINGS: **PLAINTIFF'S MOTION FOR REMAND AND REQUEST FOR SANCTIONS**

(filed March 14, 2002)

Case 3:07-cv-02633-SI    Document 13    Filed 07/13/2007    Page 5 of 13

Page 2
2002 U.S. Dist. LEXIS 7750, *

DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S CONVERSION CLAIM

(filed February 4, 2002)

I. INTRODUCTION

On September 25, 2001, plaintiff Marcus Green, a citizen of California, filed this case as a class action in Superior Court of California, County of Los Angeles, alleging that defendant Party City Corporation, a Delaware corporation with its principal place of business in New Jersey, failed to pay him and other alleged class members overtime compensation as required by law. Plaintiff alleges three claims for relief: (1) violation of *Cal. Labor Code § 1194 et seq.*; [*2] (2) violation of *Cal. Bus. & Prof. Code § 17200 et seq.*; and (3) conversion. On November 9, 2001, defendant timely removed the action to this Court on the basis of diversity of citizenship.

On February 4, 2002, defendant filed a motion for judgment on the pleadings on plaintiff's claim for conversion. On February 25, 2002, the parties appeared before the Court for the hearing on defendant's motion for judgment on the pleadings; at that hearing, counsel for plaintiff and defendant agreed that if plaintiff's conversion claim were to be dismissed, the jurisdictional amount of $ 75,000 would no longer be satisfied and that remand to the Superior Court would be appropriate. At the February 25, 2002 hearing, plaintiff argued that the Court should first determine whether removal was appropriate inasmuch as plaintiff contended that the amount in controversy would be less than $ 75,000 even if the conversion claim remained as a claim in the case. The Court then continued the motion for judgment on the pleadings until after it considered plaintiff's motion for remand.

On March 14, 2002, plaintiff filed a motion to remand this case to the Superior Court, on the grounds that [*3] defendant has failed to demonstrate that plaintiff's claim meets the $ 75,000 amount in controversy requirement. In the same motion, plaintiff requests the imposition of sanctions against defendant and defendant's counsel for their asserted wrongful removal of this case to this Court.

II. BACKGROUND

Defendant Party City Corporation owns and operates approximately thirty retail stores in California. Complaint ("Comp.") P 3. Plaintiff and the alleged class members currently are or previously were employed by defendant as "salaried employees," a category which includes store managers, executive assistant managers, and assistant managers. Id. P 4. Plaintiff alleges that he and the other salaried employees "were regularly scheduled as a matter of uniform company policy to work and in fact worked . . . in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of *California Labor Code Section 1194* and the applicable California Industrial Welfare Commission wage order[s]." Id. P 10. Plaintiff alleges that defendant's failure to pay overtime compensation [*4] resulted from its improper classification of plaintiff and the other class members as "managerial employees" (who are exempt from overtime compensation requirements), when these employees are in fact non-managerial employees (and not exempt from such requirements). Id.

Plaintiff seeks back pay, overtime pay, injunctive relief, disgorgement of business profits, waiting time penalties, interest and attorneys' fees, and punitive damages. Id. at PP 15-16. Plaintiff's claim for punitive damages is based on his claim for conversion. Id. P 27. In his complaint, plaintiff does not plead a specific dollar amount of damages.

III. PLAINTIFF'S MOTION FOR REMAND

A. Standard for Motion for Remand

In order to establish removal jurisdiction over a diversity action pursuant to *28 U.S.C. § 1332*, the removing defendant must demonstrate that (1) the amount in controversy exceeds $ 75,000, and (2) the suit is between citizens of different states.[1] The defendant bears the burden of establishing that removal is proper. See *Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996)*. As a general matter, removal jurisdiction is to be construed [*5] strictly, and any doubts as to removability should be resolved in favor of remanding the case to state court. See *Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)*.

   1   The parties do not dispute diversity.

As the removing party, defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. *Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)*. Under this burden, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $ 75,000. Id. The amount in controversy is determined as of the date of removal. *Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-18 (3rd Cir. 1999)*. In a case brought as a class action, only

the claim of the named plaintiff is relevant for determining whether the case meets the amount-in-controversy requirement. *Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir. 2001).

