MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY, State Bar No. 168181
M. MICHAEL COLE, State Bar No. 235538
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail:  emeckley@morganlewis.com
         mcole@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
JOHN S. BATTENFELD, State Bar No. 119513
DONNA MO, State Bar No. 240621
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel: 213.612.2500
Fax: 213.612.2501
E-mail:  jbattenfeld@morganlewis.com
         dmo@morganlewis.com

Attorneys for Defendants
The Pep Boys Manny Moe & Jack of California; and The
Pep Boys – Manny, Moe & Jack

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Art Navarro, individually, and on behalf of all others similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act of 2004,<br><br>Plaintiff,<br><br>vs.<br><br>The Pep Boys Manny Moe & Jack of California, a California Corporation, The Pep Boys - Manny, Moe & Jack, a Pennsylvania Corporation, and DOES 1-25 inclusive,,<br><br>Defendants. | Case No. C 07-2633 SI<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(F)** |

WHEREFORE, on September 21, 2007, the Motion to Strike portions of Plaintiff's First Amended Complaint ("Complaint") filed by Defendants The Pep Boys Manny Moe & Jack of California and The Pep Boys – Manny, Moe & Jack ("Defendants") came on for regularly

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7574448.1

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO STRIKE

1  scheduled hearing in Courtroom 10, the Honorable Susan Illston presiding. _____
2  appeared for Defendants and _____ appeared for Plaintiff. Upon consideration
3  of the pleadings, papers, and arguments of counsel, and with good cause shown, it is hereby
4  **ORDERED AND ADJUDGED THAT**:
5      Defendants' Motion is **GRANTED**.
6      The following portions of Plaintiff's Complaint are struck, without leave to amend.
7  <u>ANY AND ALL LANGUAGE CONCERNING INJUNCTIVE RELIEF</u>
8      1.    Paragraph 18, page 5, lines 22-24, the words "Further, pursuant to Cal. Bus. and
9  Prof. Code § 17203, Defendant may be enjoined in any court of competent jurisdiction."
10     2.    Paragraph 35, page 8, line 22, the words "Plaintiff and others similarly situated are
11 entitled to request injunctive relief."
12     3.    Paragraph 138, page 27, lines 5-9, in its entirety: "Plaintiff, individually and on
13 behalf of the general public, alleges that at all relevant times Pep Boys' actions, including but not
14 limited to Pep Boys' violations of California law, the California Labor Code, and the FLSA as set
15 forth herein, constitute a continuing and ongoing unfair and unlawful activity prohibited by Cal.
16 Bus. and Prof. Code § 17200 et seq., and justify restitution and/or injunctive relief."
17     4.    Paragraph 142, page 27, line 25, the words "and/or injunction."
18     5.    Paragraph 142, page 28, line 2, the words "injunctive relief."
19     6.    Prayer for Relief, paragraph 5, page 28, lines 14-17, in its entirety: "Pursuant to
20 Cal. Bus. and Prof. Code § 17203, that Pep Boys be preliminarily and permanently enjoined from:
21 a) failing to pay wages for all hours worked; b) failing to provide Plaintiff mandatory rest periods
22 and meal periods; and c) failing to pay statutory wages for failing to provide mandatory rest and
23 meal periods."
24 <u>ANY AND ALL LANGUAGE CONCERNING CONVERSION</u>
25 <u>(INCLUDING PUNITIVE DAMAGES)</u>
26 **Conversion**
27     7.    Paragraph 34, page 8, lines 3-13, in its entirety: "Because Pep Boys failed to pay
28 wages, Pep Boys committed the act of conversion over the property (unpaid wages) of Plaintiff

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

1-SF/7574448.1    2    [PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION TO STRIKE

1  and others similarly situated. In refusing to pay wages to Plaintiff, as alleged herein, Pep Boys
2  unlawfully and intentionally took and converted the property of Plaintiff to its own use. At the
3  time the conversion took place, Plaintiff was entitled to immediate possession of the amounts of
4  wages payable. Pep Boys' conversion was oppressive, malicious, and fraudulent. Pep Boys owes
5  Plaintiff and others similarly situated the value of the property at the time of the conversion,
6  interest from that time, and fair compensation for the time and money properly expended in
7  pursuit of the property pursuant to California law, including but not limited to Cal. Civ. Code
8  §§ 3336 and 3337. Plaintiff seeks all wages, interest, and related sums wrongfully converted by
9  Pep Boys. Plaintiff seeks exemplary damages pursuant to California law, including but not
10 limited to Cal. Civ. Code § 3294."

11     8.    Paragraph 36(J), page 10, lines 18-21, in its entirety: "<u>CONVERSION CLASS</u> –
12 Within three years prior to the filing of this action up through and including the present date
13 through adjudication, a class consists of Plaintiff and others similarly situated, who worked for
14 Pep Boys, and whose wages were converted by Pep Boys."

15     9.    Paragraph 39(M), page 12, line 22, in its entirety: "Whether Pep Boys converted
16 property by failing to pay wages."

17     10.    Paragraph 142, page 27, line 28, the words "or converted."

18     11.    Prayer for Relief, paragraph 3, page 28, line 11, in its entirety: "For all wages and
19 other related sums converted by Pep Boys."

20     12.    Prayer for Relief, paragraph 4, page 28, lines 12-13, in its entirety: "For any and
21 all profits, whether direct or indirect, Pep Boys acquired by reason of its conversion, and for all
22 remedies provided in Cal. Civ. Code §§ 3336 and 3337."

### Punitive Damages

24     13.    Paragraph 1, page 2, line 7, the words "punitive damages."
25     14.    Paragraph 16, page 5, line 8, the words "punitive damages."
26     15.    Prayer for Relief, paragraph 10, page 28, line 10, in its entirety: "For punitive and
27 exemplary damages."

**IT IS SO ORDERED.**

Dated:                                             By: _____
                                                                               United States District Court Judge