1  MORGAN, LEWIS & BOCKIUS LLP
   ERIC MECKLEY, State Bar No. 168181
2  M. MICHAEL COLE, State Bar No. 235538
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001
   E-mail:   emeckley@morganlewis.com
5            mcole@morganlewis.com

6  MORGAN, LEWIS & BOCKIUS LLP
   JOHN S. BATTENFELD, State Bar No. 119513
7  DONNA MO, State Bar No. 240621
   300 South Grand Avenue
8  Twenty-Second Floor
   Los Angeles, CA 90071-3132
9  Tel: 213.612.2500
   Fax: 213.612.2501
10 E-mail:   jbattenfeld@morganlewis.com
             dmo@morganlewis.com
11
   Attorneys for Defendants
12 The Pep Boys Manny Moe & Jack of California; and
   The Pep Boys – Manny, Moe & Jack
13

14                      UNITED STATES DISTRICT COURT

15                      NORTHERN DISTRICT OF CALIFORNIA

16

17 | Art Navarro, individually, and on behalf of all others similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act of 2004, | Case No. C 07-2633 SI
18 |                                                                                                                                                                   | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS**
19 |                                                                                                                                                                   |
20 |                                Plaintiff,                                                                                                                         | [Fed. R. Civ. Proc. 12(b)(6)]
21 |                                vs.                                                                                                                                |
22 | The Pep Boys Manny Moe & Jack of California, a California Corporation, The Pep Boys - Manny, Moe & Jack, a Pennsylvania Corporation, and DOES 1-25 inclusive,      | Judge:  Hon. Susan Illston
23 |                                                                                                                                                                   | Date:   September 21, 2007
24 |                                                                                                                                                                   | Time:   9:00 a.m.
25 |                                Defendants.                                                                                                                        | Room:   10

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7571696.1

MOTION TO DISMISS—MEMO OF POINTS AND AUTHORITIES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. PRELIMINARY STATEMENT.

In this putative wage and hour class action, Plaintiff Art Navarro ("Plaintiff") alleges that he was employed as an Assistant Manager and Store Manager for Defendants The Pep Boys Manny Moe & Jack of California and The Pep Boys – Manny, Moe & Jack ("Defendants") from March 2005 to September 2006. (First Amended Complaint ("Complaint"), ¶ 5.)

In his Twelfth Claim, Plaintiff asserts a common law tort claim of conversion based on alleged violation of the California Labor Code and Fair Labor Standards Act ("FLSA") for failure to pay wages, such as overtime pay and wages for meal and rest breaks. Plaintiff's conversion claim should be dismissed because: (1) failure to pay wages cannot form the basis of the common law tort claim of conversion, (2) Plaintiff's statutory claims provide the exclusive remedy for violation of the statutes at issue, and (3) Plaintiff cannot identify a specific monetary sum at issue.

The Court should also dismiss Plaintiff's class action allegations for the conversion claim. Because Plaintiff cannot bring this claim as an individual, he has no standing to bring such a claim on behalf of a class.

## II. SUMMARY OF RELEVANT ALLEGATIONS.

Plaintiff alleges thirteen claims in his Complaint and seeks to represent a class of "all current and former employees of Pep Boys, for its failure to pay wages, including minimum wages and overtime, failure to provide rest periods, failure to provide meal periods, failure to timely pay wages at the termination of employment, failure to provide accurate wage statements, failure to pay 'split shifts' wages, [and] Pep Boys' requirement that employees purchase uniforms as a condition of employment in violation of California law and/or the FLSA." (Complaint, ¶ 20.) Plaintiff also brings a conversion claim based on Pep Boys' alleged failure to pay wages and an unfair competition claim based on Pep Boys' alleged violations of California law and/or the FLSA. (Complaint, ¶¶ 129-142.)

## III. THE STANDARD FOR GRANTING A MOTION TO DISMISS.

Part or all of a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Dismissal is proper where the complaint's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7571696.1                    1         MOTION TO DISMISS—MEMO OF POINTS
                                            AND AUTHORITIES

allegations, even if taken as true, would not entitle the plaintiff to recover as a matter of law. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Here, as discussed below, Plaintiff's conversion claim should be dismissed because it is defective on the face of the Complaint. Plaintiff's class action allegations for this claim should also be dismissed, because he has no standing to bring these claims on behalf of a class. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) (holding persons without claims themselves cannot represent a class who may have claims).

