# EXHIBIT A

ORIGINAL

1   Mark Yablonovich, Esq. (SBN 186670)
    Marc Primo, Esq. (SBN 216796)
2   Mónica Balderrama, Esq. (SBN 196424)
    Talin Haroutunian, Esq. (SBN 236712)
3   Initiative Legal Group LLP
    1875 Century Park East, Suite 1800
4   Los Angeles, California 90067
    Telephone: (310) 556-5637
5   Facsimile: (310) 861-9051
    MBalderrama@Initiativelegal.com
6   Attorneys for Plaintiff SHONE D. MCEWEN
7   and CLASS MEMBERS

**FILED**
LOS ANGELES SUPERIOR COURT

JAN 3 0 2007

John A. Clark, Executive Officer/Clerk
By _____, Deputy

Case assigned
to Judge

Victoria Chaney
D-321

BC365524

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10  SHONE D. MCEWEN, individually, and on       Case Number:
    behalf of other members of the general public
11  similarly situated,                          CLASS ACTION COMPLAINT FOR:

12                    Plaintiff,                  1. VIOLATION OF CALIFORNIA LABOR
                                                    CODE §§510 and 1198 (Unpaid Overtime);
13         vs.
                                                 2. VIOLATION OF CALIFORNIA LABOR
14                                                  CODE §§ 201 AND 202 (Wages Not Paid
    THE PEP BOYS MANNY, MOE & JACK                  Upon Termination);
15  OF CALIFORNIA, a California corporation;
    THE PEP BOYS MANNY, MOE & JACK, a            3. VIOLATION OF CALIFORNIA LABOR
16  Pennsylvania corporation; and DOES 1            CODE § 227.3 (Unlawful Vacation Policy);
    through 10, inclusive,
17                                               4. VIOLATION OF CALIFORNIA LABOR
                                                    CODE § 226(a) (Improper Wage Statements);
18                    Defendants.
                                                 5. VIOLATION OF CALIFORNIA LABOR
19                                                  CODE § 226.7 (Missed Rest Periods);

20                                               6. VIOLATION OF CALIFORNIA LABOR
                                                    CODE §§ 226.7 AND 512 (Missed Meal
21                                                  Periods);

22                                               7. VIOLATION OF CALIFORNIA LABOR
                                                    CODE §§ 221, 223, AND 224 (Repayment of
23                                                  Wages);

24                                               8. VIOLATION OF CALIFORNIA LABOR
                                                    CODE § 2802 (Indemnification for Employee
25                                                  Expenditures); AND

26                                               9. VIOLATION OF CALIFORNIA BUSINESS
                                                    & PROFESSIONS CODE § 17200, *ET SEQ.*
27                                                  (Unlawful Business Practices).

28                                               **Jury Trial Demanded**

1    Plaintiff SHONE D. MCEWEN, individually and on behalf of all other members of the

2   public similarly situated, hereby complains of Defendants THE PEP BOYS MANNY, MOE &

3   JACK OF CALIFORNIA and THE PEP BOYS MANNY, MOE & JACK, and alleges as follows:

4                          <u>JURISDICTION AND VENUE</u>

5        1.      This class action is brought pursuant to <u>California Code of Civil Procedure</u> section

6   382. The monetary damages and restitution sought by Plaintiff exceed the minimum jurisdictional

7   limits of the Superior Court and will be established according to proof at trial.

8        2.      This Court has jurisdiction over this action pursuant to California Constitution

9   Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except

10  those given by statute to other courts." The statutes under which this action is brought do not

11  specify any other basis for jurisdiction.

12       3.      This Court has jurisdiction over Defendants because Defendant THE PEP BOYS

13  MANNY, MOE & JACK OF CALIFORNIA is a corporation organized and existing under the

14  laws of the state of California, and Defendants have sufficient minimum contacts in California,

15  and otherwise intentionally availed themselves of the California market so as to render exercise of

16  jurisdiction over them by the California courts consistent with traditional notions of fair play and

17  substantial justice.

