**EXHIBIT B**

1  MATTHEW J. MATERN (State Bar #159798)
   THOMAS S. CAMPBELL (State Bar #199014)
2  RASTEGAR & MATERN, ATTORNEYS AT LAW APC
   1010 Crenshaw Boulevard, Suite 100
3  Torrance, California 90501
   Tel. (310) 218-5500
4  Fax.(310) 218-1155

5  Attorneys for Plaintiffs Manuel Valencia Aros, Jr., Jose Rios
   and other similarly situated current and former employees
6  of The Pep Boys Manny Moe and Jack of California

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF LOS ANGELES          BC364326

10 MANUEL VALENCIA AROS, JR., JOSE   )  CASE NO:
   RIOS, on behalf of themselves and all others  )
11 similarly situated,                )  CLASS ACTION COMPLAINT FOR
                                      )  DAMAGES FOR:
12                                    )
                                      )  1.  Failure to Provide Rest Periods and
13         Plaintiffs,                )      Required Compensation - Cal. Lab.
                                      )      Code § 226.7 and Wage and Hour
14     vs.                            )      Order 4-2001, § 12;
                                      )  2.  Failure to Provide Meal Periods and
15 THE PEP BOYS MANNY MOE AND         )      Required Compensation - Cal. Lab.
   JACK OF CALIFORNIA, and DOES 1     )      Code §§ 512, 226.7 and Wage and
16 through 50, inclusive,             )      Hour Order 4-2001, § 11;
                                      )  3.  Failure to Pay Minimum Wage - Labor
17                                    )      Code §§ 1197, 1197.1 and IWC Wage
                                      )      Order 4-2001;
18         Defendants.                )  4.  Failure to Pay Overtime Wages -
                                      )      Labor code §§ 510 and 1194;
19                                    )  5.  Violation of Labor Code § 227.3 -
                                      )      Vacation Pay;
20                                    )  6.  Failure to Timely Pay Wages - Labor
                                      )      Code § 204;
21                                    )  7.  Failure to Pay All Wages - Labor Code
                                      )      § 210;
22                                    )  8.  Failure to Provide an Accurate
                                      )      Itemized Statement of All Work
23                                    )      Performed - Labor Code §§ 226 and
                                      )      226.3;
24                                    )  9.  Cal. Lab. Code § 2699 et seq.;
                                      )  10. Cal. Lab. Code § 558;
25                                    )  11. Unlawful Business Practices - Cal.
                                      )      Bus. and Prof. Code § 17200
26                                    )
                                         DEMAND FOR JURY TRIAL
27

28

FILED
LOS ANGELES SUPERIOR COURT
JAN 08 2007
JOHN A. CLARKE, CLERK
BY RUGENA LOPEZ, DEPUTY

                              1

              CLASS ACTION COMPLAINT FOR DAMAGES

## JURISDICTION

1.    This Court is the proper Court, and this action is properly filed in the Superior Court of the State of California, County of Los Angeles, because Defendants' obligations and liability arise in the County of Los Angeles, because Defendants transact business in the County of Los Angeles, and because a significant amount of the work which is the subject of this action was performed by Plaintiffs in the County of Los Angeles.

## DEFENDANT

2.    The Pep Boys Manny Moe and Jack of California (hereinafter referred to as "PEP BOYS") is a California corporation.

## FACTUAL ALLEGATIONS

3.    Plaintiffs MANUEL VALENCIA AROS, JR., JOSE RIOS (hereinafter referred to as "NAMED PLAINTIFFS), and other similarly situated current and former employees (hereinafter collectively referred to as "PLAINTIFFS") of Defendants PEP BOYS and DOES 1 through 50, brings this Class Action on behalf of themselves and other current and former employees of PEP BOYS and DOES 1 through 50 (collectively "DEFENDANTS"), in the State of California, who are similarly situated, to recover, among other things, unpaid wages, interest, attorneys fees, penalties, costs, and expenses.  NAMED PLAINTIFFS reserve the right to name additional class representatives.

