1    MORGAN, LEWIS & BOCKIUS LLP
     ERIC MECKLEY, State Bar No. 168181
2    M. MICHAEL COLE, State Bar No. 235538
     One Market, Spear Street Tower
3    San Francisco, CA  94105-1126
     Tel:  415.442.1000
4    Fax:  415.442.1001
     E-mail:    emeckley@morganlewis.com
5                mcole@morganlewis.com

6    MORGAN, LEWIS & BOCKIUS LLP
     JOHN S. BATTENFELD, State Bar No. 119513
7    DONNA MO, State Bar No. 240621
     300 South Grand Avenue
8    Twenty-Second Floor
     Los Angeles, CA  90071-3132
9    Tel:  213.612.2500
     Fax: 213.612.2501
10   E-mail:    jbattenfeld@morganlewis.com
                dmo@morganlewis.com
11
     Attorneys for Defendants
12   The Pep Boys Manny Moe & Jack of California; and
     The Pep Boys – Manny, Moe & Jack
13

14              UNITED STATES DISTRICT COURT

15            NORTHERN DISTRICT OF CALIFORNIA

16

| | |
|---|---|
| 17  Art Navarro, individually, and on behalf of all others similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act of 2004,<br><br>19              Plaintiff,<br><br>20        vs.<br><br>21  The Pep Boys Manny Moe & Jack of California, a California Corporation, The Pep Boys - Manny, Moe & Jack, a Pennsylvania Corporation, and DOES 1-25 inclusive,<br><br>24              Defendants. | Case No. 07-2633 SI<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STAY OR TRANSFER THIS ACTION, OR, IN THE ALTERNATIVE, TO DISMISS PLAINTIFF'S FIRST, SECOND, THIRD, FOURTH, FIFTH, SEVENTH, NINTH, ELEVENTH, TWELFTH AND THIRTEENTH CLAIMS FOR RELIEF**<br><br>Judge:    Hon. Susan Illston<br>Date:     September 21, 2007<br>Time:     9:00 a.m.<br>Room:    10 |

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II. BACKGROUND FACTS ...................................................................................... 3

    A.    The *Aros v. Pep Boys* Action ...................................................................... 3

    B.    The *McEwen v. Pep Boys* Action ................................................................. 4

    C.    The *Navarro v. Pep Boys* Action ................................................................. 5

III. ARGUMENT ........................................................................................................ 6

    A.    This Court Should Stay or Transfer the *Navarro* Action to the Central
           District Because the Claims are Duplicative of and Overlap with the
           Claims Asserted in the First-Filed *Aros* and *McEwen* Actions;
           Alternatively, the Court Should Dismiss the Duplicative Claims ........................ 6

    B.    The Similarity of Parties and Similarity of Issues Weighs Heavily in Favor of a
           Transfer, Stay, or Dismissal of the Later-Filed *Navarro* Action. ............................ 8

           1.    Chronology:  the *Aros* Action Was Filed First ........................................... 9

           2.    Similarity of Parties:  the *Aros* and *McEwen* Actions Involve the
                  Same Defendants and Putative Class Members As In The *Navarro*
                  Action. ....................................................................................................... 9

           3.    Similarly of Claims/Issues:  the *Navarro* Action and the *Aros* and
                  *McEwen* Actions Challenge the Same Alleged Unlawful
                  Employment Practices and the Majority of the Claims in These
                  Actions Are Identical and Overlap ............................................................ 10

    C.    Applying The "First-to-File" Rule Will Promote Judicial Economy .................... 17

IV. CONCLUSION ................................................................................................... 18

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                                        i                  MEMORANDUM OF POINTS AND
                                                                        AUTHORITIES ISO MOTION TO STAY OR
                                                                        TRANSFER (07-2633 SI)

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Alltrade, Inc. v. Uniweld Prod., Inc.,*
   946 F.2d 622 (9th Cir. 1991)................................................................................ 7, 8, 16

5

*Barapind v. Reno,*
   72 F. Supp. 2d 1132 (E.D. Cal. 1999)................................................................ 2, 7, 18

6

*BP Chemicals Limited v. Yankuang Group Boyang Foreign Economic & Trad. Co.,*
   No. CV-04-02946 PA, 2004 U.S. Dist.
   LEXIS 28822  (C.D. Cal. 2004)..................................................................................... 2

7

8

*Bryant v. Oxxford Express, Inc.,*
   181 F. Supp. 2d 1045 (C.D. Cal. 2000) ...................................................................... 16

9

10

*Carey v. Hillsborough County Dept. of Corrections,*
   2006 WL 758311,
   2006 U.S. Dist. LEXIS 23515 (D.N.H. March 6, 2006) ............................................... 7

11

12

*Centocor, Inc. v. MedImmune, Inc.,*
   2002 WL 31465299, 2002 U.S. Dist. LEXIS 21109 (N.D. Cal. Oct. 22, 2002)........................ 10

13

*Colorado River Water Conservation Dist. v. United States,*
   424 U.S. 800,
   S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ......................................................................... 18

14

15

*Curtis v. DiMaio,*
   46 F. Supp. 2d 206 (E.D.N.Y. 1999) .................................................................... 10, 18

16

17

*Dist. Council 37 Health & Sec. Plan v. McKesson,*
   2006 U.S. Dist. LEXIS 30584 (N.D. Cal. May 11, 2006) ...................................... 9, 10

18

*Fuller v. Abercrombie & Fitch Stores, Inc.,*
   370 F. Supp. 2d 686 (E.D. Tenn. 2005)........................................................................ 9

19

20

*Guthy-Renker Fitness v. Icon Health and Fitness, Inc.,*
   179 F.R.D. 264 (C.D. Cal. 1998) ................................................................................. 8

21

22

*Hahn v. Tarnow,*
   2006 WL 2160934,
   2006 U.S.Dist.LEXIS 52383 (E.D. Mich. July 31, 2006) ............................................ 7

23

24

*Howard v. Klynveld Peat Marwick,*
   977 F. Supp. 654 (S.D.N.Y. 1997)......................................................................... 7, 10

25

*National Union Fire Ins. Co. of Pittsburgh, PA. v. Liberty Mutual Fire Ins. Co.,*
   No. 05 CIV 5262 (DLC),
   2005 U.S. Dist. LEXIS 19778 (S.D.N.Y. Sept. 7, 2005) ............................................. 9

26

27

*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
   678 F.2d 93 (9th Cir. 1982)........................................................................... 7, 16, 18

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

*Peak v. Green Tree Fin. Serv. Corp.*,
   2000 U.S. Dist. LEXIS 9711,
   2000 WL973685 (N.D. Cal. 2000) ..................................................................... 7, 9, 16

*Save Power Ltd. v. Syntek Finance Corp.*,
   121 F.3d 947 (5th Cir. 1997) ................................................................................ 9

*Semmes Motors, Inc. v. Ford Motor Co.*,
   429 F.2d 1197 (2d. Cir. 1970) .............................................................................. 8

*Serlin v. Arthur Andersen & Co.*,
   3 F.3d 221 (7th Cir. 1993) .................................................................................... 7