In cases in which [*6] the existence of diversity jurisdiction depends on the amount in controversy, the district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.1997) (citations omitted). If the complaint is silent on the amount of damages claimed, the court may consider facts in the removed petition and may require the parties to submit evidence relevant to the amount in controversy at the time of removal. Id. A speculative argument regarding the potential value of the award is insufficient. *Id. at 376*.

B. Application to the Instant Case

Plaintiff contends that remand is required because defendant has failed to identify any facts demonstrating that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum for this Court. Plaintiff's Memorandum of Points and Authorities in Support of Motion to Remand and Request for Sanctions ("Mot.") at 1. Plaintiff argues that defendant has submitted no evidence that plaintiff's overtime claim exceeds $75,000. Id. at 4. [2] In addition, plaintiff [*7] argues that defendant has failed to show by a preponderance of the evidence that plaintiff's claim for punitive damages in conjunction with his conversion claim would increase his claim to $75,000 or more. Id. at 4-5. Finally, plaintiff contends that to the extent defendant argues that plaintiff's claim for attorneys' fees increases the amount of his claim, (1) defendant has submitted no evidence as to the amount of fees at issue; (2) attorneys' fees recovered pursuant to *Cal. Labor Code § 1194* may not be properly included in calculating the amount in controversy in determining diversity jurisdiction; and (3) the amount of fees incurred up to the point of removal is *de minimus*. [3] Id. at 6-9.

  2   Plaintiff contends that such evidence would include the hours worked by plaintiff; plaintiff's dates of employment; and plaintiff's rate of pay. Id. at 4. In a declaration filed by defendant's counsel Martha Keon on February 11, 2002, Keon stated that plaintiff was employed by defendant for six months at an annual salary of $28,000. Keon Dec. P 5. As a result, it does not appear that plaintiff's underlying claim for compensatory damages alone would approach $75,000.

[*8]

  3   Plaintiff notes that attorneys' fees are calculated at the time of removal for purposes of diversity jurisdiction, *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, 1999 WL 820198, *4 (N.D. Cal. 1999), and that the only work done by plaintiff's counsel prior to removal was the filing of the complaint.

In response, defendant argues that plaintiff's claim for punitive damages raises the amount in controversy to more than $75,000. Defendant's Memorandum of Points and Authorities in Opposition to Plaintiff's Motion to Remand and Request for Sanctions ("Opp. Mot.") at 5-6. In evaluating punitive damages, the Court may only consider those sought by the named plaintiff rather than by the other members of the putative class. *Gibson, 261 F.3d at 945-47*. Defendant argues that numerous California court decisions and jury verdicts demonstrate that punitive damages in excess of $75,000 have been awarded to individual plaintiffs where the plaintiff has alleged conversion of money or personal property. Opp. Mot. at 6; see, e.g., *Leatherman Tool Group, Inc. v. Cooper Industries, Inc.*, 2002 U.S. App. LEXIS 6228, 2002 WL 507526 (9th Cir. 2002) [*9] (approving $500,000 punitive damages award for improper use of photograph of competitor's product in connection with $50,000 compensatory damages award); *Professional Seminar Consultants, Inc. v. Sino American Technology Exchange Council, Inc.*, 727 F.2d 1470 (9th Cir. 1984) (awarding plaintiff $200,000 in punitive damages on the claim that defendant had converted funds received under an agreement to arrange study tour).

When asked at oral argument whether he intended to seek punitive damages, counsel for plaintiff stated that he did, but that nonetheless, any punitive damages were required to be reasonably related to compensatory damages, thereby suggesting that there was possibility that the amount in controversy could exceed $75,000. The Court disagrees and denies plaintiff's motion for remand by reason of the fact that a jury could reasonably be expected to return a verdict in excess of $75,000.

IV. DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Having determined that the Court has jurisdiction over the instant case, the Court now turns to defendant's motion for judgment on the pleadings.