## IV. PLAINTIFF'S CLAIM FOR CONVERSION SHOULD BE DISMISSED BECAUSE AN ALLEGED FAILURE TO PAY WAGES CANNOT FORM THE BASIS FOR A CONVERSION CLAIM

In his Twelfth Claim, Plaintiff purports to state a claim for the common law tort of conversion based upon the allegation that Defendants failed to pay him wages. Plaintiff did not, and cannot, plead facts sufficient to state a claim for conversion because the failure to pay wages cannot form the basis for the tort claim of conversion. The statutory remedies set forth in the Labor Code and FLSA are Plaintiff's exclusive remedies for recovering unpaid wages, and he cannot identify a specific sum in dispute. Accordingly, his Twelfth Claim should be dismissed.

### A. Plaintiff's Conversion Claim Fails Because Statutory Remedies Provide the Exclusive Remedy For Recovering Unpaid Wages.

Pursuant to the exclusive remedy doctrine, "where a statute creates a right that did not exist at common law and provides a comprehensive and detailed remedial scheme for its enforcement, the statutory remedy is exclusive." *Lubner v. L.A.*, 45 Cal.App.4th 525, 530 (1996) (plaintiffs could not maintain negligence action for damages to their reputation where such right did not exist at common law before enactment of Civil Code section 987; Section 987 provides the exclusive remedy -- injunctive relief -- and precluded a common law recovery); *Lerwill v. Inflight Motion Pictures*, 343 F.Supp. 1027, 1029 (N.D. Cal 1972) (holding that the statutory remedy under the FLSA was the exclusive remedy for the enforcement of whatever rights the employee may have under the FLSA); *see also People v. Carycroft*, 2 Cal. 243, 244 (1852) (plaintiff cannot maintain civil action based on penal code violations where statutory obligation did not exist at common law and provided exclusive remedy); *Gold v. Los Angeles Democratic*

*League*, 49 Cal.App.3d 365, 373 (1975) (court of appeal affirmed demurrer to request for punitive damages based on alleged malicious and oppressive violation of California Elections Code Section 12057 because the statutory remedy, which included injunctive relief but not punitive damages, was the exclusive remedy; "where a statute. . .creates an obligation and also provides a remedy for breach of that obligation, the statutory remedy so provided is exclusive") (departed from on other grounds in *Youst v. Longo*, 43 Cal.3d 64, 72 (1987)).

The right to overtime pay and meal and rest breaks did not exist at common law prior to enactment of California and federal statutory wage and hour laws. The California Labor Code contains a comprehensive remedial scheme of rights and remedies exclusively regulating the payment of overtime, minimum wage, and the provision of meal and rest breaks for California employees. The California Labor Code, and the California Industrial Welfare Commission's Wage Orders implementing the Labor Code, contain detailed, comprehensive provisions identifying when employees are entitled to overtime, what records employers are required to keep for non-exempt employees, the procedures employees must follow to challenge exempt status before the state agency or the courts, and express limitations on remedies. In particular, Labor Code section 1194 specifically provides that employees may recover in a civil action only unpaid overtime, interest thereon, and reasonable attorneys' fees and costs. Similarly, Labor Code section 226.7 provides the sole remedy for meal and rest break violations—one additional hour of pay at the employee's regular rate.