18       4.      Venue is proper in this Court pursuant to <u>Code of Civil Procedure</u> section 395.5

19  because, upon information and belief, Defendants transacts business or have offices and stores in

20  this county, and the wrongful acts giving rise to Plaintiff's claims occurred, in part, in this county.

21                              <u>PARTIES</u>

22       5.      Plaintiff SHONE D. MCEWEN ("Plaintiff") is an individual residing in Los

23  Angeles, California.

24       6.      Defendant THE PEP BOYS MANNY, MOE & JACK OF CALIFORNIA ("PEP

25  BOYS CA") is, and at all times mentioned herein was, a corporation organized and existing under

26  the laws of the State of California, with stores and offices in Los Angeles, California. PEP BOYS

27

28

                                    - 1 -

1  CA is an employer whose employees are engaged throughout this county, and the state of

2  California.

3      7.    Defendant THE PEP BOYS MANNY, MOE & JACK ("PEP BOYS PA") is, and at

4  all times mentioned herein was, a corporation organized and existing under the laws of the State of

5  Pennsylvania.  Plaintiff is informed and believes that PEP BOYS PA is an employer whose

6  employees are engaged throughout this county, and the state of California.

7      8.    Plaintiff is informed and believes that PEP BOYS CA and PEP BOYS PA are

8  affiliated companies (PEP BOYS CA and PEP BOYS PA collectively "PEP BOYS" or

9  "Defendants").

10     9.    Plaintiff is ignorant of the true name or capacity of each defendant sued herein

11  under the fictitious names DOES 1 through 10, but prays for leave to amend and serve each such

12  fictitiously named defendant pursuant to California Code of Civil Procedure section 474, once

13  his/her name and capacity becomes known and ascertained.  Plaintiff is informed and believes that

14  each said defendant is in some manner intentionally, negligently, or otherwise responsible for the

15  acts, occurrences and transactions alleged herein, and the intentional and/or negligent conduct

16  and/or fault of each fictitiously named defendant in some manner contributed to the damages

17  complained of herein.

18     10.   Plaintiff is informed and believes that each and every act and omission alleged

19  herein was performed by or attributable to defendant, and that each fictitiously named defendant

20  acted as the agent for the other, with legal authority to act on the other's behalf, in accordance with

21  and in representation of the official policy of defendant.  Furthermore, at all times herein

22  mentioned, defendants aided and abetted the acts and omissions of each other in proximately

23  causing the damages herein alleged.

24     11.   Each reference in this Complaint to defendant, defendants, or a specifically named

25  defendant, also refers to all defendants sued under fictitious names.

26  \\

27  \\

28

-2-

COMPLAINT

## CLASS ACTION ALLEGATIONS

12.    Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated, and therefore seeks class certification under California Code of Civil Procedure section 382.

13.    The proposed subclasses consist of and are defined as:

> All "non-exempt" or hourly persons employed by Defendants in the State of California at any time during the period commencing four years prior to the filing of this Complaint to final judgment.

14.    There is a well-defined community of interest in the litigation and the class is easily ascertainable:

a)    Numerosity. The class members, and each subclass, if any, are so numerous that joinder of all class members would be unfeasible and not practicable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than 100 individuals, and the identity of such members is readily ascertainable by inspection of Defendants' employment records.

b)    Typicality. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom he has a well-defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members as demonstrated herein.

c)    Adequacy. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action, will continue to incur, costs and attorney's fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

- 3 -

1     d)    <u>Superiority</u>. The nature of this action makes the use of class action

2 adjudication superior to other methods. This case involves a corporate employer (Defendant) and

3 a large number of individual employees (Plaintiff and class members) with many relatively small

4 claims with common issues of law and fact. If each employee were required to file an individual

5 lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage, as they

6 would be able to exploit and overwhelm the limited resources of each individual class member

7 with their vastly superior financial and legal resources. Requiring each class member to pursue an

8 individual remedy would also discourage the assertion of lawful claims by employees who would

9 be disinclined to pursue an action against their present and/or former employer for a justifiable

10 fear of retaliation and permanent damage to their careers, either at present and/or at subsequent

11 employment. Proof of a common business practice or factual pattern of which the named Plaintiff

12 experienced, and that is representative of the class mentioned herein, will establish the right of

13 each class member to recovery on the Causes of Action alleged herein. Class action will achieve

14 economies of time, effort, and expense as compared with separate lawsuits, and avoid inconsistent

15 outcomes because the same issues can be adjudicated in the same manner for the entire class.