4.    PLAINTIFFS are former non-exempt employees of DEFENDANTS, who were employed by DEFENDANTS for a period of time within the four (4) years preceding the filing of this action.

5.    At all relevant times alleged herein, PLAINTIFFS are informed and believe, and thereon allege that PEP BOYS is, and at all times relevant hereto was, a California corporation. PLAINTIFFS are further informed and believe, and thereon allege, that PEP BOYS is authorized to conduct business in the State of California, and does conduct a proportional majority of its business in the State of California.  Specifically, PEP BOYS maintains offices and conducts business in, and fails to provide its employees with mandated rest and meal periods or compensate its employees for missed rest periods or for all wages earned including minimum

CLASS ACTION COMPLAINT FOR DAMAGES

1  wages, overtimes wages and accrued vacation pay in the County of *Los Angeles* where it
2  operates stores employing no less than 1000 employees.

3      6.      The true names and capacities of DOES 1 through 50, inclusive, are *unknown to*
4  NAMED PLAINTIFFS, who therefore sue said DOE Defendants by *fictitious* names. NAMED
5  PLAINTIFFS will amend this *Complaint* to show their true names and capacities when they
6  have been ascertained.

7      7.      At all relevant times herein, PLAINTIFFS were employed by PEP BOYS, in the
8  State of California, under an employment agreement that was partly written, partly oral, and
9  partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each
10 of them, acted pursuant to and in furtherance of a policy and practice of not providing
11 PLAINTIFFS with their rest and meal periods and also not paying PLAINTIFFS their full
12 wages, in violation of California Labor Code §§ 201, 204, 210, 512, 226, 226.7, 226.7, 227.3,
13 1194, 1197 and 1197.1, and Wage and Hour Order 4-2001.

14     8.      PLAINTIFFS are informed and believe and thereon allege that each and every of
15 the acts and omissions alleged herein were performed by, and/or attributable to, all
16 DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control
17 of each of the other DEFENDANTS, and that said acts and failures to act were within the
18 course and scope of said agency, employment and/or direction and control.

19     9.      As a direct and proximate result of the unlawful actions of DEFENDANTS,
20 PLAINTIFFS have suffered and continue to suffer from loss of earnings in amounts as yet un-
21 ascertained, but subject to proof at trial, within the jurisdiction of this Court, in an aggregate
22 amount in excess of $10,000,000.00.

## CLASS ACTION DESIGNATION

24     10.     This action is appropriately suited for a Class Action because:

25         A.     The potential class is a significant number. NAMED PLAINTIFFS are
26 informed and believe and thereon alleges that DEFENDANTS employed at any one time over
27 1,000 hourly employees in the State of California, with a total class estimated to be significantly
28 over 1,000 employees. There also are numerous former employees who were subjected to the

CLASS ACTION COMPLAINT FOR DAMAGES

1  same illegal payroll practices and policies.  Joinder of all current and former employees

2  individually would be impractical.

3        B.    This action involves common questions of law and fact to the potential

4  class because the action focuses on DEFENDANTS' denying its employees rest and meal

5  periods, its practice of having its employees work off the clock and divesting its employees of

6  vested vacation pay, which was applied to all hourly employees in violation of the California

7  Labor Code, and the California Business and Professions Code which prohibits unfair business

8  practices arising from such violations.

9        C.    The claims of NAMED PLAINTIFF are typical of the class because

10  DEFENDANTS subjected all of its hourly employees to the identical violations of the California

11  Labor Code and California Business and Professions Code.

12        D.    The NAMED PLAINTIFF is able to fairly and adequately protect the

13  interests of all members of the class because it is in their best interests to prosecute the claims

14  alleged herein to obtain full compensation due to them for all services rendered and hours

15  worked.

16  **FIRST CAUSE OF ACTION**

17  **(Failure to Provide Rest Periods and Required Compensation)**

18  **(California Labor Code § 226.7 and Wage and Hour Order 4-2001, § 12)**

19      11.    PLAINTIFFS incorporates herein by specific reference as though fully set forth

20  the allegations in paragraphs 1 through 10.