*Walker v. Progressive Casualty Insurance Company*,
   2003 U.S. Dist. LEXIS 7871 (W.D. Wa 2003) ................................................. 10, 18

*Ward v. Follett Corp.*,
   158 F.R.D 645 (N.D. Cal. 1994) .......................................................................... 8

*Weinstein v. MetLife Inc.*,
   2006 WL 3201045 (N.D. Cal. 2006) ................................................................... 2, 9

*WeWee v. United States*,
   2002 U.S. Dist. LEXIS 2959 (Dist. Az. 2002) ................................................... 18

*Wherry v. All California Funding*,
   No. C 06-4384 SBA,
   2006 U.S. Dist. LEXIS 53431 (N.D. Cal. July 20, 2006) ................................... 9

**Statutes**

California Labor Code
   § 1194 .................................................................................................................. 12, 13

California Labor Code
   § 1197 .................................................................................................................. 12, 13

California Labor Code
   § 1198 .................................................................................................................. 13

California Labor Code
   § 204 .................................................................................................................... 3

California Labor Code
   § 210 .................................................................................................................... 3

California Labor Code
   § 221 .................................................................................................................... 5

California Labor Code
   § 223 .................................................................................................................... 5

California Labor Code
   § 224 .................................................................................................................... 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1

iii

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

California Labor Code
§ 226 ......................................................................................................................... 14

California Labor Code
§ 226(a) ............................................................................................................ 4, 6, 14

California Labor Code
§ 226.7 ........................................................................................................ 11, 12, 15

California Labor Code
§ 2698 ...................................................................................................................... 16

California Labor Code
§ 2699 ...................................................................................................................... 15

California Labor Code
§ 2802 ........................................................................................................ 5, 6, 14, 15

California Labor Code
§ 512 ................................................................................................................ 11, 12

California Labor Code
§ 558 ......................................................................................................................... 3

California's Business & Professions Code
§§ 17200 *et al.* ................................................................................................ 2, 4, 15

**Rules**

12(b)(6) .................................................................................................................... 16

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

1-SF/7571846.1                                        iv                  MEMORANDUM OF POINTS AND
                                                                          AUTHORITIES ISO MOTION TO STAY OR
                                                                          TRANSFER (07-2633 SI)

## I.    **INTRODUCTION**

In this putative wage and hour class action, Plaintiff Art Navarro ("Plaintiff" or "Navarro") seeks to represent current and former employees of Defendants The Pep Boys Manny Moe & Jack of California and The Pep Boys – Manny, Moe & Jack ("Pep Boys") in connection with a variety of claims which are identical to, and overlap with, claims alleged in two earlier filed putative wage and hour actions currently pending against Defendants in the United States District Court for the Central District of California.  On January 8, 2007, a civil action was filed against Defendant Pep Boys Manny Moe and Jack of California entitled *Aros v. The Pep Boys Manny Moe and Jack of California* (the "*Aros*" action), Case No. 07-cv-02033, currently pending before the Honorable Valerie Baker Fairbank.  On January 30, 2007, a second civil action was filed against Pep Boys entitled *McEwen v. The Pep Boys Manny, Moe & Jack of California; The Pep Boys Manny, Moe & Jack* (the "*McEwen*" action), Case No. 07-cv-01755, also currently pending before the Honorable Valerie Fairbank.  Navarro filed the instant action (the "*Navarro*" action) against Pep Boys more than four months later, on May 17, 2007.

The substantial similarity of the claims alleged in Navarro to the claims alleged in the *Aros* and *McEwen* actions is striking.  The plaintiffs in the *Aros*, *McEwen*, and *Navarro* Actions all claim to have been employed by Pep Boys in California.  In all three actions, the named plaintiffs seek to bring their claims on behalf of a proposed class of Pep Boys' current and former employees in California.  Both the *Aros* plaintiffs and Navarro allege nearly identical purported class claims under the Labor Code for:  (1) failure to provide rest periods; (2) failure to provide meal breaks; (3) failure to pay minimum wages/working off the clock, and (4) failure to pay overtime.  The *Aros* plaintiffs and Navarro also allege duplicative claims under California's Business & Professions Code sections 17200 *et al.* ("UCL").  Both Navarro and the *Aros* plaintiffs seek to recover penalties under the Private Attorneys' General Act ("PAGA") for overlapping alleged unlawful practices.

Similarly, the plaintiff in *McEwen* and Navarro also allege nearly identical purported class claims under the Labor Code for:  (1) failure to provide rest periods; (2) failure to provide meal breaks; (3) failure to pay overtime; (4) failure to provide accurate itemized wage statements;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                                          1                    MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

(5) alleged unlawful deductions; and (6) waiting time penalties.  McEwen and Navarro also both bring partially duplicative claims pursuant to California's Business & Professions Code sections 17200 *et al.* ("UCL").

The only claims alleged by Navarro that are unique to his complaint are claims for the alleged failure to pay minimum wage and overtime under the Fair Labor Standards Act ("FLSA") and the alleged failure to pay for split shifts.[1]  For the Court's convenience, Defendants have attached a chart (*see*, Exhibit D to the Declaration of M. Michael Cole) specifically outlining how the claims in the present action are duplicative of, and overlap with, the claims in the earlier-filed *Aros* and *McEwen* actions.

The well established "first-to-file" rule allows a district court to dismiss, stay or transfer an action when a similar complaint has already been filed in another federal court.  "It is universally recognized that a 'litigant has no right to maintain a second action duplicative of another.'"[2]  This principle applies where any claims are duplicative, even if other parts of the case are not duplicative.[3]

Pursuant to the "first-to-file" rule, Pep Boys requests that this Court stay this action or transfer this action to the United States District Court for the Central District of California where the *Aros* and *McEwen* Actions are already pending.  Such a stay or transfer will not prejudice the Plaintiff – notably, Plaintiff resides and worked for Pep Boys in Southern California, within the Central District.  Alternatively, Pep Boys requests that the Court dismiss the *Navarro* Action's duplicative claims because they concern rights and remedies that are substantially similar, if not identical, to those asserted in the first-filed *Aros* and *McEwen* Actions.  The *Aros* and *McEwen* Actions which are now pending in the Central District will fully protect the rights, if any, of the

_____

[1] The FLSA claims, however, are premised upon the same theory as Navarro's claim for minimum wage and overtime under California law.

[2] *See BP Chemicals Limited v. Yankuang Group Boyang Foreign Economic & Trad. Co.*, No. CV-04-02946 PA, 2004 U.S. Dist. LEXIS 28822 at *2 (C.D. Cal. 2004) (citing *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145 (E.D. Cal. 1999)).

[3] *See, e.g., Weinstein v. MetLife Inc.*, 2006 WL 3201045 (N.D. Cal. 2006) (one of several claims for relief stayed based upon the first-to-file rule where such claim was duplicative of a claim alleged in an earlier filed suit).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                                    2                    MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1    putative class members.  Application of the first-to-file rule here will promote judicial efficiency,

2    and avoid duplication of efforts and unnecessary expense, preserve judicial resources, and avoid

3    the risk of inconsistent decisions.