A. Standard for Judgment on the Pleadings

A motion [*10] for judgment on the pleadings brought pursuant to *Fed. R. Civ. P. 12(c)* provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain. See *McGann v. Ernst & Young, 102 F.3d*

Case 3:07-cv-02633-SI    Document 13    Filed 07/13/2007    Page 7 of 13

Page 4
2002 U.S. Dist. LEXIS 7750, *

*390, 392 (9th Cir. 1996)*. In considering a *Rule 12(c)* motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party. *NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986)*; In Re Century 21- Re/Max Real Estate Adver. Claims Litig., *882 F. Supp. 915, 921 (C.D. Cal. 1994)*. For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial. Wright & Miller, Federal Practice and Procedure: Civil 2d § 1368.

B. Application to the Instant Case

Defendant argues that judgment on the pleadings is warranted on two separate bases: (1) plaintiff is limited to the remedies provided by statute for failure to pay overtime [*11] wages and (2) disputed wages are not the type of property that can form the basis for a claim for conversion.

Conversion is a tort consisting of the wrongful exercise of dominion over personal property of another. 5 B.E. Witkin, Summary of California Law § 610 (9th ed. 1988). A claim for conversion properly lies where there is substantial interference with possession of the property or the right to it. Id. Property that may be the subject of a claim for conversion includes tangible personal property, intangible property represented by documents such as bonds, notes, and bills of exchange, and money, so long as a specific, identifiable sum is at issue. Id. §§ 612-14.

Defendant argues that because the right to overtime pay is statutory, plaintiff is limited to the remedies provided by statute and cannot assert a claim for conversion for the same alleged wrong. Mot. at 2-3. Under California law, "when a new right has been created by statute, and a statutory remedy for its infringement is provided, the statutory remedy is exclusive and no other remedy will be allowed." 3 B.E. Witkin, California Procedure § 7 (4th ed. 1996); see, e.g., *Stevenson v. Superior Court, 16 Cal. 4th 880, 900, 941 P.2d 1157 (1997)* [*12] ("Where a new right is created by statute, the party aggrieved by its violation is confined to the statutory remedy if one is provided. . . ."). Defendant argues that the right to overtime pay is a right created by statute, and that the California Legislature has created an extensive remedial scheme to address overtime wage disputes. Mot. at 3; see *Cal. Labor Code §§ 98, 98.1, 98.2, 98.3, 98.4, 203, 218.5, 225.5, 1194*.

In response, plaintiff argues that the recent California Supreme Court case of *Cortez v. Purolator Air Filtration Products, 23 Cal. 4th 163, 999 P.2d 706 (2000)* establishes that his claim for overtime wages he is not limited to statutory remedies. Plaintiff's Opposition to Defendant's Motion for Judgment on the Pleadings ("Opp. Mot.") at 9. The plaintiff in Cortez brought an action against her former employer for failure to pay overtime wages. The Cortez court held that payment of wages unlawfully withheld from an employee is a restitutionary remedy authorized by *Cal. Bus. & Prof. Code § 17203*. See *id. at 177-78*. Plaintiff appears to be arguing that Cortez in some way establishes that plaintiffs are not limited to remedies [*13] established by the Labor Code. Opp. Mot. at 7-8; see also *Kraus v. Trinity Management Services, 23 Cal. 4th 116, 999 P.2d 718 (2000)* (order that a defendant disgorge money obtained through an unfair business practice prohibited by the unfair competition law may include a restitutionary element). However, the plaintiffs in Cortez and Kraus brought claims under *Cal. Bus. & Prof. Code § 17200*, a statute that had been held to enable a party to seek relief for violation of an independent statute for which there might not otherwise be a private right of action. Neither Cortez nor Kraus addressed whether the plaintiffs in those cases could have maintained a claim for conversion. Plaintiff fails to cite, and this Court was unable to find, a case in which a statutorily-based claim for nonpayment of wages has been the subject of a conversion claim.