The FLSA contains an equally comprehensive remedial scheme of rights and remedies exclusively regulating the payment of overtime and minimum wages. *See, e.g.*, 29 U.S.C. § 216. In *Lerwill v. Inflight Motion Pictures*, 343 F. Supp. at 1027-28 (N.D. Cal. 1972), an employee brought a breach of contract claim, arguing that overtime was not paid as required under the union's contract with his employer. The employee moved for summary judgment on the grounds that the FLSA was incorporated into the contract. *Id.* at 1028. The court denied summary judgment, holding that "provisions of the FLSA . . . disclose a Congressional intent that the right of action so provided [section 216] was to be the *sole* means by which employees could enforce the rights created by § 207 [the overtime provision]." *Id.* In fact, "the statutory remedy [section

216] is the sole remedy available to the employee for enforcement of ***whatever*** rights he may have under the FLSA." *Id.* at 1029 (emphasis added). The plaintiff could not enforce his rights under the FLSA through an "additional, alternative means . . . rather than the exclusive remedy." *Id.* at 1028. *See also Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000) ("Claims that are directly covered by the FLSA (such as overtime . . . disputes) must be brought under the FLSA."); *Tombrello v. USX Corp.*, 763 F. Supp. 541, 544-45 (N.D. Ala. 1991) (granting employer's motion for summary judgment on claim for "wrongful refusal to pay" because it was actually an allegation of an FLSA violation that must be brought under the FLSA, "the *exclusive remedy* for enforcing these rights") (emphasis added).[1]

Federal courts have specifically applied the exclusive remedy doctrine to the California Labor Code and dismissed claims for conversion based on allegations which were essentially identical to those alleged by Plaintiff in the present case. In *Green v. Party City Corporation*, 2002 U.S. Dist. LEXIS 7750 (C.D. Cal. Apr. 9, 2002), the plaintiff alleged three causes of action related to alleged unpaid overtime compensation: (1) violation of Labor Code section 1194, (2) violation of the UCL, and (3) conversion. *Id.* at *1. The court held that "the statutory remedies for unpaid overtime wages bar[red] [the] plaintiff's claim for conversion" because "the duty to pay overtime is a duty created by statute rather than one that existed at common law" and "the Labor Code provides a detailed remedial scheme for violation of its provisions." *Id.* at *13-14.

Similarly, in *Pulido v. Coca-Cola Enterprises, Inc.*, 2006 U.S. Dist. LEXIS 43765 (C.D. Cal. May 25, 2006), the plaintiffs brought a claim for conversion based on the defendants' alleged

---

[1] *See also Flores v. Albertson's, Inc.*, 2003 WL 24216269, *5-6 (C.D. Cal., Dec. 09, 2003) ("While Plaintiffs' [common law] claims for relief may sound in negligence, they are all based on violations of the state and federal wage and hour laws. The *exclusive remedy* for such violations is the FLSA.") (emphasis added); *Petras v. Johnson*, 1993 WL 228014, at *3 (S.D. N.Y. Jun. 22, 1993) (finding that fraud claim was essentially "nothing more than a claim that the defendants intentionally frustrated the overtime laws, a statutory violation for which Section 216(b) of the statute provides *exclusive relief* . . . .") (emphasis added); *Sorenson v. CHT Corp.*, 2004 WL 442638, at *5-7 (N.D. Ill. Mar. 10, 2004) (dismissing unjust enrichment claim based on the same factual assertions as FLSA allegation because the FLSA provides an "exclusive remedy"); *Kendall v. City of Chesapeake, Va.*, 174 F.3d 437, 443 (4th Cir. 1999) (affirming district court's motion to dismiss a 42 U.S.C. section 1983 claim because "the mechanisms established by the FLSA preclude a § 1983 action to enforce FLSA rights"); *Madrigal v. Green Giant Co.*, 1981 WL 2331, at *5-6 (E.D. Wash., July 27, 1981) (dismissing claims under federal and state statutes which were dependent upon a violation of the FLSA and noting that allowing a separate cause of action would cause "procedural aspects of the FLSA [to be] emasculated").

failure to provide meal and rest periods. *Id.* at *26. Citing *Green*, the court dismissed the plaintiffs' conversion claim because the right to meal and rest period pay did not exist at common law prior to the enactment of Labor Code section 226.7 in 2001. *Id.* at *25-28.