16     e)    <u>Public Policy Consideration</u>. Employers of the state violate employment and

17 labor laws every day. Current employees are often afraid to assert their rights out of fear of direct

18 or indirect retaliation. Former employees are fearful of bringing actions because they believe their

19 former employers can damage their future endeavors through negative references and other means.

20 Class actions provide the class members who are not named in the complaint with a type of

21 anonymity that allows for the vindication of their rights at the same time as their privacy is

22 protected.

23     15.    There are common questions of law and fact as to the class, and each subclass, if

24 any, that predominate over questions affecting only individual members, including, but not limited

25 to:

26     a)    Whether Defendants' failure to pay wages, without abatement or reduction, in

27 accordance with the <u>California Labor Code</u>, was willful;

28

- 4 -

b)    Whether Defendants failed to pay Plaintiff and class members applicable overtime rates of pay in accordance with applicable California Labor Code provisions;

c)    Whether Defendants properly complied with wage reporting requirements as required by the California Labor Code, including but not limited to Labor Code section 226;

d)    Whether Defendants unlawfully caused Plaintiff and class members to forfeit vacation pay in violation of application California Labor Code provisions, including but not limited to Labor Code section 227.3;

e)    Whether Defendants deprived Plaintiff and class members of rest periods and/or required Plaintiff and class members to work during rest periods without compensation;

f)    Whether Defendants deprived Plaintiff and class members of meal periods and/or required Plaintiff and class members to work during meal periods without compensation;

g)    Whether Defendants unlawfully collected or received from Plaintiff and class members any part of wages previously paid to Plaintiff and class members;

h)    Whether Defendants failed to provide Plaintiff and class members maintenance allowance or reimbursement for costs incurred in the maintenance of uniforms.

i)    Whether Defendants engaged in unfair business practices in violation of Business & Professions Code section 17200, *et seq.*;

j)    Whether Defendants' conduct was willful;

k)    The appropriate amount of compensatory damages resulting from Defendants' violations of law;

l)    The appropriate amount of monetary penalties resulting from Defendants' violations of law; and

m)    Whether Defendants are guilty of oppression, fraud, or malice, and should be punished for the sake of example, to deter others from engaging in similar misconduct.

\\

\\

\\

- 5 -

## FACTUAL ALLEGATIONS

16.    Upon information and belief, PEP BOYS is an automotive retail and service chain, engaged in the retail sale of automotive parts, tires and accessories, automotive repairs and maintenance, and the installation of parts.

17.    On or about March 2001, PEP BOYS hired Plaintiff to work in its North Hollywood store location, in the capacity of a non-exempt Customer Service/Retail Sales Representative, and Plaintiff remained under PEP BOYS' employ until on or about August 2006.

18.    During the term of his employment with PEP BOYS, Plaintiff worked in non-exempt, hourly positions, in the capacity of Customer Service Representative, Driver, and Commercial Sales Manager.

19.    At all times mentioned herein, PEP BOYS employed Plaintiff and other persons in the capacity of Customer Service/Retail Sales Representative, Driver, and Commercial Sales Manager, and other similar non-exempt, hourly positions.

20.    Plaintiff is informed and believes that PEP BOYS continues to employ Customer Service/Retail Sales Representatives, Drivers, and Commercial Sales Managers, and others in similar positions.

21.    PEP BOYS failed to pay all earned and unpaid wages to Plaintiff and class members either immediately at the time of discharge or within seventy-two (72) hours thereafter.