21      12.    Pursuant to California Labor Code § 226.7 and Industrial Welfare Commission

22  Wage Order 4-2001, DEFENDANTS are required to provide rest periods to their employees

23  within a four hour work period.  Furthermore, DEFENDANTS are required to pay their

24  employees one extra hour of compensation for each rest period their employees do not receive.

25      13.    PLAINTIFFS were non-exempt employees entitled to the protections of

26  California Labor Code § 226.7 and Wage Order 4-2001.  During the course of PLAINTIFFS'

employment, DEFENDANTS, pursuant to their policies and procedures, failed to provide their

employees with the required rest periods.

4

**CLASS ACTION COMPLAINT FOR DAMAGES**

14.    Furthermore, DEFENDANTS failed to compensate their employees who were entitled to receive, and did not receive, rest periods, with the required extra hour of compensation.

15.    DEFENDANTS failed to provide numerous other persons who are similarly situated to the individual NAMED PLAINTIFFS with required rest periods, and failed to provide the required compensation when rest periods were not provided.

16.    In violation of state law, DEFENDANTS have knowingly and willfully refused to perform their obligations to provide required rest periods and to provide compensation when rest periods were not provided.  As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

17.    DEFENDANTS committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights.  PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages owed, interest, penalties, nominal, actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

## SECOND CAUSE OF ACTION

### (Failure to Provide Meal Periods and Required Compensation - Cal. Lab. Code §§ 512, 226.7 and Wage and Hour Order 4-2001, § 11)

18.    PLAINTIFFS incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 17.

19.    Pursuant to California Labor Code § 226.7 and Industrial Welfare Commission Wage Order 4-2001, DEFENDANTS are required to provide meal periods to their employees who work more than five hours in a shift.  Furthermore, DEFENDANTS are required to pay

///

5

CLASS ACTION COMPLAINT FOR DAMAGES

1   their employees one extra hour of compensation for each meal period their employees do not

2   receive.

3        20.    PLAINTIFFS were non-exempt employees entitled to the protections of

4   California Labor Code §§ 226.7 and 512, and Wage Order 4-2001.  During the course of

5   PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, failed

6   to provide their employees with the required meal periods.

7        21.    Furthermore, DEFENDANTS failed to compensate their employees who were

8   entitled to receive, and did not receive, rest periods, with the required extra hour of

9   compensation.

10       22.    DEFENDANTS failed to provide numerous other persons who are similarly

11  situated to the individual NAMED PLAINTIFFS with required rest periods, and failed to

12  provide the required compensation when rest periods were not provided.

13       23.    In violation of state law, DEFENDANTS have knowingly and willfully refused to

14  perform their obligations to provide required rest periods, to provide compensation when rest

15  periods were not provided.  As a direct result, PLAINTIFFS have suffered, and continue to

16  suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such

17  wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform

18  their obligations under state law, all to their respective damages in amounts according to proof

19  at time of trial, and within the jurisdiction of this Court.

20       24.    DEFENDANTS committed the acts alleged herein knowingly and willfully, with

21  the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives

22  amounting to malice, and in conscious disregard of PLAINTIFFS' rights.  PLAINTIFFS are

23  thus entitled to recover the unpaid balance of compensation due, wages owed, interest, penalties,

24  nominal, actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of

25  suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

26  ///

27  ///

28  ///

6

CLASS ACTION COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

### (Failure to Pay Minimum Wage - Labor Code §§ 1194, 1197,
### 1197.1 and IWC Wage Order 4-2001)

25.    PLAINTIFFS incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 24.

26.    Pursuant to California Labor Code §1197, DEFENDANTS are required to pay its employees the minimum wage fixed by the Labor Commission.