4    **II.    BACKGROUND FACTS**

5        **A.    The *Aros v. Pep Boys* Action**

6          On or about January 8, 2007, Manuel Valencia Aros Jr. and Jose Rios, both former non-

7    exempt employees of Pep Boys, filed a complaint in the California Superior Court, County of Los

8    Angeles, entitled:  *Aros et al. v. The Pep Boys Manny Moe and Jack, et al.*, Case No. BC364326.[4]

9    On or about March 28, 2007, Pep Boys removed the *Aros* action to the United States District

10    Court for the Central District of California, whereupon it was assigned to the Honorable Valerie

11    Baker Fairbank.  Cole Decl. ¶5.

12          Plaintiffs in *Aros* seek to represent a putative class of other "similarly situated current and

13    former" hourly employees of Pep Boys.  *Aros* Complaint, ¶¶ 3, 10.  In their First and Second

14    Causes of Action, plaintiffs in *Aros* allege that Pep Boys failed to provide rest and meal periods.

15    *Aros* Complaint, ¶¶ 11-24.  Specifically, plaintiffs claim that Pep Boys failed to provide their

16    employees with rest periods within a four hour work period as well as meal breaks to those

17    employees who worked more than five hours in a shift.  *Aros* Complaint, ¶¶ 12, 19.  Plaintiffs

18    further allege that Pep Boys also failed to pay their employees "one extra hour of compensation"

19    for each missed rest period or meal break.  *Aros* Complaint, ¶¶ 12, 19.[5]  Plaintiffs in *Aros* allege,

20    in their Third and Fourth Causes of Action, that they and others worked off the clock and as a

21    result, were not paid minimum wage for all hours worked or premium pay for hours worked in

---

22    [4]  A true and correct copy of the *Aros* Complaint is attached as Exhibit B to the Declaration of M.

23    Michael Cole filed concurrently herewith.

[5]  The *Aros* Plaintiffs also allege four causes of action which are derivative of their claims for

24    missed meal breaks and rest periods.  Specifically, in their Sixth Cause of Action, plaintiffs claim that by not paying employees for missed rest periods, Pep Boys failed to pay all wages in a timely

25    fashion as set forth in California Labor Code § 204.  *Aros* Complaint, ¶¶ 46-51.  In their Seventh Cause of Action, Plaintiffs purport to seek penalties under California Labor Code § 210 for Pep

26    Boys' alleged failure to pay all wages earned in a timely fashion.  *Aros* Complaint, ¶¶ 52-57.  In their Ninth Cause of Action, they claim penalties pursuant to the Private Attorneys General Act

27    ("PAGA"), California Labor Code § 2699, *et. seq.*  *Aros* Complaint, ¶¶ 65-69.  In their Tenth Cause of Action, they purport to seek penalties pursuant to California Labor Code § 558.  *Aros*

28    Complaint, ¶¶ 70-73.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

excess of 8 hours in a day or 40 hours a week. *Aros* Complaint, ¶¶ 25-40. In addition, plaintiffs allege in their Eighth Cause of Action that by not including time worked off the clock, Pep Boys failed to provide accurate itemized wage statements in violation of California Labor Code section 226. *Aros* Complaint, ¶¶ 58-64. The *Aros* plaintiffs also bring a derivative claim pursuant to California's unfair competition law, Business and Professions Code § 17200, claiming that by allegedly violating the various California Labor Code provisions, Pep Boys engaged in unfair and unlawful business practices. *Aros* Complaint, ¶¶ 74-77 (Eleventh Cause of Action).[6]

### B.     The *McEwen v. Pep Boys* Action

A second complaint was filed against Pep Boys in Los Angeles County Superior Court on January 30, 2007. That case, entitled *McEwen v. The Pep Boys Manny, Moe & Jack of California, et. al.*, Case No. BC365524, was removed to the United States District Court for the Central District of California on or about April 13, 2007.[7] Cole Decl. ¶3. The *McEwen* action is also presently pending before the Honorable Valeria Baker Fairbank. *Id.*

McEwen seeks to represent a class of "non-exempt" or "hourly employees" of Pep Boys. *McEwen* Complaint, ¶ 13. In his First Cause of Action, McEwen claims that Pep Boys failed to pay premium pay for hours worked in excess of 8 or 12 hours per day, or more than 40 hours per workweek. *McEwen* Complaint, ¶¶ 23-33. In his Second Cause of Action, McEwen seeks waiting time penalties for Defendants' alleged failure to pay all wages "earned and unpaid" at the time of discharge of within seventy-two (72) hours thereafter. *McEwen* Complaint, ¶¶ 34-42. Although the allegations for the waiting time penalties cause of action specifically references vacation time (*see, McEwen* Complaint ¶38), plaintiff clarified during the parties' early meet and confer in *McEwen* that this cause of action also encompassed waiting time penalties based upon the alleged unpaid overtime and meal/rest period payments. Cole Decl. ¶3. McEwen also alleges a claim concerning accurate itemized wage statements pursuant to California Labor Code § 226(a). *McEwen* Complaint, ¶¶ 52-60. Specifically, he claims that his wage statements did not

---

[6] The only other claim in *Aros* is for allegedly unpaid earned and vested vacation time, *Aros* Complaint, ¶¶ 41-45.

[7] A true and correct copy of the *McEwen* Complaint is attached as Exhibit A to the Declaration of M. Michael Cole filed concurrently herewith.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                          4          MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1   provide, in part, the total number of hours worked. *McEwen* Complaint, ¶ 54.  In his Fifth and

2   Sixth Causes of Action, McEwen further claims that Pep Boys failed to provide rest periods or

3   meal breaks by requiring employees to work through these breaks and/or by failing to pay them

4   one additional hour of pay for each missed rest period or meal break.  *McEwen* Complaint, ¶¶ 61-

5   79.  In addition, McEwen alleges a cause of action under California Labor Code Section 2802,

6   claiming that Pep Boys required him and others to maintain uniforms but then failed to indemnify

7   them for costs incurred in the maintenance of the uniforms.  *McEwen* Complaint, ¶¶ 92-100.

8   Finally, McEwen alleges a cause of action under California's Business and Professions Code

9   § 17200, claiming that by violating various provisions of the California Labor Code, Pep Boys

10   engaged in unlawful business acts and practices.  *McEwen* Complaint, ¶¶ 101-105.[8]

11      **C.**    **The *Navarro v. Pep Boys* Action**

12        On or about May 17, 2007, Plaintiff Art Navarro filed the instant action in the Northern

13   District of California.  A first amended complaint was filed on June 26, 2007.[9]  Plaintiff in

14   *Navarro* seeks to represent a class of current and former employees of Pep Boys.  *Navarro*

15   Complaint, ¶¶ 20-21.

16        In his complaint, Navarro seeks recovery for Pep Boys' alleged failure to provide meal

17   and rest breaks.  *Navarro* Complaint ¶¶ 54-64.  Specifically, Navarro claims that Pep Boys failed

18   to provide duty-free rest periods or meal breaks, and further failed to pay for missed or

19   interrupted breaks.  *Navarro* Complaint, ¶¶ 57, 62.  Plaintiff Navarro also seeks waiting time

20   penalties for failure to pay wages when due upon termination.  *Navarro* Complaint ¶¶ 65-68.  In

21   his fourth claim for relief, Navarro alleges that Defendants failed to pay all wages because he and

22   others similarly situated were working off the clock.  *Navarro* Complaint, ¶¶ 69-75 ("During the

23   course of Plaintiff's employment, Pep Boys allowed, suffered and permitted Plaintiff and others

24

---

25  [8] *McEwen* also includes a claim related to vacation pay.  Specifically, the Third Cause of Action, claims that Pep Boys violated California Labor Code § 227.3 by implementing a vacation policy that caused him and others to forfeit earned and vested vacation time.  *McEwen* Complaint, ¶¶ 43-

26  51.  Finally, McEwen alleges a duplicative claim for alleged unlawful "wage" deductions pursuant to California Labor Code sections 221, 223, and 224.  *McEwen* Complaint, ¶¶ 80-91.