In these circumstances, the Court finds that the statutory remedies for unpaid overtime wages bars plaintiff's claim for conversion. Plaintiff does not appear to dispute that the duty to pay overtime is a duty created by statute rather than one that existed at common law, nor that the Labor Code provides a detailed [*14] remedial scheme for violation of its provisions. Thus plaintiff cannot assert a claim for conversion based on defendant's alleged violation of the statutory duty to pay overtime, but is limited to the remedies provided by statute. [4]

   4  In light of this holding, the Court does not reach defendant's argument that disputed wages are not the type of property that can give rise to a claim for conversion.

V. CONCLUSION

Although plaintiff alleges claims for violation of *Cal. Labor Code § 1194 et seq.*, violation of *Cal. Bus. & Prof. Code § 17200 et seq.*, and conversion, punitive damages are only available for conversion. See *Czechowski v. Tandy Corp., 731 F. Supp. 406, 410 (N.D. Cal. 1990)* (punitive damages not available under *section 17200* of the Business and Professions Code); *Cal. Labor Code § 1194(a)* (limiting available remedies to "unpaid balance of the full amount of [] minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs [*15] of suit.") In light of the fact that plaintiff cannot advance a claim for punitive

damages, it does not appear that plaintiff's damages are in excess of $ 75,000, and as a result this Court lacks jurisdiction over the instant case.

Plaintiff's motion to remand is DENIED. Plaintiff's request for sanctions is DENIED. Defendant's motion for judgment on the pleadings is GRANTED. Defendant is ordered to show cause within twenty days why the case should not be remanded to Superior Court.

IT IS SO ORDERED.

# EXHIBIT 2

Westlaw.

Not Reported in F.Supp.                                                                                             Page 1
Not Reported in F.Supp., 1993 WL 228014 (S.D.N.Y.), 125 Lab.Cas. P 35,845
**(Cite as: Not Reported in F.Supp.)**

C
Petras v. Johnson
S.D.N.Y.,1993.

United States District Court, S.D. New York.
Konstantinos PETRAS, Plaintiff,
v.
Elizabeth Ross JOHNSON and Christopher J. Kennan, Defendants.
**No. 92 CIV. 8298 (CSH).**

June 22, 1993.

MEMORANDUM OPINION AND ORDER
HAIGHT, District Judge:
*1 This case is before the Court on defendants' motion to dismiss plaintiff's Seventh and Eighth Causes of Action under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

BACKGROUND

Plaintiff Konstantinos Petras filed this complaint alleging that he was wrongfully deprived of overtime compensation by defendants Elizabeth Ross Johnson and Christopher J. Kennan during his employment as their chauffeur from September 1, 1990 to July 5, 1992.

Plaintiff's First Cause of Action seeks $55,217.52 in compensation for 2,285 hours work in excess of a workweek of forty hours under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 207. Plaintiff also seeks an equal amount as liquidated damages (Second Cause of Action) and reasonable attorney's fees and the costs of the action to be paid by defendants (Third Cause of Action) under the FLSA, 29 U.S.C. Section 216(b). Plaintiff's following three causes of action similarly seek unpaid overtime compensation, liquidated damages, and attorney's fees under the New York State Labor Law. In addition to these statutory remedies, plaintiff's Seventh Cause of Action alleges that defendants, by labeling plaintiff's compensation as " salary" in the agreement signed by the plaintiff on August 24, 1990, fraudulently misrepresented the full salary and overtime plaintiff was entitled to be compensated for. The Eighth Cause of Action claims that by reason of defendants' acts plaintiff is entitled to recover punitive damages in the sum of $1,000,000 plus interest costs expenses and disbursements of his action.

Defendants move to dismiss plaintiff's Seventh and Eighth Causes of Action on the grounds that common law tort claims are barred by the federal relief provisions of the FLSA for failure to pay overtime, including express FLSA provisions for liquidated damages. FLSA, 29 U.S.C. Sections 207, 216.

For the reasons stated below, defendants' motion to dismiss is granted.

DISCUSSION

On a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The district court should grant a motion to dismiss under Rule 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding,* 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson,* 35 U.S. 41, 45-46 (1957)).