In *Vasquez v. Coast Valley Roofing Inc.*, 2007 WL 1660972 (E.D. Cal. June 6, 2007), the plaintiffs brought a claim for conversion, premised on their Labor Code claims for minimum wages, overtime pay, wages for failure to provide meal and rest breaks, and failure to reimburse business expenses. *Id.* at *1. The court held that, "[b]ased on . . . the comprehensive remedial scheme protecting employees under California and federal law, the conversion theory proffered by Plaintiffs is an idea whose time has not come. There is no reason to extend tort law into a field comprehensively regulated by federal and state wage and hour laws." *Id.* at *10. The court therefore dismissed the conversion claim. *Id.*

Similarly, in *In Re Wal-Mart Stores, Inc. Wage and Hour Litigation*, 2007 U.S. Dist. LEXIS 41679 (N.D. Cal. May 29, 2007), the plaintiffs brought a conversion claim based on their Labor Code claims for failure to pay overtime, failure to timely pay wages upon termination and resignation, and failure to accurately record wages. *Id.* at *3 and *20. Citing *Green*, *Pulido*, and the exclusive remedy doctrine, the court dismissed the plaintiffs' conversion claim without leave to amend because "a claim for unpaid wages under the Labor Code cannot form the basis for a claim of conversion given the existence of the Labor Code's 'detailed remedial scheme for violation of its provisions.'" *Id.* at *22-23 (citations omitted).

Here, like the plaintiffs in *Green*, *Pulido*, *Vasquez*, and *Wal-Mart*, Plaintiff impermissibly seeks to recast his claims under the Labor Code as a conversion claim. Accordingly, this Court should dismiss Plaintiff's Twelfth Claim without leave to amend.

**B.    Failure To Pay Wages Cannot Form The Basis For The Tort Claim Of Conversion.**

Failure to pay all compensation due an employee, even if proven, forms the basis for statutory and/or contract claims; no tort claim for failure to pay agreed and/or statutorily required compensation exists. Commencing almost 20 years ago with the decision in *Foley v. Interactive Data Corp.*, 47 Cal.3d 654 (1988), the California Supreme Court has uniformly rejected

employee efforts to transform what are essentially contract claims into tort claims. An employer's obligation to pay wages is based upon contract and/or statute. *Foley*, 47 Cal.3d at 696 (reiterating that "the employment relationship is fundamentally contractual"). Consequently, the alleged failure to pay wages cannot form the basis for a tort claim. *Id.* at 693 (declining to extend tort remedies to terminated employee).

The California Supreme Court has repeatedly refused to extend tort remedies to contract-based employment claims. Most recently, in *Reynolds v. Bement*, 36 Cal.4th 1075 (2005), the plaintiff asserted a claim for failure to pay overtime against individual and corporate defendants, alleging that he was misclassified as an exempt employee. *Id.* at 1082-83. The plaintiff argued that the individual defendants could be liable because, under *Frances T. v. Village Green Owners Ass'n*, 42 Cal.3d 490 (1986), "corporate directors may be 'jointly liable with the corporation and may be joined as defendants if they personally directed or participated in tortious conduct.'" *Id.* at 1089-90 (quotations omitted). The California Supreme Court held that the plaintiff could not state a cause of action against the individual defendants because "*Frances T.* applies to tortious conduct . . . and a simple failure to comply with statutory overtime requirements, such as plaintiff alleges here, does not qualify."[2] *Id.* at 1090.

Like the plaintiff in *Reynolds*, Plaintiff here seeks to recover overtime wages based on a misclassification theory. And, like the plaintiff in *Reynolds*, Plaintiff cannot recast this claim as a tort claim because a simple failure to comply with statutory overtime requirements does not constitute tortious conduct. Thus, Plaintiff cannot maintain a tort claim for conversion based on an alleged failure to pay all compensation owed, and his conversion claim should be dismissed.

---

[2] Similarly, in *Hunter v. Up-Right, Inc.*, 6 Cal. 4th 1174, 1178 (1993), the California Supreme Court held that a wrongful termination claim could not give rise to an action for fraud or misrepresentation, even if it could be characterized as such. *Id.* To do so would open the floodgates of litigation: "[T]he expansion of tort remedies in the employment context carrie[s] potentially enormous consequences for the stability of the business community." *Id.* at 1181 (citation omitted). Plaintiff is similarly attempting to turn a statutory wage and hour claim into a tort claim merely by re-labeling the alleged wage and hour violations as conversion. Such a radical expansion of tort remedies through artful pleading of statutory claims is impermissible under *Hunter*.