22.    PEP BOYS caused or required Plaintiff and class members to miss their meal and rest periods, and failed to compensate Plaintiff and class members an additional hour of pay for each day a meal or rest period was missed.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code §§ 510 and 1198

### (Against all Defendants)

23.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 22.

- 6 -

24.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

25.    Specifically, the applicable IWC Wage Order provides that PEP BOYS is and was required to pay Plaintiff and class members employed by PEP BOYS, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

26.    The applicable IWC Wage Order further provides that PEP BOYS is and was required to pay Plaintiff and class members employed by PEP BOYS, and working more than twelve (12) hours in a day, overtime compensation at a rate of two times his or her regular rate of pay.

27.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

28.    During the relevant time period, Plaintiff and class members consistently worked in excess of eight (8) hours in a day or forty (40) hours in a workweek.

29.    During the relevant time period, PEP BOYS failed to properly pay overtime wages owed to Plaintiff and class members.

30.    Among other things, PEP BOYS unlawfully paid Plaintiff and class members a rate of compensation for overtime work that was less than the rate of pay mandated by the applicable Wage Orders, and California Labor Code section 510.

31.    Defendants' failure to pay Plaintiff and other class members overtime compensation, as required by California laws, violates the provisions of <u>California Labor Code</u> sections 510 and 1198, and is therefore unlawful.

32.    Pursuant to <u>California Labor Code</u> section 1194, Plaintiff and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs and attorney's fees.

33.    Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

## SECOND CAUSE OF ACTION

### Violation of <u>California Labor Code</u> §§ 201 and 202

### (Against all Defendants)

34.    Plaintiff incorporates by reference the allegations set out in paragraphs 1 through 33 above, as though fully stated herein.

35.    <u>California Labor Code</u> section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him [or her] under this article."

36.    <u>California Labor Code</u> sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

37.    After Plaintiff and class members ceased to be in PEP BOYS' employ, PEP BOYS failed to pay earned and unpaid wages to Plaintiff and those class members either immediately at the time of discharge or within seventy-two (72) hours thereafter.

- 8 -

38.     Specifically, PEP BOYS failed to pay Plaintiff and class members vacation time that was earned, vested, but not taken, either immediately at the time of discharge or within seventy-two (72) hours thereafter.

39.     As a result of its failure to pay, PEP BOYS violated <u>California Labor Code</u> sections 201 and 202, causing damage and injury to Plaintiff and class members.

40.     <u>California Labor Code</u> section 203 provides that if an employer wilfully fails to pay wages owed in accordance with <u>California Labor Code</u> sections 201 and 202, then the wages of the employee shall continue as penalty from the due date and remain thereon at the same rate until the employee is paid or until action is commenced, but for a period not greater than thirty (30) days.

41.     Accordingly, pursuant to <u>California Labor Code</u> section 203 Plaintiff and class members are entitled to recover from PEP BOYS the statutory penalty for each day for which they were not paid their regular hourly rate of pay, up to thirty (30) days.

42.     Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

<u>**THIRD CAUSE OF ACTION**</u>

**Violation of <u>California Labor Code</u> § 227.3**

**( Against Defendant and DOES 1 through 10)**

43.     Plaintiff incorporates by reference the allegations set out in paragraphs 1 through 42 above, as though fully stated herein.

44.     <u>California Labor Code</u> section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him [or her] under this article."

45.     <u>California Labor Code</u> section 227.3 provides, in part, ""whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated

-9-

1   without having taken off his vested vacation time, all vested vacation shall be paid to him as

2   wages at his final rate...."

3       46.    California Labor Code section 227.3 further provides, in part, that "an...employer

4   policy shall not provide for forfeiture of vested vacation time upon termination."

5       47.    During the relevant time period, PEP BOYS implemented a vacation policy that

6   unlawfully caused Plaintiff and class members to forfeit earned and vested vacation time.