27.    Pursuant to Labor Code § 1194:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

28.    Pursuant to Labor Code § 1197.1 subd. (a):

Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty as follows:  (1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid.  (2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

29.    PLAINTIFFS were non-exempt employees entitled to the protections of California Labor Code § 1197.  During the course of PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, failed to pay their employees the minimum wage because they forced Plaintiffs to work off the clock, thereby paying them nothing for those hours worked.

7

CLASS ACTION COMPLAINT FOR DAMAGES

30.    DEFENDANTS failed to pay the minimum wage to numerous other persons who are similarly situated to the individual NAMED PLAINTIFF.

31.    In violation of state law, DEFENDANTS have knowingly and willfully refused to perform their obligations to pay the minimum wage to PLAINTIFFS. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

32.    DEFENDANTS committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages owed, interest, penalties, nominal, actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

## FOURTH CAUSE OF ACTION

### (Failure to Pay Overtime Wages - Labor Code §§ 510 and 1194)

33.    PLAINTIFFS incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 32.

34.    Pursuant to California Labor Code § 510 subd. (a):

An employer is required to compensate its employees who work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a

///

8

1 | workweek shall be compensated at the rate of no less than twice the regular rate

2 | of pay of an employee.

3 | 35.    Pursuant to Labor Code § 1194:

4 | Notwithstanding any agreement to work for a lesser wage, any employee

5 | receiving less than the legal minimum wage or the legal overtime compensation

6 | applicable to the employee is entitled to recover in a civil action the unpaid

7 | balance of the full amount of this minimum wage or overtime compensation,

8 | including interest thereon, reasonable attorney's fees, and costs of suit.

9 | 36.    PLAINTIFFS were non-exempt employees entitled to the protections of

10 | California Labor Code § 510 and 1194 and Wage Order 4-2001.  During the course of

11 | PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, failed

12 | to compensate their employees for overtime work.

13 | 37.    Furthermore, DEFENDANTS failed to compensate their employees who were

14 | entitled to receive, overtime compensation for the hours they worked off the clock in excess of 8

15 | hours per day.

16 | 38.    DEFENDANTS failed to compensate numerous other persons who are similarly

17 | situated to the individual NAMED PLAINTIFFS with the required overtime compensation.

18 | 39.    In violation of state law, DEFENDANTS have knowingly and willfully refused to

19 | perform their obligations to provide required rest periods, to provide overtime compensation

20 | when earned.  As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial

21 | losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses

22 | and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations

23 | under state law, all to their respective damages in amounts according to proof at time of trial,

24 | and within the jurisdiction of this Court.

25 | 40.    DEFENDANTS committed the acts alleged herein knowingly and willfully, with

26 | the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives

27 | amounting to malice, and in conscious disregard of PLAINTIFFS' rights.  PLAINTIFFS are

28 | thus entitled to recover the unpaid balance of compensation due, wages owed, interest, penalties,

9

**CLASS ACTION COMPLAINT FOR DAMAGES**

1  nominal, actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of
2  suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

### FIFTH CAUSE OF ACTION

#### (Violation of Labor Code § 227.3)

5      41.    PLAINTIFFS incorporates herein by specific reference as though fully set forth
6  the allegations in paragraphs 1 through 40.

7      42.    Pursuant to California Labor Code §227.5, requires DEFENDANTS to pay all
8  vested vacation as wages at his final rate when an employee leaves his employment.

9      43.    PLAINTIFFS were non-exempt employees entitled to the protections of
10 California Labor Code § 1197.  During the course of PLAINTIFFS' employment,
11 DEFENDANTS earned vested vacation time that DEFENDANTS failed to fully pay when
12 Defendants .  Additionally, had a policy that divested its employees of accrued vacation time on
13 a periodic basis.

14     44.    In violation of state law, DEFENDANTS have knowingly and willfully refused to
15 perform their obligations to pay the minimum wage to PLAINTIFFS.  As a direct result,
16 PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and
17 enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in
18 seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their
19 respective damages in amounts according to proof at time of trial, and within the jurisdiction of
20 this Court.