27  [9] A true and correct copy of the First Amended Complaint in *Navarro* is attached as Exhibit C to the Declaration of M. Michael Cole filed concurrently herewith.

28

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1          5         MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1  similarly situated to perform work for the benefit of Pep Boys instead of paying wages.")  In his

2  fifth claim for relief, Navarro alleges that Pep Boys failed to pay minimum wage for all hours

3  worked.  *Navarro* Complaint ¶¶ 76-83.  Navarro also claims that Pep Boys failed to pay him

4  premium pay for hours worked in excess of 8 hours a day or 40 hours a week.  *Navarro*

5  Complaint ¶¶ 93-100.  The theory for each of these causes of action appears to be Navarro's

6  allegation that Pep Boys allowed him and others to perform work while "off the clock."  *Navarro*

7  Complaint, ¶ 23.  In his ninth claim, Navarro alleges that Pep Boys failed to provide accurate

8  itemized wage statements in violation of California Labor Code § 226(a).  *Navarro* Complaint,

9  ¶¶ 110-114.  In his eleventh claim, Navarro alleges that Pep Boys violated California Labor Code

10  Section 2802 by requiring him and others to purchase and wear uniforms and seeks to recover all

11  sums expended on uniforms.  *Navarro* Complaint, ¶¶ 122-128.  Navarro has also included a

12  common law claim for conversion based on the alleged failure to pay wages, and a derivative

13  claim pursuant to California's unfair competition law.[10]  *Navarro* Complaint, ¶¶ 129-142.

14  Navarro's unfair competition claim alleges, in part, that by violating various provisions of the

15  California Labor Code, Pep Boys engaged in unfair and unlawful activity.  *Navarro* Complaint,

16  ¶ 138.[11]

17  **III.    ARGUMENT**

18          A.    **This Court Should Stay or Transfer the *Navarro* Action to the Central
                District Because the Claims are Duplicative of and Overlap with the Claims**
19              **Asserted in the First-Filed *Aros* and *McEwen* Actions; Alternatively, the
                Court Should Dismiss the Duplicative Claims**
20

21          There is a strong federal policy to avoid duplicative and inefficient litigation.  The

22  principles of comity allow a district court to decline jurisdiction over an action where a complaint

23  involving the same parties and issues has already been filed in another district.  "[W]hile no

---

24  [10] Defendants have concurrently filed a motion to dismiss and motion to strike directed at the
conversion claim.

25

26  [11] Navarro also alleges claims for failure to pay minimum wage and overtime pursuant to the Fair
Labor Standards Act, ostensibly based on the same theory that Pep Boys allowed him and others
to work "off the clock" without pay.  *Navarro* Complaint, ¶¶ 84-92 (Sixth Claim for Relief) and

27  ¶¶ 101-109 (Eighth Claim for Relief).  Finally, Navarro alleges that Pep Boys required employees
to work "split shifts" without paying one hour's pay at the minimum wage rate as set forth by

28  IWC Wage Orders.  *Navarro* Complaint, ¶¶ 115-121.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1   precise rule has evolved, the general principle is to avoid duplicative litigation," and promote

2   judicial efficiency. *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citations omitted).

3   When cases involving the same parties and issues have been filed in two different districts, the

4   second district court has discretion to dismiss, stay or transfer the second case in the interest of

5   efficiency and judicial economy. *See, Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622,

6   625, 628-629 (9th Cir. 1991); *Peak v. Green Tree Fin. Serv. Corp.*, 2000 U.S. Dist. LEXIS 9711,

7   *4, 2000 WL973685, *2 (N.D. Cal. 2000) (*citing Alltrade*, 946 F.2d at 623).

8       This rule has been dubbed the "first-to-file" rule, and is well established in the Ninth

9   Circuit. "In the Ninth Circuit, the 'first-to-file' rule embodies the principles of federal comity."

10  *Peak*, 2000 WL 973685 at *2 (*citing Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95

11  (9th Cir. 1982)). *See also, e.g., Carey v. Hillsborough County Dept. of Corrections*, 2006 WL

12  758311, 2006 U.S. Dist. LEXIS 23515 (D.N.H. March 6, 2006) (second-filed complaint

13  dismissed where the claims, parties and available relief did not significantly differ from the first-

14  filed complaint pending in the same district); *Hahn v. Tarnow*, 2006 WL 2160934, 2006

15  U.S.Dist.LEXIS 52383 (E.D. Mich. July 31, 2006) (same); *Howard v. Klynveld Peat Marwick*,

16  977 F. Supp. 654, 664 (S.D.N.Y. 1997) (same). District courts are accorded "a great deal of

17  latitude and discretion" in determining whether a claim is duplicative, but generally a "suit is

18  duplicative, and thus subject to dismissal, if the claims, parties and available relief do not

19  significantly differ between the two actions." *Barapind v. Reno*, 72 F. Supp. 2d 1132, 1145

20  (E.D.Cal. 1999); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 224 (7th Cir. 1993).

21      The "first-to-file" rule has been expressly applied in the class action context. *See, e.g.,*

22  *Peak*, 2000 WL 973685, 2000 U.S. Dist. LEXIS 9711 (N.D. Cal July 7, 2000) (holding that even

23  though the named plaintiffs were different in two class actions, the issues that were presented

24  sufficiently duplicated one another to justify dismissing the second filed case).

25      Indeed, the Ninth Circuit Court of Appeals has expressly noted that "[t]he first-to-file rule

26  was developed to 'serve [ ] the purpose of promoting efficiency well and should not be

27  disregarded lightly.'" *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991).  In

28  fact, "unless compelling circumstances justify departure from this rule," the first-filed case

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                          7                    MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1   "should be permitted to proceed without concern about a conflicting order being issued in the

2   later filed action." *Ward v. Follett Corp.*, 158 F.R.D 645, 648-650 (N.D. Cal. 1994) (district

3   court dismissed action to allow first-filing party to proceed without concern of a conflicting order

4   being issued by the court in the second-filed action). *See also Semmes Motors, Inc. v. Ford Motor*

5   *Co.*, 429 F.2d 1197, 1202-03 (2d. Cir. 1970) (reversing district court's refusal to stay second-filed

6   action pursuant to general rule that the first of two duplicative actions should take precedence).