Except in certain circumstances, consideration of a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                    Page 2
Not Reported in F.Supp., 1993 WL 228014 (S.D.N.Y.), 125 Lab.Cas. P 35,845
**(Cite as: Not Reported in F.Supp.)**

motion to dismiss a complaint must focus on the allegations made on the face of the complaint. *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir.1991). On a motion to dismiss, the district court must accept the plaintiff's allegations as true, *Papasan v. Allain*, 478 U.S. 265, 283 (1986), and the allegations must be construed favorably to the plaintiff." *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). "[A] Rule 12(b)(6) motion to dismiss need not be granted nor denied in toto but may be granted as to part of a complaint and denied as to the remainder." *Decker v. Massey-Ferguson, Ltd.*, 681 F.2d 111, 115 (2d Cir.1982).

*2 Defendants argue that the claim for punitive damages must be dismissed on the basis that common law tort claims are not available in actions for unpaid wages grounded in the FLSA, 29 U.S.C. Sections 207, 216.

Section 207 of the FLSA grants certain employees a statutory right to be paid minimum overtime wages. Section 216(b) then furnishes remedies for violations of the right by employers:
Any employer who violates the provisions of Section 206 or Section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Courts have consistently held that the above statute is the exclusive remedy for enforcing rights created under the FLSA. *See, e.g., Tombrello v. USX Corp.*, 763 F.Supp. 541, 544 (N.D.Ala.1991); *Nettles v. Techplan Corp.*, 704 F.Supp. 95, 100 (D.S.C.1988); *Platt v. Burroughs Corp.*, 424 F.Supp. 1329, 1340 (E.D.Pa.1976); *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F.Supp. 1027, 1029 (N.D.Calif.1972). The first to consider the issue, the *Lerwill* court, noted that Congress had created a "very detailed and carefully defined right of action" to enforce the FLSA overtime rules, and concluded:
It is true that nowhere in the statute is it provided that Section 216(b) provides the sole means of recovery for an employee. A brief review of the legislative history of the Act, as amended has not revealed an express statement of such intention. On its face, however, a clearer case of implied intent to exclude other alternative remedies by the provision of one would be difficult to conceive. It should not require resort to Latin maxims of construction to show that the provision of one detailed remedy, which necessarily works to define the substantive right to be enforced, would exclude the possibility of alternative remedies in the absence of a clear showing that Congress intended such alternatives.

*Id.* at 1028.

Subsequent to *Lerwill*, several courts have dismissed common law tort claims brought in conjunction with the FLSA as precluded by the FLSA as a matter of law. *See, e.g., Tombrello v. USX Corp.*, 763 F.Supp. 541, 544 (common law claims for "wrongful refusal to pay" rejected as nothing more than claims for wages which must be brought under the FLSA, 29 U.S.C. Section 216, " the exclusive remedy for enforcing these rights"); *Jarmoc v. Consolidated Electrical Distributors, Inc.*, 123 Lab.Cas. (CCH) 35,701, 1992 U.S.Dist. Lexis 12717 (N.D.Ill. 8/25/92) (court dismissed a state tort claim alleging retaliatory discharge for filing a complaint about nonpayment of overtime on the ground that the remedy provided by the FLSA obviated the need for the state tort claim by providing an effective deterrent to the proscribed conduct); *Chappell v. Southern Maryland Hospital, Inc.*, 320 Md. 483, 578 A.2d 766, 774 (1990) (court rejected a tort claim of abusive discharge because of the existence of a remedy available to the plaintiff under the FLSA).

*3 The dismissal by courts of common law tort claims when mixed with FLSA claims as precluded by the FLSA suggests that this plaintiff's claim for punitive damages based on fraud should similarly be dismissed. Plaintiff, however, claims a distinction between the cases above and the instant case on the ground that in the former, the conduct alleged against the employer was the same conduct for which relief is provided under the FLSA, whereas in the latter, the FLSA does not provide a remedy for the conduct complained of. Plaintiff

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1993 WL 228014 (S.D.N.Y.), 125 Lab.Cas. P 35,845
**(Cite as: Not Reported in F.Supp.)**

elaborates that it is not the failure to pay for overtime, but rather the employer misconduct of misrepresenting an employee's right to said overtime payment for which punitive damages are sought. He concludes that as FLSA Section 216 does not provide a remedy specifically for one who is harmed by the public wrong addressed by fraud, the Act does not provide a basis for precluding his claim.