### C. Plaintiff's Claim For Conversion Also Fails Because He Cannot Identify A Specific Monetary Sum At Issue.

The law is well settled that money can be the subject of a conversion claim only if a specific sum capable of identification is involved. *Haigler v. Donnelly*, 18 Cal.2d 674, 681 (1941); *Shahood v. Cavin*, 154 Cal.App.2d 745, 747 (1957). In *Baxter v. King*, 81 Cal.App. 192, 194 (1927), the court made clear that where money or a fund allegedly converted is not specifically identified, "the action is to be considered as one upon contract or for debt and not for conversion." The Court reasoned that if a conversion action were permitted, "[n]early every creditor would have the same right as plaintiff here to claim that his debtor is in truth detaining money from him." *See also Farmers Insurance Exchange v. Zerrin,* 53 Cal.App.4th 445, 452 (1997) (mere contractual right of payment without more will not suffice to state claim for conversion); *Ehrlich v. Howe*, 848 F.Supp. 482, 492 (S.D.N.Y. 1994) (action in conversion does not lie to enforce mere obligation to pay money); *Software Design and Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal.App.4th 472 (1996) (allegations that a defendant wrongfully withheld monies that came into a partnership account in various sums at various times failed to state a claim for conversion). Similarly, in *Michelson v. Hamada*, 29 Cal.App.4th 1566 (1994), the plaintiff alleged that the defendant had converted an unidentified sum of money owed to him for professional services he provided. The court rejected the claim, holding that the "[plaintiff] fail[ed] to claim a specific, definite sum capable of identification to be recovered." *Id.* at 1589.

Here, Plaintiff alleges Defendant failed to pay wages owed to him and the putative class members, but does not and cannot allege a specific, definite and identifiable sum. (Complaint, ¶¶ 129-134.) Given the fact that each individual putative class members' claim is different, depending on the number of hours that they allegedly worked, neither Plaintiff nor the putative class as a whole can point to a specific, identifiable sum of money that was allegedly converted. Therefore, Plaintiff's cause of action for conversion should be dismissed for this additional reason. *See Software Design*, 49 Cal.App.4th at 485 (sustaining demurrer to conversion claim where no specific sum stated).[3]

---

[3] Other jurisdictions are in agreement. *See Scherer v. Laborers' Int'l Union of North America*, 746 F.Supp. 73, 84 (N.D. Fla. 1988)(wage claim is at best an unsecured lien on employer's

## V. ANY CLASS ALLEGATIONS BASED UPON THE CONVERSION CLAIM SHOULD ALSO BE DISMISSED

Because Plaintiff cannot individually bring a claim for conversion as addressed above, he cannot represent a class who may have such claims. *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982) (holding persons without claims themselves cannot represent a class who may have claims); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (same). Thus, the Court should dismiss not only Plaintiff's individual claim in the Twelfth Claim, this Court should also dismiss the conversion claim brought on behalf of the putative class.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant its motion to dismiss Plaintiff's Twelfth Claim for conversion without leave to amend.

Dated: July 13, 2007

MORGAN, LEWIS & BOCKIUS LLP

By _____
Eric Meckley
Attorneys for Defendants
The Pep Boys Manny Moe & Jack of California; and The Pep Boys – Manny, Moe & Jack

---

property and cannot be the subject of a claim of conversion); *Curaflex Health Services, Inc. v. Bruni*, 877 F. Supp. 30, 32 (D.D.C. 1995) (no conversion where monies allegedly converted were monies owed to plaintiff for services rendered pursuant to contract); *Lewis v. Fowler*, 479 So. 2d 725, 727 (Ala. 1985) (there is no claim for conversion where employee's wages were improperly withheld pursuant to garnishment order; amounts could be recovered under theory of assumpsit or on account); *Temmen v. Kent-Brown Chevrolet Co.*, 605 P.2d 95, 99 (Kan. 1980) (no conversion claim where employer withheld money from employee wages without authorization; plaintiff's remedies include a breach of implied contract and statutory remedies).