7       48.    As a result of its unlawful vacation policy, PEP BOYS violated California Labor

8   Code section 227.3, causing damage and injury to Plaintiff and class members.

9       49.    Therefore, Plaintiff and class members are entitled to recover all unpaid wages, and

10  such general and special damages as may be appropriate, as well as interest on all due and unpaid

11  wages pursuant to California Labor Code section 218.6, accrued from the date the wages were due

12  and payable, at the rate of interest specified in California Civil Code section 3289(b). Plaintiff and

13  class members are also entitled to the cost of suit incurred herein; and for such other and further

14  relief as the Court may deem appropriate.

15      50.    Plaintiff and class members are also entitled to equitable injunctive relief to ensure

16  compliance with this section, pursuant to California Labor Code section 227.3.

17      51.    Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or

18  malice, thereby warranting an award of punitive damages against Defendants for the sake of

19  example, and to punish Defendants and deter others from engaging in similar misconduct.

20                          **FOURTH CAUSE OF ACTION**

21                  **Violation of California Labor Code § 226(a)**

22                          **(Against all Defendants)**

23      52.    Plaintiff incorporates by reference the allegations set out in paragraphs 1 through

24  51 above, as though fully stated herein.

25      53.    California Labor Code section 218 states that nothing in Article 1 of the Labor

26  Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him

27  [or her] under this article."

28

- 10 -

54.    PEP BOYS intentionally failed to provide employees with complete and accurate wage statements that include, among other things, all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee, and net wages earned.

55.    As a result of PEP BOYS' violation California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily-protected right.

56.    Specifically, Plaintiff and class members have been injured by PEP BOYS' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under section 226(a).

57.    Plaintiff and class members are entitled to recover from PEP BOYS the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars.

58.    Plaintiff and class members are also entitled to an award of costs and reasonable attorney's fees pursuant to California Labor Code section 226(e).

59.    Plaintiff and class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

60.    Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

## FIFTH CAUSE OF ACTION

### Violation of California Labor Code § 226.7

### (Against all Defendants)

61.    Plaintiff incorporates by reference the allegations set out in paragraphs 1 through 60 above, as though fully stated herein.

- 11 -

62.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him [or her] under this article."

63.    California Labor Code section 226.7(a) provides: "no employer shall require any employee to work during any...rest period mandated by an applicable order of the California Industrial Welfare Commission."

64.    California Labor Code section 226.7(a) and the applicable IWC Wage Order provide, in part, that employees cannot be required to work in excess of four hours without receiving a ten-minute rest period. The applicable IWC Wage Order further provides, in part, that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period."

65.    During the relevant time period, PEP BOYS violated applicable orders of the California Industrial Wage Commission, and California Labor Code section 226.7(a) by requiring Plaintiff and class members to work during rest periods, but failing to compensate them for the work they performed during that time.

66.    Accordingly, pursuant to California Labor Code section 226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1) additional hour of pay at the employees' regular rate of compensation for each work day that a rest period was not provided.

67.    Furthermore, Plaintiff and class members are each entitled to recover from Defendants one (1) hour compensation per missed rest period as premium pay for wages, and not as a penalty.

68.    Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

\\

\\

\\

- 12 -

## SIXTH CAUSE OF ACTION

### Violation of <u>California Labor Code</u> §§ 226.7 and 512

### (Against all Defendants)

69.     Plaintiff incorporates by reference the allegations set out in paragraphs 1 through 68 above, as though fully stated herein.

70.     <u>California Labor Code</u> section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him [or her] under this article."

71.     <u>California Labor Code</u> section 226.7(a) provides: "no employer shall require any employee to work during any meal...period mandated by an applicable order of the California Industrial Welfare Commission."

72.     <u>California Labor Code</u> section 512(a) provides that an employer may not employ an employee for a work period of more than five (5) hours per day without providing the employee a meal period of not less than thirty (30) minutes, except that if the employee's total work period per day is not more than six (6) hours then the meal period may be waived by mutual consent of both the employer and the employee.

73.     <u>California Labor Code</u> section 512(a) further provides that an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee a second meal period of not less than thirty (30) minutes, except that if the total hours worked by the employee is no more than twelve (12) hours, then the second meal period may be waived by mutual consent of the employer and the employee if and only if the first meal period was not waived.