21     45.    DEFENDANTS committed the acts alleged herein knowingly and willfully, with
22 the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives
23 amounting to malice, and in conscious disregard of PLAINTIFFS' rights.  PLAINTIFFS are
24 thus entitled to recover the unpaid balance of compensation due, wages owed, interest, penalties,
25 nominal, actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of
26 suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.
27 ///
28 ///

10

# SIXTH CAUSE OF ACTION

## (Failure to Timely Pay Wages - Labor Code § 204)

46.     PLAINTIFFS incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 45.

47.     Pursuant to California Labor Code § 204 and Industrial Welfare Commission Wage Order 4-2001, DEFENDANTS are required to pay all wages earned either on a weekly, bi-weekly or semi-monthly basis.

48.     PLAINTIFFS were non-exempt employees entitled to the protections of California Labor Code § 226.7 and Wage Order 4-2001. During the course of PLAINTIFFS' employment, DEFENDANTS, pursuant to their policies and procedures, failed to pay their employees all the wages they earned when due.

49.     DEFENDANTS failed to provide numerous other persons who are similarly situated to the individual NAMED PLAINTIFFS with required rest periods, and failed to provide the required compensation when rest periods were not provided.

50.     In violation of state law, DEFENDANTS have knowingly and willfully refused to perform their obligations to provide required rest periods, to provide compensation when rest periods were not provided. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

51.     DEFENDANTS committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are thus entitled to recover the unpaid balance of compensation due, wages owed, interest, penalties, nominal, actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

///

11

**CLASS ACTION COMPLAINT FOR DAMAGES**

# SEVENTH CAUSE OF ACTION

## (Failure to Pay All Wages - Labor Code § 210)

52.     PLAINTIFFS incorporates herein by specific reference as though fully set forth the allegations in paragraphs 1 through 51.

53.     Pursuant to California Labor Code § 210, "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows:

(a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

The penalty shall be recovered by the Labor Commissioner as part of a hearing held to recover unpaid wages and penalties pursuant to this chapter or in an independent civil action. The action shall be brought in the name of the people of the State of California and the Labor Commissioner and the attorneys thereof may proceed and act for and on behalf of the people in bringing these actions. Twelve and one-half percent of the penalty recovered shall be paid into a fund within the Labor and Workforce Development Agency dedicated to educating employers about state labor laws, and the remainder shall be paid into the State Treasury to the credit of the General Fund.

54.     Plaintiffs have fully complied with the requirements of Labor Code §§ 2698 et seq.

55.     DEFENDANTS failed to fully compensate their employees who were entitled to receive, and did not receive, all wages earned in violation of Labor Code §§ 204 and 1197.

56.     In violation of state law, DEFENDANTS have knowingly and willfully refused to perform their obligations to pay all wages due to their employees. As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial losses related to the use and

12

1  enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in

2  seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their

3  respective damages in amounts according to proof at time of trial, and within the jurisdiction of

4  this Court.

5      57.    DEFENDANTS committed the acts alleged herein knowingly and willfully, with

6  the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives

7  amounting to malice, and in conscious disregard of PLAINTIFFS' rights.  PLAINTIFFS are

8  thus entitled to recover the unpaid balance of compensation due, wages owed, interest, penalties,

9  nominal, actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of

10  suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

EIGHTH CAUSE OF ACTION

11
12  (Failure to Provide an Accurate Itemized Statement of
13  All Work Performed - Labor Code §§ 226 and 226.3)

14      58.    PLAINTIFFS incorporates herein by specific reference as though fully set forth

15  the allegations in paragraphs 1 through 57.