7          Under the first-to-file rule, a district court may, in its discretion, dismiss, stay or transfer a

8   later-filed case when the following three basic elements, all of which are present here, have been

9   demonstrated:

10         (1)     Chronology (*i.e.*, the case that will be dismissed, stayed or transferred must be the

11   later case filed);

12         (2)     Similarity of parties; and

13         (3)     Similarity of issues.

14  *Alltrade, Inc.*, 946 F.2d at 625-626; *Guthy-Renker Fitness v. Icon Health and Fitness, Inc.*, 179

15  F.R.D. 264, 270 (C.D. Cal. 1998); *Ward v. Follett Corp.*, 58 F.R.D. 645, 648 (N.D. Cal. 1994).

16         If these elements are present, the court may apply equitable considerations to determine

17  whether "wise judicial administration" warrants relief in the form of a stay, transfer or dismissal,

18  or whether concurrent litigation should proceed. *Id.* at 627.

19         **B.     The Similarity of Parties and Similarity of Issues Weighs Heavily in Favor of
20                  a Transfer, Stay, or Dismissal of the Later-Filed *Navarro* Action.**

21         PepBoys has demonstrated that the three elements of the first-to-file rule set forth in

22  *Alltrade* are present here, and that equitable considerations militate strongly in favor of staying

23  the *Navarro* Action or transferring it in its entirety to the Central District.  With only limited

24  exception (*i.e.*, the FLSA claims), the *Navarro* Complaint alleges claims that are identical to, and

25  overlap with, the claims alleged on behalf of the putative classes of current and former employees

26  which the plaintiffs in *Aros* and *McEwen* purport to represent.  Because the *Aros* and *McEwen*

27  Actions were filed prior to the *Navarro* Action, the *Aros* and *McEwen* Actions "should have

28  priority." *National Union Fire Ins. Co. of Pittsburgh, PA. v. Liberty Mutual Fire Ins. Co.*, No. 05

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                          8                          MEMORANDUM OF POINTS AND
                                                                   AUTHORITIES ISO MOTION TO STAY OR
                                                                   TRANSFER (07-2633 SI)

1   CIV 5262 (DLC), 2005 U.S. Dist. LEXIS 19778, *2 (S.D.N.Y. Sept. 7, 2005) ("where there are

2   two competing lawsuits, the first suit should have priority, absent the showing of balance of

3   convenience or special circumstances").

4          1.    Chronology: the *Aros* Action Was Filed First

5        The *Aros* Action was filed on January 8, 2007, four months prior to the *Navarro* Action

6   being filed on May 17, 2007.  In addition, the *McEwen* Action was filed on January 30, 2007, also

7   several months prior to the filing of the *Navarro* Action.  Thus, the first element necessary for

8   application of the first-to-file rule – chronology of the actions – is present. *See Wherry v. All*

9   *California Funding,* No. C 06-4384 SBA, 2006 U.S. Dist. LEXIS 53431, *5, fn.3 (N.D. Cal. July

10  20, 2006) (declining jurisdiction where the same property was at issue in a pending Bankruptcy

11  Court action, and noting dismissal was proper under the first-to-file rule because the Bankruptcy

12  Court action was filed prior to the instant action and involved the same parties and issues).

13         2.    Similarity of Parties:  the *Aros* and *McEwen* Actions Involve the Same
14               Defendants and Putative Class Members As In The *Navarro* Action.

15       "The parties and issues need not be identical" for the first-to-file rule to apply. *See Fuller*

16  *v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) (*citing Save*

17  *Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997)).  "Rather, the crucial

18  inquiry is whether the parties and issues substantially overlap." *Id.* at 688.  *See also Peak*, 2000

19  WL 973685, at *2 (applying "first-to-file" rule where "[t]he proposed class in both cases is

20  identically defined" and the alleged offending behavior "is the same in both cases"); *Dist. Council*

21  *37 Health & Sec. Plan v. McKesson*, 2006 U.S. Dist. LEXIS 30584, *2-3 (N.D. Cal. May 11,

22  2006) (under the first-to-file rule, the court found the parties substantially similar because

23  although the named plaintiffs in the two cases were different, they were members of classes

24  which were defined identically in the two actions).

25       Also, in applying the "first-to-file" rule in the class action context, the fact that the

26  purported class representatives are different and no class has yet been certified is irrelevant to the

27  analysis.  Instead, courts consider whether the putative classes are similar. *Id. See also e.g.,*

28  *Weinstein v. Metlife Inc.*, 2006 WL 3201045 (N.D.Cal Nov. 6, 2006) ("In a class action, it is the

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

1-SF/7571846.1         9       MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1    class, not the representative, that is compared" in analyzing whether the parties are sufficiently

2    similar); *District Council 37 Health & Security Plan v. McKesson*, 2006 U.S. Dist. LEXIS 30584

3    *2-3 (N.D. Cal. May 11, 2006) ("The Court finds that the parties to the two cases are substantially

4    similar"); *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 215-16 (E.D.N.Y. 1999) (dismissing suit as

5    duplicative after finding that although parties were not identical, their interests were sufficiently

6    aligned).

7        Here, the *Aros, McEwen* and *Navarro* Actions all name "The Pep Boys Manny Moe &

8    Jack of California" as a Defendant.  Additionally, both the *McEwen* and *Navarro* Actions name

9    "The Pep Boys Manny Moe & Jack" as a Defendant.  The plaintiffs in *Aros* and *McEwen* propose

10   to represent a class of Defendants' current and former employees – so too does Navarro.  In fact,

11   Navarro himself is a putative member of the class that plaintiffs in *Aros* and *McEwen* seek to

12   represent.  Thus, the parties here "substantially overlap" for purposes of the first-to-file rule.  *See*

13   *Centocor, Inc. v. MedImmune, Inc.*, 2002 WL 31465299 *3 2002 U.S. Dist. LEXIS 21109 (N.D.

14   Cal. Oct. 22, 2002) ("Courts generally do not require identical issues or parties so long as the

15   actions involve closely related questions or common subject matter.").  The parties need only

16   "represent the same interests" to be duplicative.  *Howard v. Klynveld Peat Marwick*, 977 F. Supp.

17   654, 664 (S.D.N.Y. 1997) (finding an action duplicative even though the later lawsuit named

18   additional individual defendants).

19              3.      <u>Similarly of Claims/Issues:  the *Navarro* Action and the *Aros* and *McEwen*</u>
20              <u>Actions Challenge the Same Alleged Unlawful Employment Practices and
              the Majority of the Claims in These Actions Are Identical and Overlap.</u>

21       "The issues in the two actions need not be identical for purposes of the first-to-file rule but

22   must only be substantially similar."  *See Walker*, 2003 U.S. Dist. LEXIS 7871 at *7 (W.D. Wa

23   2003).  "Accordingly, slight differences in the claims asserted do not prevent application of the

24   rule where the underlying complained-of conduct is almost identical."  *Id.* at *7-8.