However, plaintiff cites no precedent, and the research of the court indicates none, for this distinction between fraud claims and other common law torts in the context of the FLSA.

Further, this Court rejects plaintiff's argument that he is seeking to enforce rights independent of the FLSA. Plaintiff alleges fraud on the ground that defendants knowingly and with intent to misrepresent and deceive the plaintiff made false representations to him to lead him to believe he was not entitled to overtime compensation. It is clear then that defendants' alleged fraud lies simply in concealing plaintiff's rights under the FLSA. Essentially plaintiff's Seventh and Eighth Causes of Action are nothing more than a claim that the defendants intentionally frustrated the overtime laws, a statutory violation for which Section 216(b) of the statute provides exclusive relief in the form of the unpaid overtime compensation plus liquidated damages.

Also relevant is the link created by Congress between employer culpability and liquidated damages under the FLSA. The FLSA provides that if the employer shows to the satisfaction of the court that the act or omission giving rise to the action was in good faith, the court may deny liquidated damages, 29 U.S.C. Section 260. Courts have also recognized the relationship between employer culpability and the provision of liquidated damages under the FLSA. *See e.g., Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1063 (2d Cir.1988) (under 29 U.S.C Section 216(b) employer "shall be liable for liquidated damages in an amount equal to unpaid back wages, but the district judge, in his discretion, may reduce the amount if the employer shows that his violations were in good faith"); *Lerwill,* 343 F.Supp at 1029 (1947 Amendment to the FLSA made double damages recovery available only in consideration of employer culpability). The awarding of liquidated damages under the FLSA based upon employer culpability indicates that the defendants' alleged fraud can be addressed with the provision of liquidated damages.

*4 Plaintiff further argues that punitive damages are necessary to punish employer's misconduct and to deter others from engaging in similar conduct. In support of this plaintiff cites *Morton Savodnik v. Korvettes, Inc.,* 488 F.Supp. 822 (E.D.N.Y.1980), in which the tort of abusive discharge was first recognized by a New York court. Plaintiff attempts to analogize that case, in which the court accepted employee's contention that he was fired under the guise of the employment at will doctrine to prevent the vesting of rights in a pension plan, and the instant case in which the plaintiff alleges that defendants made fraudulent representations in the employment contract to avoid the payment of overtime compensation. However, the closer analogy that can be drawn between the instant case and other cases in which the plaintiff brought state tort law claims in conjunction with FLSA claims, argues against the applicability of *Korvettes* to the current situation. *See e.g., Tombrello,* 763 F.Supp at 544.

Further, the FLSA adequately addresses plaintiffs' concern that conduct such as the defendants' be deterred. While Section 216(b) provides for liquidated damages rather than punitive damages, the additional penalty which it imposes on an employer can be construed as having a deterrent effect as to the proscribed conduct.

Because defendants' alleged fraud consists of the intentional frustration of the FLSA overtime rules, for which the FLSA provides a remedy in the form of liquidated damages, which also serve as a deterrent to the proscribed conduct, plaintiff's claim for punitive damages based on fraud is dismissed.

CONCLUSION

For the reasons set forth above, defendants' motion to dismiss plaintiff's Seventh and Eighth Causes of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1993 WL 228014 (S.D.N.Y.), 125 Lab.Cas. P 35,845  
**(Cite as: Not Reported in F.Supp.)**

Page 4

Action is granted.

The parties are directed to attend a status conference on July 23, 1993 at 3:00 p.m. in Room 307.

It is SO ORDERED.

S.D.N.Y.,1993.  
Petras v. Johnson  
Not Reported in F.Supp., 1993 WL 228014 (S.D.N.Y.), 125 Lab.Cas. P 35,845

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.