74.     During the relevant time period, Plaintiff and class members scheduled to work in excess of six (6) hours, in fact were required to work for periods longer than five hours, without a mandated meal period of not less than thirty (30) minutes.

75.     During the relevant time period, Plaintiff and class members scheduled to work in excess of ten (10) but not longer than twelve (12) hours, and who did not waive their legally-

- 13 -

1  mandated meal periods by mutual consent, were required to work in excess of ten (10) hours

2  without a mandated second meal period of not less than thirty (30) minutes.

3      76.    During the relevant time period, Plaintiff and class members scheduled to work in

4  excess of twelve (12) hours were required to work in excess of ten (10) hours without a mandated

5  second meal period of not less than thirty (30) minutes.

6      77.    During the relevant time period, PEP BOYS required Plaintiff and class members

7  to work during meal periods, but failed to compensate Plaintiff and class members for the work

8  they performed during that time.

9      78.    PEP BOYS' conduct violates applicable IWC Wage Orders, and <u>California Labor

10 <u>Code</u> sections 226.7(a) and 512(a), and therefore Plaintiff and class members are entitled to

11 recover from PEP BOYS one (1) additional hour of pay at the employee's regular rate of

12 compensation for each work day that the meal period was not provided.

13     79.    Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or

14 malice, thereby warranting an award of punitive damages against Defendants for the sake of

15 example, and to punish Defendants and deter others from engaging in similar misconduct.

16                    <u>SEVENTH CAUSE OF ACTION</u>

17           <u>Violation of <u>California Labor Code</u> §§ 221, 223, and 224</u>

18                       **(Against all Defendants)**

19     80.    Plaintiff incorporates by reference the allegations set out in paragraphs 1 through

20 79 above, as though fully stated herein.

21     81.    <u>California Labor Code</u> section 218 states that nothing in Article 1 of the Labor

22 Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him

23 [or her] under this article."

24     82.    <u>California Labor Code</u> section 221 provides that it shall be unlawful for any

25 employer to collect or receive from an employee any part of wages theretofore paid by said

26 employer to said employee.

27

28

- 14 -

83.    California Labor Code section 223 provides that where any contract requires an employer to maintain a designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by contract.

84.    California Labor Code section 224 provides that where an employer makes a deduction, other than one required or empowered by state or federal law, not amounting to a rebate or deduction from the standard wage arrived at by collective bargaining, the deduction must be expressly authorized in writing by the employee.

85.    During the relevant time period, PEP BOYS made both verbal and written representations to the Plaintiff and class members that they would receive compensation on the basis of a pre-designated wage rate.

86.    Plaintiff and other members of the class relied upon PEP BOYS' representations concerning the agreed-upon wage rates.

87.    Defendants failed to properly pay regular wages to Plaintiff and class members, pursuant to the mutual agreement between Defendants and Plaintiff and class members, by causing Plaintiff and class members to forfeit earned, vested, but not taken vacation time, and thereby failing to pay Plaintiff and class members all the wages due and owing to them.

88.    Plaintiff is informed and believes that PEP BOYS improperly deducted amounts from its wages, that it was neither required nor empowered to do by state or federal law, without first obtaining Plaintiff's and class members' express written authorization for such deductions.

89.    Consequently, Defendants secretly paid Plaintiff and class members a lesser amount of wages than that which was represented on their wage statements.

90.    PEP BOYS' conduct as alleged herein violates California Labor Code sections 221 and 223. Therefore, Plaintiff and class members are entitled to recover all unpaid wages, and such general and special damages as may be appropriate, as well as interest on all due and unpaid wages pursuant to California Labor Code section 218.6, accrued from the date the wages were due and payable, at the rate of interest specified in California Civil Code section 3289(b). Plaintiff and

- 15 -

1   class members are also entitled to the cost of suit incurred herein; and for such other and further

2   relief as the Court may deem appropriate.

3        91.    Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or

4   malice, thereby warranting an award of punitive damages against Defendants for the sake of

5   example, and to punish Defendants and deter others from engaging in similar misconduct.