16      59.    Pursuant to California Labor Code § 226 subd. (a), at the time of each payment

17  of wages DEFENDANTS are required to furnish each employees, either as a detachable part of

18  the check, draft, or voucher paying the employee's wages, or separately when wages are paid by

19  personal check or cash, an accurate itemized statement in writing showing (1) all wages earned,

20  (2) total hours worked by the employee, except for any employee whose compensation is solely

21  based on a salary and who is exempt from payment of overtime under subdivision (a) of Section

22  515 or any applicable order of the Industrial Welfare Commission, . . . (4) all deductions,

23  provided that all deductions made on written orders of the employee may be aggregated and

24  shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the

25  employee is paid,  and (9) all applicable hourly rates in effect during the pay period and the

26  corresponding number of hours worked at each hourly rate by the employee.

    60.    Labor Code § 226.3 provides that "any employer who violates subdivision (a) of

Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250)

13
CLASS ACTION COMPLAINT FOR DAMAGES

1    per employee per violation in an initial citation and one thousand dollars ($1,000) per employee

2    for each violation in a subsequent citation, for which the employer fails to provide the employee

3    a wage deduction statement or fails to keep the records required in subdivision (a) of Section

4    226. The civil penalties provided for in this section are in addition to any other penalty

5    provided by law. Plaintiffs have fully complied with the requirements of Labor Code §§ 2698 *et*

6    *seq.*

7        61.    PLAINTIFFS were non-exempt employees entitled to the protections of

8    California Labor Code § 226. During the course of PLAINTIFFS' employment,

9    DEFENDANTS, pursuant to their policies and procedures, failed to provide their employees

10   with the required accurate itemized statement.

11       62.    DEFENDANTS failed to provide the required itemized statements because they

12   failed to include time worked of the clock in the statements.

13       63.    In violation of state law, DEFENDANTS have knowingly and willfully refused to

14   perform their obligations to provide required rest periods, to provide compensation when rest

15   periods were not provided. As a direct result, PLAINTIFFS have suffered, and continue to

16   suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such

17   wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform

18   their obligations under state law, all to their respective damages in amounts according to proof

19   at time of trial, and within the jurisdiction of this Court.

20       64.    DEFENDANTS committed the acts alleged herein knowingly and willfully, with

21   the wrongful and deliberate intention of injuring PLAINTIFFS, from improper motives

22   amounting to malice, and in conscious disregard of PLAINTIFFS' rights. PLAINTIFFS are

23   thus entitled to recover the unpaid balance of compensation due, wages owed, interest, penalties,

24   nominal, actual, compensatory, punitive, and exemplary damages, attorneys fees, and costs of

25   suit in amounts according to proof at time of trial, and within the jurisdiction of this Court.

26   ///

27   ///

28   ///

14

CLASS ACTION COMPLAINT FOR DAMAGES

## NINTH CAUSE OF ACTION

### (Cal. Labor Code § 2699 *et seq.*)

65.     PLAINTIFFS hereby reallege, and incorporate by reference as though fully set forth herein, the allegations contained in paragraphs 1 through 64.

66.     At all times relevant herein California Labor Code § 2699 provided that:

(a)  Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

67.     Pursuant to Labor. Code § 2699.3 Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency and Defendant of the specific Labor Code provisions alleged to have been violated.

68.     The Labor and Workforce Development Agency notified Plaintiff by certified mail that it does not intend to investigate the alleged violation.

69.     By failing to pay its employees the amounts owed under Labor Code § 226.7 on the regular payday for the pay period in which these amounts first became due and payable, as required by Labor Code § 204, Defendant is liable for civil penalties pursuant to Labor Code § 2699 in an amount not less than $10,000,000.00.

## TENTH CAUSE OF ACTION

### (Civil Penalties - Labor Code § 558)

70.     PLAINTIFFS incorporate herein by specific reference as though fully set forth the allegations in paragraphs 1 through 69.

71.     By failing to pay its employees the amounts owed for working without a break on the regular payday for the pay period in which these amounts first became due and payable, as required by Labor Code section 204, 226.7, 1994, 1997 and/or Wage and Hour Order 4-2001,

15

1  Defendant is liable for penalties pursuant to Labor Code § 558 in an amount not less than

2  $10,000,000.00.