25       Here, Navarro has asserted multiple claims which are entirely duplicative of the claims

26   asserted in the *Aros* and *McEwen* Actions.  Specifically, just as the Plaintiffs in *Aros* and *McEwen*

27   have alleged, Navarro alleges that Pep Boys failed to provide meal and rest breaks, failed to pay

28   minimum wage and overtime, failed to provide accurate itemized wage statements, failed to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1   reimburse for uniform expenses, and violated the UCL based upon these same underlying

2   allegedly unfair and unlawful business practices.  The substantial similarity of Navarro's claims

3   to those brought in *Aros* and *McEwen* is readily apparent from a comparison of their allegations,

4   as described below and in the comparison chart/graph which Defendants have attached as Exhibit

5   D to the Declaration of Michael Cole filed herewith:

6           **The Meal and Rest Break Claims:**

7           *Aros* Action: In their First Cause of Action (for alleged "Failure to Provide Rest Periods

8   and Required Compensation"), the *Aros* plaintiffs allege in pertinent part that "Defendants,

9   pursuant to their policies and procedures failed to their employees with the required rest periods"

10  in violation of California Labor Code § 226.7 and Industrial Wage Commission ("IWC") Order 4-

11  2001 ("Wage Order 4").  *Aros* Complaint ¶ 13.  The *Aros* plaintiffs seek to recover the "unpaid

12  balance of compensation due, wages owed, interest, penalties, nominal, actual, compensatory,

13  punitive, and exemplary damages, attorneys' fees, and costs of suit."  *Aros* Complaint ¶ 17.

14          Similarly, in their Second Cause of Action (for alleged "Failure to Provide Meal Periods

15  and Required Compensation"), the *Aros* plaintiffs claim that "Defendants, pursuant to their

16  policies and procedures, failed to provide their employees with the required meal periods" in

17  violation of California Labor Code §§ 226.7, 512, and Wage Order 4.  *Aros* Complaint, ¶ 13.  For

18  this, the *Aros* plaintiffs seek to recover the "unpaid balance of compensation due, wages owed,

19  interest, penalties, nominal, actual, compensatory, punitive, and exemplary damages, attorneys

20  fees, and costs of suit."  *Aros* Complaint ¶ 24.

21          *McEwen* Action:  In his Fifth Cause of Action (for alleged "Violation of California Labor

22  Code § 226.7"), McEwen alleges that Pep Boys "violated applicable orders of the California

23  Industrial Wage Commission, and California Labor Code section 226.7(a) by requiring Plaintiff

24  and class members to work during rest periods, but failing to compensate them from the work

25  they performed during that time."  *McEwen* Complaint, ¶ 65.  For this, McEwen claims that he

26  and class members are entitled to recover "one (1) additional hour of pay at the employees'

27  regular rate of compensation for each work day that a rest period was not provided."  *McEwen*

28  Complaint, ¶ 66.  Similarly, in his Sixth Cause of Action (for alleged "Violation of California

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                                    11                MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1    Labor Code §§ 226.7 and 512") McEwen claims that he and class members were "required …to

2    work during meal periods" but that Pep Boys "failed to compensate [them] for the work they

3    performed during that time." *McEwen* Complaint, ¶ 77. For this, McEwen seeks to recover "one

4    (1) additional hour of pay at the employees' regular rate of compensation for each work day that

5    the meal period was not provided." *McEwen* Complaint, ¶ 78.

6        *Navarro* Action:  As in the *Aros* and *McEwen* Actions, Navarro in his First Claim for

7    Relief (for alleged "Failure to Provide Rest Periods") claims that "Pep Boys failed to provide …

8    duty-free rest periods … and failed to pay … for those rest periods not provided or interrupted" in

9    violation of California Labor Code section 226.7 and IWC wage orders. *Navarro* Complaint

10   ¶ 57. Like the plaintiffs in the *Aros* and *McEwen* actions, Navarro seeks to recover "statutory

11   wages and penalty wages … plus costs, interest, disbursements and attorneys' fees." *Navarro*

12   Complaint, ¶ 58.

13       Likewise, in his second Claim for Relief (for alleged "Failure to Provide Meal Periods"),

14   Navarro claims that "Pep Boys failed to provide … uninterrupted meal periods of not less than

15   thirty (30) minutes" in violation of California Labor Code §§ 226.7, 512, and IWC wage orders.

16   *Navarro* Complaint ¶ 62. Navarro seeks to recover (like the *Aros* plaintiffs) "statutory wages and

17   penalty wages … plus costs, interest, disbursements, and attorneys' fees." *Navarro* Complaint,

18   ¶ 64.

19       **The Wage Claims:**

20       *Aros* Action:  In their Third Cause of Action (for alleged "Failure to Pay Minimum

21   Wage"), the *Aros* plaintiffs claim that they and others were "forced" to "work off the clock" and

22   accordingly, were not paid minimum wage for all hours worked in violation of California Labor

23   Code sections 1194 and 1197. *Aros* Complaint, ¶ 29. The *Aros* plaintiffs seek to recover the

24   "unpaid balance of compensation due, wages owed, interest, penalties, nominal, actual,

25   compensatory, punitive, and exemplary damages, attorneys fees, and costs of suit." *Aros*

26   Complaint, ¶ 32.

27       In addition, in their Fourth Cause of Action (for alleged "Failure to Pay Overtime

28   Wages"), the *Aros* plaintiffs claim that Pep Boys failed to compensate them for overtime work.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1  *Aros* Complaint, ¶¶ 36-37. Accordingly, the *Aros* plaintiffs seek "compensation due, wages

2  owed, interest, penalties, nominal, actual, compensatory, punitive, and exemplary damages,

3  attorneys' fees, and costs of suit." *Aros* Complaint, ¶ 40.

4      *McEwen* Action: In his First Cause of Action (for alleged "Violation of California Labor

5  Code §§ 510 and 1198"), McEwen claims that Pep Boys failed to pay premium pay for hours

6  worked in excess of 8 or 12 hours per day, or more than 40 hours per workweek. *McEwen*

7  Complaint, ¶¶ 23-33.

8      *Navarro* Action: In his Fourth Claim for relief, Navarro claims that Defendants failed to

9  pay all wages because he and others similarly situated were working off the clock. *Navarro*

10  Complaint, ¶¶ 69-75 ("During the course of Plaintiff's employment, Pep Boys allowed, suffered

11  and permitted Plaintiff and others similarly situated to perform work for the benefit of Pep Boys

12  instead of paying wages.")

13      In his Fifth Claim for Relief (for alleged "Failure to Pay Minimum Wage"), Navarro

14  claims that Pep Boys failed to pay him and others minimum wage for all hours worked in

15  violation of California Labor Code sections 1194 and 1197. *Navarro* Complaint, ¶¶ 79-81.

16  Navarro seeks to recover "as a damages minimum wages ... fees, and penalty wages ... plus

17  costs, interest, disbursements, and attorneys' fees." *Navarro* Complaint, ¶83.

18      Likewise, in his Sixth Claim for Relief (for alleged "Failure to Pay Overtime), Navarro

19  contends that "Pep Boys failed to overtime wages" to plaintiff and others. *Navarro* Complaint,

20  ¶¶ 95-97. For this, Navarro seeks to recovery "as damages overtime wages ... fees, and penalty

21  wages ... plus costs, interest, disbursements, and attorneys' fees." *Navarro* Complaint, ¶ 100.