6                           **EIGHTH CAUSE OF ACTION**

7              **Violation of California Business & Professions Code § 2802**

8                           **(Against all Defendants)**

9        92.    Plaintiff incorporates by reference the allegations set out in paragraphs 1 through

10  91 above, as though fully stated herein.

11       93.    California Labor Code section 2802 provides, in relevant part, as follows:

12  "An employer shall indemnify his or her employee for all necessary expenditures or losses

13  incurred by the employee in direct consequence of the discharge of his or her duties, or of his or

14  her obedience to the directions of the employer...."

15       94.    Plaintiff is informed and believes that during the course of his employment at PEP

16  BOYS, PEP BOYS implemented an unlawful uniform policy.

17       95.    During the course of their employment at PEP BOYS, Plaintiff and class members

18  were instructed and directed to wear certain PEP BOYS selected uniforms in the proper discharge

19  of their duties.

20       96.    PEP BOYS required that Plaintiff and class members maintain the uniforms, but

21  failed to provide Plaintiff and class members maintenance allowance or reimbursement for costs

22  incurred in maintenance of the uniforms.

23       97.    As a direct result of PEP BOYS' directions, and in conformity with the rules and

24  regulations for proper discharge of their duties, Plaintiff and class members incurred costs and

25  expenses for maintenance of PEP BOYS' uniforms, in an amount according to proof at trial.

26       98.    Plaintiff and class members are entitled and hereby request indemnification from

27  PEP BOYS for the cost and expense incurred by them in the maintenance of their uniforms.

28

- 16 -

99.    Plaintiff and class members further request for payment of all interest due and payable as provided by law, and an award for attorney's fees and costs incurred by Plaintiff and class members pursuant to California Labor Code section 2802(c).

100.    Plaintiff is informed and believes that Defendants are guilty of oppression, fraud, or malice, thereby warranting an award of punitive damages against Defendants for the sake of example, and to punish Defendants and deter others from engaging in similar misconduct.

### NINTH CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200, et seq.

### (Against all Defendants)

101.    Plaintiff incorporates by reference the allegations set out in paragraphs 1 through 100 above, as though fully stated herein.

102.    California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.

103.    Defendants have been, and continue to be, unfair, unlawful, and harmful to the Plaintiff, class members, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

104.    During all relevant times mentioned herein, PEP BOYS implemented improper and illegal policies and practices, by among other things, failing to provide meal and rest periods to Plaintiff and class members, improperly deducting amounts from Plaintiff's and class members' wage statements, and failing to comply with other statutory requirements mandated for employers. This conduct violates California law, and constitutes unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

105.    As a direct and proximate result of the aforementioned acts, Plaintiff and class members have been personally aggrieved, have suffered loss of money or property, and therefore, pursuant to California Business & Professions Code section 17200, et seq., are entitled for an order of restitution of wages withheld and retained by Defendants during a period commencing four years prior to the filing of this complaint; Injunctive relief requiring Defendants to pay all

- 17 -

1  outstanding wages due to class members; and an award of costs and attorney's fees pursuant to

2  California Code of Civil Procedure section 1021.5 and other applicable law.

### REQUEST FOR JURY TRIAL

4      Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

6      Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment

7  against Defendant, jointly and severally, as follows:

8               Class Certification

9      1.    That this action be certified as a class action;

10     2.    That Plaintiff be appointed as the representative of the Class; and

11     3.    That counsel for Plaintiff be appointed as Class counsel.

12              As to the First Cause of Action

13     4.    For general unpaid wages at overtime wage rates and such general and special damages

14 as may be appropriate;

15     5.    For punitive and/or exemplary damages according to proof at trial;

16     6.    For pre-judgment interest on any unpaid overtime compensation from the date such

17 amounts were due;

18     7.    For reasonable attorney's fees and for costs of suit incurred herein pursuant to

19 California Labor Code section 1194(a); and

20     8.    For such other and further relief as the Court may deem equitable and appropriate.