3      72.    DEFENDANTS failed to pay numerous other persons who are similarly situated

4  to the individual NAMED PLAINTIFFS compensation for the work and labor such others

5  similarly situated performed for the DEFENDANTS as employees of the DEFENDANTS.

6      73.    In violation of state law, DEFENDANTS have knowingly and willfully refused to

7  perform their obligations to compensate PLAINTIFFS for all wages earned and all hours

8  worked.  As a direct result, PLAINTIFFS have suffered, and continue to suffer, substantial

9  losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses

10 and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations

11 under state law, all to their respective damages in amounts according to proof at time of trial,

12 and within the jurisdiction of this Court.  DEFENDANTS committed the acts alleged herein

13 knowingly and willfully, with the wrongful and deliberate intention of injuring PLAINTIFFS,

14 from improper motives amounting to malice, and in conscious disregard of PLAINTIFFS'

15 rights.  PLAINTIFFS are thus entitled to recover the unpaid balance of wages earned, interest,

16 nominal, actual, compensatory, liquidated, punitive, and exemplary damages, attorneys fees,

17 and costs of suit in amounts according to proof at time of trial, and within the jurisdiction of this

18 Court.

19                        ELEVENTH CAUSE OF ACTION

20              (California Business and Professions Code § 17200)

21     74.    PLAINTIFFS hereby reallege, and incorporate by reference as though fully set

22 forth herein, the allegations contained in paragraphs 1 through 73.

23     75.    By violating the foregoing statutes, DEFENDANTS' acts constitute unfair and

24 unlawful business practices under California Business and Professions Code §§ 17200 et seq.

25     76.    DEFENDANTS' violation of California wage and hour laws constitutes a

26 business practice because it was done repeatedly over a significant period of time, and in a

27 systematic manner to the detriment of PLAINTIFFS.

28 ///

                                16

77.    For the four (4) years preceding the filing of this action, PLAINTIFFS have suffered damages and request damages and/or restitution of all monies and profits to be disgorged from DEFENDANTS in an amount according to proof at time of trial, but within the jurisdiction of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS pray for judgment as follows:

1.    For nominal damages;

2.    For compensatory damages;

3.    For restitution of all monies due to PLAINTIFFS, and disgorged profits from the unlawful business practices of DEFENDANTS;

4.    For rest and meal period compensation pursuant to Labor Code § 226.7 and Wage Order 4-2001, according to proof;

5.    For preliminary and permanent injunction enjoining the DEFENDANTS from violating the relevant provisions of the Labor Code and the Industrial Welfare Commission Orders;

6.    For civil penalties pursuant to Labor Code §§ 558 and 2699, according to proof;

7.    For interest on the unpaid wages at 10% annum pursuant to Labor Code § 218.6, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest.

8.    For reasonable attorneys' fees and costs pursuant to Labor Code §§ 1174 and 2699 and/or any other applicable provisions providing for attorneys' fees and costs.

9.    For exemplary or punitive damages in an amount appropriate according to law as may be shown or proven at trial.

10.    That the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Causes of Action be certified as a Class Action.

11.    That Plaintiff be certified as the Representative of the Class.

12.    That Counsel for Plaintiff be confirmed as Class Counsel

///

17

**CLASS ACTION COMPLAINT FOR DAMAGES**

13.    For such other and further relief that the Court may deem just and proper.

Dated: January 8, 2007

Respectfully Submitted,

RASTEGAR & MATERN

By: _____
Matthew J. Matern,
Attorneys for PLAINTIFFS

CLASS ACTION COMPLAINT FOR DAMAGES

1

## DEMAND FOR JURY TRIAL

2   PLAINTIFFS hereby demands a jury trial with respect to all issues triable of right by

3   jury.

4   DATED:  January 8, 2007

Respectfully Submitted,

5

RASTEGAR & MATERN

6

7

By: _____

8   Matthew J. Matern
    Attorneys for PLAINTIFFS

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLASS ACTION COMPLAINT FOR DAMAGES