22      **Waiting Time Penalty Claims:**

23      *McEwen* Action: In his Second Cause of Action, McEwen seeks waiting time penalties

24  for Defendants' alleged failure to pay all wages "earned and unpaid" at the time of discharge of

25  within seventy-two (72) hours thereafter. *McEwen* Complaint, ¶¶ 34-42. Although the

26  allegations within the *McEwen* Complaint specifically reference waiting time penalties based

27  upon unpaid vacation (*see*, ¶ 38), plaintiff's counsel in *McEwen* explained during the parties'

28  early meet and confer that this cause of action also encompassed and applied to waiting time

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                    13               MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1  penalties based upon alleged unpaid overtime and meal/rest period payments.  Cole Decl. ¶3.

2  *Navarro* Action:  Plaintiff Navarro also seeks waiting time penalties for failure to pay

3  wages when due upon termination in his Third Claim for Relief.  *Navarro* Complaint ¶¶ 65-68.

4  **Wage Statement Claims:**

5  *Aros* Action:  In their Eighth Cause of Action (for alleged "Failure to Provide an Accurate

6  Itemized Statement of All Work Performed"), the *Aros* plaintiffs allege in pertinent part that

7  "Defendants, pursuant to their policies and procedures, failed to provide their employees with the

8  required accurate itemized statement" in violation of California Labor Code § 226.  *Aros*

9  Complaint, ¶ 61.  The *Aros* plaintiffs seek to recover the "unpaid balance of compensation due,

10  wages owed, interest, penalties, nominal, actual, compensatory, punitive, and exemplary

11  damages, attorneys fees, and costs of suit."  *Aros* Complaint, ¶ 64.

12  *McEwen* Action:  In his Fourth Cause of Action (for alleged "Violation of California

13  Labor Code § 226(a)"), McEwen also alleges a claim concerning accurate itemized wage

14  statements pursuant to California Labor Code § 226(a) .  *McEwen* Complaint, ¶¶ 52-60

15  Specifically, McEwen contends that "Pep Boys … failed to provide employees with complete and

16  accurate wage statements that include, among other things …  the corresponding number of hours

17  worked at each hourly rate."  *McEwen* Complaint, ¶ 54.

18  *Navarro* Action:  In this Ninth Claim for Relief (for alleged "Failure to Provide Itemized

19  Wage Statements"), Navarro contends that "Pep Boy failed to provide accurate itemized wage

20  statements" in violation of California Labor Code Section 226.  *Navarro* Complaint, ¶ 112-113.

21  Navarro seeks to recover "payment of actual damages" as well as the "payment of costs, interest,

22  and attorneys fees."  *Navarro* Complaint, ¶114.

23  **Reimbursement Claims:**

24  *McEwen* Action:  In his Eighth Cause of Action (for alleged "Violation of California

25  Business and Professions Code [sic] § 2802"), McEwen claims that Pep Boys required him and

26  others to maintain uniforms but then failed to indemnify them for costs incurred in the

27  maintenance of the uniforms.  *McEwen* Complaint, ¶¶ 92-100.

28  *Navarro* Action: In his Eleventh Claim for Relief (for alleged "Uniforms Violation"),

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1   Navarro similarly alleges that Pep Boys violated California Labor Code Section 2802 by

2   requiring him and others to purchase and wear uniforms and seeks to recover all sums expended

3   on uniforms. *Navarro* Complaint, ¶¶122-128.

4       **Unfair Competition Claims:**

5       *Aros* Action:  In their Eleventh Cause of Action ("California Business and Professions

6   Code § 17200), the *Aros* plaintiffs allege that "[b]y violating the foregoing statutes, Defendants'

7   acts constitute unfair and unlawful business practices under California Business and Professions

8   Code §§ 17200 *et. seq.*" *Aros* Complaint, ¶ 75.  The *Aros* plaintiffs seek to recover "damages

9   and/or restitution of all monies and profits to be disgorged from Defendants" *Aros* Complaint,

10   ¶ 77.

11       *McEwen* Action:  McEwen claims in his Ninth Cause of Action ("Violation of California

12   Business and Professions Code § 17200, *et. seq.*") that by "failing to provide meal and rest

13   periods to Plaintiff and class members … and failing to comply with other statute requirements

14   mandate for employers," Pep Boys engaged in "unlawful business acts and practices." *McEwen*

15   Complaint, ¶ 104.  McEwen seeks to recover "restitution of wages." *McEwen* Complaint, ¶ 105.

16       *Navarro* Action:  In his Thirteenth Claim for Relief ("Unfair Competition"), Navarro

17   claims, in part, that Pep Boys' "violations of California law" constitute "a continuing and ongoing

18   unfair and unlawful activity prohibited by Cal. Bus. and Prof. Code §17200, *et. seq.*" *Navarro*

19   Complaint, ¶ 138.[12]  For this, Navarro seeks "full restitution" of "any and all monies withheld,

20   acquired, or converted by Pep Boys by means of the unfair business practices complained of

21   herein." *Navarro* Complaint, ¶142.

22       **PAGA Claims:**

23       *Aros* Action:  In their Ninth Cause of Action, the *Aros* plaintiffs allege that "[b]y failing to

24   pay its employees the amounts owed under Labor Code §226.7" Pep Boys is liable for civil

25   penalties under Labor Code Section 2699 (the "PAGA"). *Aros* Complaint, ¶¶65-69.

26       *Navarro* Action:  In his First Amended Complaint, Navarro alleges that he is entitled to

27

---

28   [12] Navarro also claims that Pep Boys' alleged violations of the Fair Labor Standards Act also
constituted unfair and unlawful business activities. *Navarro* Complaint, ¶ 138.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                              15          MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1    penalties under Labor Code Section 2698, *et seq.*, and seeks to recover an "award for all civil

2    penalties under the Private Attorneys' General Act of 2004". *Navarro* Complaint, ¶¶1, 58,64, 68,

3    75, 83, 100, 114, 128 and Prayer for Relief.

4    **Navarro's Duplicative Common Law Claims:**

5    Duplicative of his statutory claims, Navarro attempts to assert a common law claim for

6    conversion (Twelfth Claim for Relief) arising out of Pep Boys' alleged violations of the Labor

7    Code.[13]  Navarro's conversion claim essentially re-pleads his claim for unpaid wages.

8    Specifically, in support of his conversion claim, Navarro alleges "Pep Boys failed to pay wages to

9    Plaintiff and others similarly situated." *Navarro* Complaint, ¶ 131.  Even if there is not an exact

10   match between the above claim in the *Navarro* Action and *Aros* Action, it is well-established that

11   the "identity of issues" contemplated by the *Alltrade* court does not require strict identity of

12   issues, but rather, only similarity of issues.  In *Peak v. Green Tree Fin. Serv. Corp*, the court

13   stressed that: "The rule is not to be mechanically applied, but rather "it is to be applied with a

14   view to the dictates of sound judicial administration," and "should not be disregarded lightly." *Id.*

15   at 2000 U.S. Dist. Lexis *4 9711 2000 WC 973685 at *2 (*quoting Pacesetter*, 678 F.2d at 94-95);

16   *see also Bryant v. Oxxford Express, Inc.*, 181 F. Supp. 2d 1045, 1048 (C.D. Cal. 2000).