21              As to the Second Cause of Action

22     9.    For all actual, consequential and incidental losses and damages, according to proof;

23     10.    For statutory penalties pursuant to California Labor Code section 203 for Plaintiff and

24 all other class members who have left Defendants' employ;

25     11.    For punitive and/or exemplary damages according to proof at trial;

26     12.    For reasonable attorney's fees and for costs of suit incurred herein; and

27     13.    For such other and further relief as the Court may deem equitable and appropriate.

28

- 18 -

**As to the Third Cause of Action**

14.    For all actual, consequential and incidental losses and damages, according to proof;

15.    For punitive and/or exemplary damages according to proof at trial;

16.    For reasonable attorney's fees and for costs of suit incurred herein;

17.    For injunctive relief to ensure compliance with this section; and

18.    For such other and further relief as the Court may deem equitable, fair, and appropriate.

**As to the Fourth Cause of Action**

19.    For all actual, consequential and incidental losses and damages, according to proof;

20.    For statutory penalties pursuant to California Labor Code section 226(e);

21.    For punitive and/or exemplary damages according to proof at trial;

22.    For reasonable attorney's fees pursuant to California Labor Code section 226(e);

23.    For costs of suit incurred herein pursuant to California Labor Code section 226(e);

24.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

25.    For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

26.    For all actual, consequential, and incidental losses and damages, according to proof;

27.    For statutory wage penalties pursuant to California Labor Code section 226.7(b);

28.    For punitive and/or exemplary damages according to proof at trial;

29.    For reasonable attorney's fees and for costs of suit incurred herein; and

30.    For such other and further relief as the Court may deem appropriate.

**As to the Sixth Cause of Action**

31.    For all actual, consequential, and incidental losses and damages, according to proof;

32.    For statutory wage penalties pursuant to California Labor Code section 226.7(b);

33.    For punitive and/or exemplary damages according to proof at trial;

34.    For reasonable attorney's fees and for costs of suit incurred herein;

35.    For costs of suit incurred herein; and

- 19 -

1    36.    For such other and further relief as the Court may deem appropriate.

2                        As to the Seventh Cause of Action

3    37.    For all actual, consequential, and incidental losses and damages, according to proof;

4    38.    For punitive and/or exemplary damages according to proof at trial;

5    39.    For reasonable attorney's fees and for costs of suit incurred herein;

6    40.    For costs of suit incurred herein; and

7    41.    For such other and further relief as the Court may deem appropriate.

8                        As to the Eight Cause of Action

9    42.    For all actual, consequential, and incidental losses and damages, according to proof;

10    43.    For punitive and/or exemplary damages according to proof at trial;

11    44.    For interest at the legal rate, accruing from the date on which Plaintiff and class

12    members each incurred the necessary expenditure;

13    45.    For reasonable attorney's fees and for costs of suit incurred herein;

14    46.    For costs of suit incurred herein; and

15    47.    For such other and further relief as the Court may deem appropriate.

16                        As to the Ninth Cause of Action

17    48.    For disgorgement of any and all "unpaid wages" and incidental losses, according to

18    proof;

19    49.    For restitution of "unpaid wages" to all class members and prejudgment interest from

20    the day such amounts were due and payable;

21    50.    For the appointment of a receiver to receive, manage and distribute any and all funds

22    disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

23    result of violations of California Business & Professions Code section 17200, *et seq.*;

24    51.    For reasonable attorney's fees that Plaintiffs and class members are entitled to recover

25    under California Code of Civil Procedure section 1021.5;

26    52.    For costs of suit incurred herein;

27

28

53.    For injunctive relief to ensure compliance with this section, pursuant to <u>California Business & Professions Code</u> section 17200, *et seq.*; and

54.    For such other and further relief as the Court may deem equitable and appropriate.

Dated: January 30, 2007

Respectfully submitted,
Initiative Legal Group LLP

By: _____.

Mark Yablonovich, Esq.
Marc Primo, Esq.
Mónica Balderrama, Esq.
Talin Haroutunian, Esq.
Attorneys for Plaintiff/Class Members

- 21 -

COMPLAINT