17   In *Bryant v. Oxxford Express, Inc.*, the court enjoined Oxxford's prosecution in the

18   District of New Jersey of an action against Bryant for indemnification.  181 F. Supp. 2d at 1048.

19   The indemnification claim arose out of Oxxford's breach of an agreement with a third party

20   arising from Bryant's failure to uphold his contractual obligation with Oxxford.  *Id.*  An earlier

21   filed declaratory relief claim sought to relieve Bryant of all responsibility under his contract with

22   Oxxford.  While these issues clearly were not identical, nevertheless, the court enjoined the later-

23   filed action because they were similar.  The court observed: "both actions involve the same

24   issues concerning the parties' respective rights and obligations under the same license

25   agreement." *Id.*

26   _____

27   [13] Defendants have concurrently filed a Rule 12(b)(6) motion to dismiss Plaintiff's conversion claim.  The following discussion regarding the dismissal, stay or transfer of the conversion claim under the first-to-file doctrine is applicable only in the event the Court denies Defendants' Rule 12(b)(6) motion.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1    The substantial similarity requirement is more than satisfied here because Navarro's

2    claims are substantially similar to claims alleged in the *Aros* Action.

3    **C.    Applying The "First-to-File" Rule Will Promote Judicial Economy.**

4    The policy underlying the first-to-file rule compels its application here.

5    First, the prosecution of separate actions, including separate class certification

6    determinations and, if appropriate, class trials in each action, would result in a completely

7    unnecessary duplication of time and effort by both the parties and the courts.  Clearly, judicial

8    efficiency will not be promoted, and inconsistent rulings could result by allowing each action to

9    proceed separately.

10    Second, similar (if not identical) facts, documents and testimony will be involved in both

11    actions proceeding as putative class actions.  For example, the documents, discovery responses

12    and testimony which may be relevant in the *Aros* and *McEwen* Actions to class certification will

13    also be relevant and overlap with the *Navarro* Action.

14    Third, a stay or a transfer of this action will not in any way prejudice Navarro or deprive

15    him or those he seeks to represent of their day in court.  It is important to note that Navarro

16    worked for Pep Boys *in Santa Ana*, which is located in the Central District (*Navarro* Complaint,

17    ¶ 5) and currently resides *in Santa Fe Springs*, which is also located in the Central District

18    (*Navarro* Complaint, ¶ 10).  Given that Navarro has, at all times pertinent to this action, worked

19    and resided within the Central District, he certainly cannot claim that he will be prejudiced by

20    having to appear within *his own* federal judicial district (as opposed to having to travel to the Bay

21    Area) to litigate his claims.  In contrast, if this case is not stayed or transferred, Defendants will

22    be forced to incur the completely wasteful and unnecessary expenditure of time and money

23    litigating identical claims, related to identical putative classes of employees two times, in two

24    separate forums.  Thus, Defendants clearly will be prejudiced if Navarro's identical and

25    overlapping claims are allowed to proceed in the Northern District.

26    Finally, allowing this later-filed putative class action which involves identical and

27    overlapping class members and claims to proceed simultaneously as the first-filed actions would

28    be detrimental to the plaintiffs in that it would increase their attorneys' fees, thus reducing any

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY OR
TRANSFER (07-2633 SI)

1    potential recovery, and if any classes were to be certified, result in significant confusion to class

2    members as a result of multiple different sets of class notices, and other duplicative procedures.

3           It makes no sense for more than one court to examine the identical issues raised by these

4    cases. Sound judicial administration requires either a stay of the *Navarro* Action in favor of

5    allowing the first-filed *Aros* and *McEwen* Actions to proceed or a transfer of the *Navarro* Action

6    to the Central District (where, notably, Navarro worked for Pep Boys and has always resided). In

7    the alternative, the First, Second, Third, Fifth, Seventh, Ninth, Twelfth, and Thirteenth claims for

8    relief in the *Navarro* Action should be dismissed in favor of the duplicative claims in the first-

9    filed *Aros* and *McEwen* Actions.

10          A waste of both judicial and the parties' resources would result if these cases were

11   maintained in separate courts given that the cases involve the *same* parties, claims, evidence,

12   damages, and classes. *See e.g., Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F. 2d 93, 96

13   (1982) (dismissing second filed action finding that "the goal of judicial efficiency would not be

14   served by accepting jurisdiction"); *Curtis v. Dimaio*, 46 F. Supp. 2d 206, 215 (E.D. N.Y., 1999)

15   ("It is well established that federal district courts possess the power to administer their dockets in

16   a manner that conserves scarce judicial resources and promotes the efficient and comprehensive

17   disposition of cases.") (*citing Colorado River Water Conservation Dist. v. United States*, 424

18   U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)).

19   **IV.    CONCLUSION**

20          Defendants request that the Court either stay the *Navarro* Action or transfer it to the

21   Central District where the first-filed *Aros* and *McEwen* Actions are pending. A stay of

22   duplicative, overlapping causes of action is the correct result when the matters brought to issue

23   are already at issue in prior litigation, as they are here. It is universally recognized that a "litigant

24   has no right to maintain a second action duplicative of another."[14] Alternatively, Defendants

---

25   [14] *See Barapind v. Reno*, 72 F. Supp. 2nd 1132, 1145 (E.D. Cal. 1999). *See also WeWee v. United*
     *States*, 2002 U.S. Dist. LEXIS 2959 (Dist. Az. 2002) (Second class action dismissed asserting
26   same underlying basic claims regarding alleged improper disclosure of tax information with
     insignificant differences in the pleadings as being duplicative under the first-to-file rule) and
27   *Walker v. Progressive Casualty Insurance Company*, 2003 U.S. Dist. LEXIS 7871(under the first-
     to-file rule, Court dismissed an attempt by the plaintiffs to file a class action duplicative of one
28   brought earlier by different named plaintiffs asserting the same failure to pay overtime claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                                     18              MEMORANDUM OF POINTS AND
                                                                 AUTHORITIES ISO MOTION TO STAY OR
                                                                 TRANSFER (07-2633 SI)

1  requests that the Court dismiss the First, Second, Third, Fourth, Fifth, Seventh, Ninth, Twelfth,

2  and Thirteenth Claims for Relief in this matter in favor of the identical claims at issue in the *Aros*

3  and *McEwen* actions.

4  Dated: July 13, 2007                              MORGAN, LEWIS & BOCKIUS LLP

5

6                                                    By _____

7                                                    Eric Meckley
                                                     Attorneys for Defendants
8                                                    The Pep Boys Manny Moe & Jack of
                                                     California; The Pep Boys – Manny, Moe
9                                                    & Jack

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The plaintiffs' earlier attempt to file a duplicative case had also been dismissed for the same
reasons.).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-SF/7571846.1                              19                  MEMORANDUM OF POINTS AND
                                                                AUTHORITIES ISO MOTION TO STAY OR
                                                                TRANSFER (07-2633 SI)